# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| -vs- | ) | No.  CR-18-227-SLP |
| | ) | |
| **JOSEPH MALDONADO-PASSAGE,** | ) | (For consideration by |
|   a/k/a Joseph Allen Maldonado, | ) | Magistrate Judge Bernard M. Jones) |
|   a/k/a Joseph Allen Schreibvogel, | ) | |
|   a/k/a "Joe Exotic," | ) | |
| | ) | |
| **Defendant.** | ) | |

### UNITED STATES' RESPONSE TO DEFENDANT'S
### MOTION TO REOPEN DETENTION HEARING

Mr. Maldonado-Passage moves to reopen his detention hearing, which was held on October 4, 2018, pursuant to 18 U.S.C. § 3142(f), asserting that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure . . . the safety of any other person and the community." He asserts that this new information is "an evaluation . . . [that] reflects he poses neither a risk of harm to himself or others." (Doc. 29, Motion at p. 3; *see* Doc. 30, Exhibit 1, filed under seal). The United States opposes reopening the detention hearing for the following reasons:

## DISCUSSION

**I.    The proffered "new information" was available to Mr. Maldonado-Passage and his defense counsel at the time of the detention hearing.**

The evaluation upon which Mr. Maldonado-Passage relies was conducted on November 12, 2018. (Doc. 30, at paragraph 3). Although this particular evaluation was made after the October 4 detention hearing, it would certainly have been possible for the defense to have obtained such an evaluation <u>before</u> the detention hearing. Mr. Maldonado-Passage was arraigned on September 27, 2018, and his detention hearing was scheduled that day for October 4, 2018. On September 28, 2018, the United States sent defense counsel six emails containing various attachments with the explanation that the attachments would be used as evidence at the detention hearing. (*See* Exhibit 1, hereto). The attachments consisted of, among other things, (1) numerous social media postings containing threats of violence that that Mr. Maldonado-Passage has made against Jane Doe, (2) social media postings evidencing Mr. Maldonado-Passage's ownership of multiple guns, (3) a transcription by the Bureau of Prisons of one of the phone calls Mr. Maldonado-Passage made from jail expressing his suicidal thoughts, and (4) an email from the psychologist at the United States Penitentiary in Atlanta who evaluated Mr. Maldonado-Passage after this phone call was intercepted. Defense counsel was well aware that the government would be arguing at the detention hearing that Mr. Maldonado-Passage posed a risk of danger to Jane Doe and to himself. Defense counsel could have obtained an evaluation of Mr. Maldonado-Passage at that time in order to rebut the government's evidence. They chose not to do so. It is reasonable to surmise that perhaps the outcome

of the evaluation prior to the detention hearing would have been different than the outcome of the evaluation proffered here, conducted five weeks later, with Mr. Maldonado-Passage very aware of the grounds for his detention and the fact that the evaluation would be used for this specific purpose – to urge his pre-trial release. Because an evaluation of Mr. Maldonado-Passage's risk of harm to himself or others could have been conducted prior to his detention hearing, the proffered evaluation is not information "that was not known to the movant at the time of the hearing," and the Court should not reopen the detention hearing to consider it.

**II.     The proffered evaluation is flawed on its face and is not sufficient to rebut the clear and convincing evidence of dangerousness presented to the Court at the detention hearing.**

As an initial matter, the proffered evaluation couches the assessment of Mr. Maldonado-Passage in terms of whether he meets specific statutory criteria for being "a person requiring treatment." (*See* Doc. 30, at paragraph 5). However, the government has not alleged that Mr. Maldonado-Passage's dangerousness to himself or others stems from a mental illness or a drug or alcohol dependency. Accordingly, the evaluation is irrelevant at best.

Secondly, the evaluation details the amount of time its author spent with Mr. Maldonado-Passage as well as the methods used to evaluate him. (Doc. 30, at paragraph 3). It is evident from the evaluation itself that the author did <u>not</u> review any of the following in making his assessment of Mr. Maldonado-Passage:

- the Indictment or Superseding Indictment charging Mr. Maldonado-Passage, or any information relating to the potential penalties he faces if convicted;

- any of the government's evidence supporting the allegations that Mr. Maldonado-Passage attempted to arrange with two different individuals the murder-for hire of Jane Doe ("C.B." in the Superseding Indictment);

- the threats of violence that Mr. Maldonado-Passage made against Jane Doe via social media, which the Court viewed at the detention hearing;

- the recorded telephone calls Mr. Maldonado made from jail on September 23-24, 2018, in which he voiced his suicidal thoughts and plans, which the Court heard at the detention hearing;

- the recorded telephone calls that Mr. Maldonado-Passage made from jail before his detention hearing, in which he voiced his suicidal thoughts and plans, which the government did not play at the detention hearing;

- the recorded telephone calls Mr. Maldonado-Passage made from jail <u>after</u> the detention hearing in which he has voiced his suicidal thoughts and plans, which would directly contradict statements made by Mr. Maldonado-Passage to the evaluator, as reflected in Document 30 at paragraph 5; or

- the pre-trial services report.

