# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. CR-18-227-SLP |
| | ) |
| JOSEPH MALDONADO-PASSAGE, | ) |
|   a/k/a Joseph Allen Maldonado, | ) |
|   a/k/a Joseph Allen Schreibvogel, | ) |
|   a/k/a "Joe Exotic," | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Motion to Reopen Detention Hearing [Doc. No. 29]. Defendant requests that the hearing on the Government's motion for detention be reopened pursuant to 18 U.S.C. § 3142(f). The Government has filed a response opposing Defendant's motion [Doc. No. 33]. For the reasons set forth below, Defendant's motion is denied.

On September 5, 2018, Defendant was indicted on two counts of Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire [Doc. No. 1].[1] Defendant entered a plea of not guilty to each count on September 27, 2018.

On October 4, 2018, the Court held an extensive hearing at which it found that Defendant had been charged with very serious crimes and that the evidence presented at the hearing appeared to corroborate those charges. The Court also found that Defendant was without stable residence or employment and that his ties to his family were strained. Further, the Court found that Defendant made violent and offensive threats toward others on social media, and based on the

---

[1] Subsequent to the detention hearing, a superseding indictment was filed adding additional counts of violating the Endangered Species Act and violating the Lacey Act: False Labeling of Wildlife [Doc. No. 24].

1

indictment, those words were on the verge of becoming acted upon.  The Court also found that Defendant was a threat to himself based on his mental health and threats of suicide.  Ultimately, the Court determined that the Government proved by clear and convincing evidence that no condition or combination of conditions of release would reasonable assure the safety of any other person and the community.  *See* Order of Detention Pending Trial [Doc. No. 18], at 2.

Defendant now requests that the hearing be reopened because he has received additional information that was not known at the time of the detention hearing—an evaluation of Defendant that asserts he poses neither a risk of harm to himself nor to others.  Def.'s Mot. 3.  A detention hearing may be reopened if the Court "finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f).  Thus, assuming arguendo that the report proffered by Defendant amounts to new information, the Court has discretion to reopen the hearing.  The Court declines to do so.

In making a determination as to whether conditions of release are appropriate, the Court considers the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  *Id.* at § 3142(g).  As addressed above, the Court made findings on each of these factors.  The information presented by Defendant addresses only the last factor—the nature and seriousness of the danger to any person or the community.  With regard to this factor, the Court stressed that Defendant was a danger to both himself and members of the community.  The Court addressed concerns about Defendant's mental health and threats to himself when it assessed this factor, but also addressed

violent threats Defendant made to others on social media.[2]  Even if the Court set aside its determinations with regard to Defendant's mental health, it would not materially change the Court's decision that Defendant should be detained pending trial.  In other words, the Government would still meet its burden of proof.  As such, the Court finds it is unnecessary to reopen the hearing.

    IT IS THEREFORE ORDERED that Defendant's Motion to Reopen Detention Hearing [Doc. No. 29] is DENIED.

    IT IS SO ORDERED this 29th day of November, 2018.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendant argues that his social media postings were not threats, but instead "vitriolic rants" within his protected speech rights. Def.'s Mot. 4-5. At the detention hearing, Defendant argued the social media posts were "just skits," but the Court found otherwise. More fundamentally to the resolution of this motion, this argument does not pertain to the allegedly new evidence presented to the Court.