IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,          )
                               )
v.                             )          Case No.   CR-18-227-SLP
                               )
JOSEPH MALDONADO-PASSAGE,      )
                               )
            Defendant.          )

## MOTION TO DISMISS COUNT 2 OF THE INDICTMENT
## AND BRIEF IN SUPPORT

Defendant, Joseph Maldonado-Passage, submits this motion and brief containing arguments and authority in support of the dismissal of Count 2 of the Superseding Indictment filed November 7, 2018.  This motion is filed pursuant to Rule 12(b)(3), Fed.R.Crim.P..

## FACTS

1)      Count 2 of the Superseding Indictment purports to charge a violation of 18 U.S.C. §1958(a), murder for hire.  Count 2 alleges in pertinent part:

> 28.      Beginning in approximately July 2016, and continuing through March 2018,  Maldonado-Passage repeatedly asked Individual 2 whether Individual 2 could find someone to murder C.B. in exchange for a sum of money.

> 29.      On or about December 5, 2017, Individual 2 called from his cell phone and spoke with MALDONADO-PASSAGE on his cell phone. Individual 2 offered to introduce MALDONADO-PASSAGE to a person who would be willing to murder C.B. in exchange for a sum of money. MALDONADO-PASSAGE agreed to the meeting.

> 30.      On or about December 8, 2017, Individual 2 introduced MALDONADO-PASSAGE to an undercover FBI agent, and together the three individuals discussed the details of MALDONADO-PASSAGE's proposed plot to murder C.B.

> 31.      On various dates from December 2017 to March 2018, MALDONADO-PASSAGE used his cell phone to speak with Individual 2 on his cell phone about using the undercover FBI agent to murder C.B.

32.   No  physical  harm  came  to  C.B.  as  a  result  of
MALDONADO-PASSAGE's proposed plot for her murder.

33.   Beginning at least by December 5, 2017, and continuing through
about March 2018, in the Western District of Oklahoma,

> JOSEPH MALDONADU-PASSAGE,
> a/k/a Joseph Allen Maldonado,
> a/k/a Joseph Allen Schreibvogel,
> a/k/a "Joe Exotic,"

used and caused another person to use any facility of interstate commerce, with
intent that the murder of C.B. be committed in violation of the laws of the state
of Oklahoma and the state of Florida as consideration for the receipt of, and
as consideration for a promise and agreement to pay, anything of pecuniary
value.

2)    The December 8, 2017, meeting at the park in Wynnewood, Oklahoma, was

recorded.  Mr. Maldonado-Passage did not provide money or anything of pecuniary value to

the undercover agent in exchange for an agreement to murder C.B..  No agreement to kill

C.B. was reached with the undercover agent;

3)    The intermediary between Mr. Maldonado-Passage, Individual 2, was working

with law enforcement from at least September 14, 2017 forward.  Other than the December

8, 2017, meeting at the park in Wynnewood, Oklahoma, Mr. Maldonado-Passage had no

interaction whatsoever with the undercover FBI agent posing as a purported hit man.

## LAW AND ARGUMENT

This Court has the authority to dismiss a charge if it fails to state an offense.  The

Court "is generally bound by the factual allegations contained within the four corners of the

indictment." *United States v. Welch*, 327 F.3d 1081, 1090 (10th Cir. 2003).  However, the

Court can resort to facts outside the indictment as long as the facts are undisputed.  *United

States v. Pope*, 613 F.3d 1255, 1260-1261 (10th Cir. 2010).  Mr. Maldonado-Passage submits

the facts presented in paragraphs 2 and 3, supra, are indisputable.

Count 2 of the Superseding Indictment fails to charge a violation of federal law. Count 2 charges a violation of Section 1958(a) of Title 18, United States Code, which provides in pertinent part:

> (a) Whoever travels in or causes another . . . to travel in interstate . . . commerce, or uses or causes another . . . to use . . . any facility of interstate . . . commerce, with intent that a murder be committed in violation of the laws of any State . . . as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, . . . .

is guilty of an offense against the laws of the United States.

