IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-18-227-SLP |
| | ) |
| JOSEPH MALDONADO-PASSAGE, | ) |
| | ) |
| Defendant. | ) |

**MOTION TO DISMISS COUNTS 3-11**
**(Endangered Species Act Counts)**

Defendant Joseph Maldonado-Passage moves to dismiss Counts 3-11 on the basis that 16 U.S.C. §§ 1538(a)(1)(B) and (g) violate the nondelegation doctrine. He also moves to dismiss Counts 3-7 based on principles of the ex post facto clause. Mr. Maldonado-Passage submits the Secretary of Interior has been impermissibly delegated legislative power to define what species are "endangered" or "threatened." This delegation results in the Secretary's power to create new criminal penalties for actions involving species determined to be "endangered" or "threatened." Furthermore, the regulation criminalizing the alleged conduct was promulgated after Mr. Maldonado-Passage owned the animals described in Counts 3-7.

**FACTS**

Mr. Maldonado-Passage is charged in a Superseding Indictment with, among other things, violations of the Endangered Species Act. 16 U.S.C. § 1531 *et seq*. In Counts 3-11, the Grand Jury charged various criminal acts relating to the taking and sale of *Panthera*

*tigris*, commonly known as tigers. Specifically, Counts 3-7 allege the taking of five tigers in October of 2017 in violation of 16 U.S.C. § 1538(a)(1)(B). Count 8 alleges Mr. Maldonado-Passage offered to sell a tiger in interstate commerce on October 30, 2017. Counts 9-11 allege Mr. Maldonado-Passage sold three tigers in interstate commerce on various dates ranging from November 2016 through March 2018.

## LAW AND ARGUMENT

As described in the Superseding Indictment, the ESA provides a legal framework outlining permissible uses and possible punishments relating to animals considered endangered or threatened. Congress passed the ESA "to provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved, to provide a program for the conservation of such endangered species and threatened species, and to take such steps as may be appropriate to achieve the purposes of the treaties and conventions set forth in [the act]." 16 U.S.C. § 1531(c). To this end, Congress made it unlawful for any person to import, export, take, possess, offer for sale, sell, deliver, receive, carry, transport, or ship, by any means any endangered species of fish or wildlife." 16 U.S.C. § 1538(a)(1). It further defined an endangered species as "any species which is in danger of extinction. . . ." 16 U.S.C. § 1532(6). A threatened species is "any species which is likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range." 16 U.S.C. § 1532(21).

Congress tasked the Secretary of the Interior to determine whether a species is endangered or threatened pursuant to the factors set forth in 16 U.S.C. § 1533(a)(1)(A)-(E). The Secretary must make such determination based on the "best scientific and commercial data available" after a review described in 16 U.S.C. § 1533(b)(1).  The Secretary, in turn, determines what species are "endangered" or "threatened" under the Act pursuant the notice and comment provisions required of federal regulations.  See 50 C.F.R. § 17.11 (listing endangered and threatened wildlife).

The nondelgation doctrine derives from Section 1 of Article I of the United States Constitution: "All legislative Power herein granted shall be vested in a Congress of the United States."  U.S. CONST. art. I, § 1. The United States Supreme Court has explained that "[t]his text permits no delegation of those powers." *Whitman v. American Trucking Ass'ns*, 531 U.S. 457, 472 (2001).    Mr. Maldonado-Passage submits Sections 1533(a) and (b) of the ESA fail to set forth discernable objective criteria by which the Secretary is to exercise his delegated authority to determine which species are entitled to protection under the ESA. Congress failed to define with particularity what renders a species endangered. Congress did not provide a sufficient definition to determine at what point does a species' population render it in danger of becoming extinct.  That is left to the Secretary.  This is an improper delegation of Congressional authority.

In addition, the Secretary's determinations have the consequence of criminalizing conduct that was lawful prior to its rule making determinations.  The Secretary has the

authority to essentially create new crimes with wide reaching effect. This is an improper delegation of Congressional authority. *Cf. Carter v. Welles-Bowen Realty, Inc.*, 736 F.3d 722, 733 (6th Cir. 2013) (J. Sutton, concurring) ("[I]f Congress wants to assign the executive branch discretion to define criminal conduct, it must speak "distinctly."). *See also Gundy v. United States*, No,. 17-6086 (argued Oct. 2, 2018) (petitioner challenges delegation of authority to attorney general to issue regulations under 42 U.S.C. § 16913).

Mr. Maldonado-Passage also moves to dismiss Counts 3-7 based on principles of the ex post facto clause. *See* U.S. CONST. art. 1, § 10, cl. 1. Among other things, the ex post facto clause prohibits laws "that make[] an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action." *Carmell v. Texas*, 529 U.S. 513, 522 (2000) (quoting *Calder v. Bull*, 3 Dall. 386, 390, 1 L.Ed. 648 (1798) (Chase, J.)).

Relevant to this case, all *Panthera tigris* were labeled as an "endangered species" under the ESA effective May 6, 2016. *See* 81 Fed. Reg. 19,9923 (Apr. 6, 2016) (codified at 50 C.F.R. 17.21) (removing inter-subspecific cross or generic tigers from list of species that are exempt from Captive-bred Wildlife regulations). Upon information and belief, Mr. Maldonado-Passage possessed the tigers outlined in Counts 3-7 prior to May 6, 2016. Accordingly, he submits the ex post facto clause applies and the Court must dismiss Counts 3-11.

## CONCLUSION

For the reasons above, Mr. Maldonado-Passage requests the Court enter and order dismissing Counts 3-11 of the Superseding Indictment.

                    Respectfully submitted,

                    *s/ William P. Earley*
                    WILLIAM P. EARLEY
                    Bar Number 11293
                    KYLE E. WACKENHEIM
                    Bar Number 30760
                    ASSISTANT FEDERAL PUBLIC DEFENDERS
                    SUITE 109, 215 DEAN A. McGEE AVENUE
                    OKLAHOMA CITY, OKLAHOMA  73102
                    (405)609-5930   FAX (405) 609-5932
                    E-mail william.earley@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of December, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic filing to the following ECF registrants: Amanda Green and Charles Brown, Assistant United States Attorneys.

                    *s/ William P. Earley*
                    WILLIAM P. EARLEY