If the author of Mr. Maldonado-Passage's evaluation did not review these materials, he could not have adequately assessed Mr. Maldonado-Passage's potential dangerousness toward Jane Doe. Furthermore, he did not have adequate information to assess the probability of Mr. Maldonado-Passage's conviction at trial and his resulting potential punishment of twenty or more years in prison, matters that certainly have a bearing on Mr.

Maldonado-Passage's attitudes toward Jane Doe as well as his thoughts of suicide. Indeed, it was the prospect of remaining in jail that prompted the suicidal statements that were presented to the Court at the detention hearing. Rather, the evaluation submitted by Mr. Maldonado-Passage is simply a snapshot of his self-reported mood during a two-and-a-half-hour period on November 12, 2018, when he was very aware that the results of the evaluation would be used for this specific purpose – to urge his release pending trial.

The Court found that the evidence before it at the detention hearing was clear and convincing regarding Mr. Maldonado-Passage's dangerousness to others and to himself. The proffered evaluation is not sufficient to rebut that evidence. It is significant that the Court found that the weight of the evidence is strong with regard to the two counts of murder-for-hire alleged against Mr. Maldonado-Passage. (*See* Doc. 18, Order of Detention Pending Trial, at p. 2). Indeed, at the detention hearing, the Court heard testimony from U.S. Fish and Wildlife Special Agent Matt Bryant that the government's evidence in support of these allegations includes recordings of Mr. Maldonado-Passage's conversations discussing the details of arranging Jane Doe's murder by two different individuals, including a conversation with an undercover FBI agent posing as a hitman. The Court viewed this evidence in conjunction with the evidence of Mr. Maldonado-Passage's extensive history of online threats of violence toward Jane Doe. At trial, it will be the government's burden to prove that Mr. Maldonado-Passage had the intent that the murder of Jane Doe be committed. *See* 18 U.S.C. § 1958(a). The online threats are probative of that intent and therefore also go to the weight of the evidence against Mr. Maldonado-Passage. Indeed, the government offered evidence of Mr. Maldonado-

Passage's online threats toward Jane Doe not to further an abstract argument about his <u>general</u> dangerousness, but to demonstrate his actual dangerousness <u>toward Jane Doe</u>. Accordingly, defense counsel's arguments regarding whether Mr. Maldonado-Passage's threats are protected speech or whether they meet the standards for crimes with which he is not charged are irrelevant to the matters before the Court.  The Court accurately assessed Mr. Maldonado-Passage's speech in its ruling at the detention hearing, stating,

> And in particular I find that competent evidence has been presented in this case that defendant has been charged with a very serious crime of attempting to solicit a murder.  And the evidence presented here today … appears to at least corroborate those charges for our purposes here today and just reinforce the notion that they are, indeed, serious. . . .
>
> . . . The court is most concerned with Defendant's mental health, which his own words and deeds, I believe, have called into question here today.  As I think about the nature and seriousness of the dangers to others or the community, concerns I articulated before, I think the evidence presented is both clear and convincing.  And the evidence I'm looking at, again, I have to look at the very best evidence. And I think, while I appreciate defense counsel's arguments on this matter, this Court disagrees with the characterization of Defendant's very violent and offensive social media postings as being just skits. These are his words, and as set forth in the Indictment, it appears that these words were on the verge of becoming actions, and that certainly is of concern to this court.

Detention Hearing Audio Playback at 1:19:30 p.m.; 1:20:57 p.m.

## **CONCLUSION**

The evaluation proffered by defense counsel as "new information" was available to the defense at the time of the detention hearing.  Moreover, the evaluation is, on its face, irrelevant and insufficient to rebut the clear and convincing evidence presented to the Court at the detention hearing, that Mr. Maldonado-Passage should be detained pending trial based upon his dangerousness to others – specifically Jane Doe – and to himself.

Accordingly, the government believes that the Court should deny Mr. Maldonado-Passage's Motion to Reopen Detention Hearing.

However, if the Court is inclined to further consider the proffered evaluation, the United States requests that the Court not simply vacate the detention order in favor of releasing Mr. Maldonado-Passage, as requested by defense counsel, but rather conduct a further hearing, at which the United States would offer new evidence of Mr. Maldonado-Passage's dangerousness to himself and others as well as his risk of flight.

    Respectfully submitted,

    ROBERT J. TROESTER
    First Assistant United States Attorney

    s/*Amanda Green*
    AMANDA GREEN
    Assistant U.S. Attorney
    OBA No. 19876
    210 W. Park Avenue, Suite 400
    Oklahoma City, Oklahoma  73102
    (405) 553-8700 (Office)
    (405) 553-8888 (Fax)
    Amanda.green@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 27th day of November, 2018, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Assistant Federal Public Defenders:
William P. Earley
Kyle E Wackenheim

                                *s/Amanda Green*
                                AMANDA GREEN