The essential elements of the offense require the government to prove beyond a reasonable doubt the defendant:

(1)     used or caused another to use any facility of interstate or foreign commerce;

(2)     with the intent that a murder be committed;

(3)     as consideration for a promise or agreement to pay anything of pecuniary value.

*United States v. Robertson*, 473 F.3d 1289, 11292 (10th Cir. 2007). The first element can also be satisfied by the defendant "travel[ing] or caus[ing] another to travel in interstate commerce." *United States v. Ritter*, 989 F.2d 318, 321 (9th Cir. 1993) (cited in *Robertson*).

Count 2 of the Superseding Indictment is facially deficient on two grounds. First, a plain reading of the statute and the essential elements of the offense show that the "another" referenced in the interstate facilities element is the same person to whom the pecuniary value referenced in the consideration element is directed. Thus, the use of interstate facilities to further the agreed to venture must be between the defendant and the individual with whom the defendant entered into an agreement to commit the murder. Here, it is not alleged and the indisputable evidence shows there was no use of interstate facilities, travel, telephone,

3

or otherwise, between Mr. Maldonado-Passage and the undercover agent either before, during, or after the December 8, 2017, meeting at the park in Wynnewood, Oklahoma.

The charge made in Count 2 of the Superseding Indictment relies exclusively on telephone contacts between Mr. Maldonado-Passage and Individual 2 to address the requirement that Mr. Maldonado-Passage used and/or caused another person to use a facility of interstate commerce. The use of interstate facilities between Mr. Maldonado-Passage and Individual 2 before or after the December 8, 2017, meeting with the undercover officer at the park is not a substitute for the requirement the use of interstate facilities be between the defendant and the individual with whom the defendant entered into an agreement to commit the murder.

Second, there was no agreement entered into between Mr. Maldonado-Passage and the undercover agent. No such agreement is alleged in Count 2 of the Superseding Indictment. In *United States v. Wicklund*, 114 F.3d 151 (10th Cir. 2008), the Tenth Circuit examined the meaning of "in consideration for" in 18 U.S.C. §1958(a). The Court held

> . . . that "in consideration for," as used in both prongs of § 1958(a) means consideration in the traditional sense of bargained for exchange. The two uses of "as consideration for" in the statute cover the two murder-for-hire situations: payment now or a promise or agreement to pay in the future. They describe separate situations and impose criminal liability regardless of whether the payment has occurred or is to occur later.
>
> .   .   .   .   .   .   .   .   .   .   .   .   .
>
> This language is consistent with our reading of § 1958 as criminalizing payment made either before or after the murder, because both circumstances describe a mutual understanding that something of value will be exchanged for committing a murder.

*Id*. at 154. In short, there has to be payment now or an agreement to pay later.

There was no "mutual understanding" or agreement reached on December 8, 2017, between Mr. Maldonado-Passage and the undercover agent. No doubt this fact is the reason

the government did not allege an agreement in Count 2 of the Superseding Indictment. Regardless, the failure to allege Mr. Maldonado-Passage entered into an agreement with the undercover agent renders Count 2 facially deficient.

## CONCLUSION

The fatal flaw in Count 2 the Superseding Indictment is apparent from the face of the charge, indisputable facts, and does not require further factual development. Count 2 of the Superseding Indictment fails to charge a violation of the laws of the United States. Based on the foregoing, Mr. Maldonado-Passage requests the Court dismiss Count 2 of the Superseding Indictment filed November 7, 2018.

Respectfully submitted,

*s/ William P. Earley*
WILLIAM P. EARLEY
Bar Number 11293
KYLE E. WACKENHEIM
Bar Number 30760
ASSISTANT FEDERAL PUBLIC DEFENDERS
SUITE 109, 215 DEAN A. McGEE AVENUE
OKLAHOMA CITY, OKLAHOMA  73102
(405)609-5930   FAX (405) 609-5932
E-mail william.earley@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of December, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic filing to the following ECF registrants: Amanda Green and Charles Brown, Assistant United States Attorneys.

*s/ William P. Earley*
WILLIAM P. EARLEY

5