IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,    )
    )
         Plaintiff,    )
    )
v.    )    Case No.  CR-18-227-SLP
    )
JOSEPH MALDONADO-PASSAGE,    )
    )
         Defendant.    )

## MOTION TO CONTINUE JURY TRIAL

Defendant, Joseph Maldonado-Passage, through counsel, moves this Court for an order continuing the January 8, 2019, jury trial.  Mr. Maldonado-Passage is requesting the jury trial be continued to the Court's March 2019 jury trial docket.  In support of this motion, counsel for Mr. Maldonado-Passage submit the following information in furtherance of the motion and in compliance with LCrR12.1(f).

1)    Mr. Maldonado-Passage appeared for arraignment on the Superseding Indictment before United States Magistrate Judge Gary M. Purcell on November 14, 2018.  Pursuant to the Speedy Trial Act, 18 U.S.C. §3161(c)(1), the jury trial is to commence within 70 days from November 14, 2018.  Magistrate Judge Purcell scheduled the jury trial on the January 8, 2019, jury trial docket;

2)    No previous motions for a continuance of the jury trial have been filed by either party;

3)     Under the current schedule, counsel for Mr. Maldonado-Passage have 55 days to review discovery material, conduct investigation, and counsel with their client.  Counsel were appointed to represent Mr. Maldonado-Passage on September 27, 2018.  (*Doc. 10*). Counsel were apprised of the nature and circumstances of events surrounding Counts 1 and 2 of the Superseding Indictment as those counts were the subject of the original Indictment in this case.  Discovery related to those charges has continued to be disclosed to counsel up to the filing of this motion with additional discovery expected to be disclosed within the next few days;

4)     Nineteen of the twenty-one counts are new to the prosecution as a result of the Superseding Indictment returned November 7, 2018.  (*Doc. 24*).  These counts concern violations of the Lacey Act and the Endangered Species Act, 16 U.S.C. §§ 1538, 3372, 3373. These counts cover allegations of wrongdoing beginning in November of 2016 and continuing to June 2018.  The discovery material concerning these charges was first disclosed following the November 14, 2018 arraignment.  Like the discovery material pertaining to Counts 1 and 2, the discovery material pertaining to the Lacey Act and Endangered Species Act violations has been the subject of continuing disclosure up to the filing of this motion;

5)     Over 13,000 pages of discovery have been provided to counsel to date. Approximately 7,000 pages have been disclosed to counsel in the last 7 days.  More discovery is scheduled to be disclosed soon.  In addition, numerous videos and recorded jail

telephone calls have been disclosed.  In fact, the government has provided over 1,000 recorded jail telephone calls and 49 video jail communications.  While many of these calls and communications may be irrelevant, each must be reviewed.  The grand jury testimony of the case agent reflects at least one of Mr. Maldonado-Passage's jail telephone calls was deemed substantive evidence of one or more allegations in the Superseding Indictment;

6)      The allegations involving the Lacey Act and the Endangered Species Act are not violations of the law that undersigned counsel routinely deal with during the course of their practice.  These violations require research of both statutory and regulatory provisions requiring the expenditure of time that would not normally be associated with pretrial preparation for more common violations of the federal criminal code;

7)      In addition, the allegations in this case require familiarization with litigation history and deposition transcripts in multiple voluminous civil matters.  There are also voluminous financial records.  Due to Mr. Maldonado-Passage's custodial status, review of the discovery material is limited to available time to visit Mr. Maldonado-Passage in the jail. Thorough review of the evidence requires additional time to permit Mr. Maldonado-Passage's personal review of the discovery;

8)      As counsel continue to work their way through the thousands of pages of documents, it has become apparent that out of state witnesses may need to be interviewed. Unfortunately, the budget of the Office of the Federal Public Defender has been affected by the inability of Congress and the President to pass a budget.  The Federal Public Defender's

Office has received a portion of its yearly budget allotment to date.  However, because the Office is operating under a continuing resolution, only a certain percentage of the funds in the budget can be obligated.  At this time, the Office is under acute spending restrictions. If a spending measure is not passed by Congress it is anticipated funds for the entire Judiciary, including the Federal Public Defender's Office, will be depleted by January 11, 2019.  This will prolong the inability of the Office of the Federal Public Defender to obligate funds for purposes of travel and trial preparation expenses;

9)    Mr. Maldonado-Passage has been consulted about the request for a continuance and does not oppose the request.  He has indicated his consent to the requested continuance by providing a Waiver of Right to Speedy Trial.  The Waiver will be filed of record;

10)    Based on the volume of discovery already disclosed, the amount of discovery forthcoming and the time defense counsel will need to review and prepare, a continuance of two months is the *minimum* warranted.  The ends of justice, the assurance of due process, and the right to effective assistance of counsel are served by continuing this matter to the March 2019 jury trial docket;

11)    The request for a continuance to the March 2019 jury trial docket and the effect of a continuance on the Speedy Trial Act is mitigated by the fact pretrial motions have been filed and are at issue.  The period of time between the filing of these motions, December 5, 2018, and the Court's disposition of the motions is excludable from the Speedy Trial Act computation.  *See* 18 U.S.C. §3161(h)(1)(D);

12) Ms. Amanda Green, Assistant United States Attorney, advised the government's position with respect to this motion is that "the government will not join the motion but will not object."

## AUTHORITIES

The Speedy Trial Act time limits may, for good cause, be expanded at the discretion of the Court.  Among the circumstances justifying a delay in bringing a case to trial is when the granting of a continuance best serves the ends of justice.  Specifically, the following delay is deemed excludable when computing the 70 days in which a trial must commence.

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. §3161(h)(7)(A).

Among the factors the Court is to consider in determining whether to grant a continuance are:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> .        .        .        .        .        .        .        .        .        .        .        .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable

time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §3161 (h)(7)(B)(i) and (iv).

The Tenth Circuit examined the Sixth Amendment right to a speedy trial and the Speedy Trial Act in *United States v. Toombs*, 574 F.3d 1262 (2009).

> The Sixth Amendment guarantees all criminal defendants the right to a speedy trial . . ..″ *United States v. Yehling*, 456 F.3d 1236, 1243 (10th Cir. 2006).  In determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, a court must balance four factors: (1) the length of delay; (2) the reason for delay; (3) the defendant's assertion of his right; and (4) any prejudice to the defendant. *Barker*, 407 U.S. at 530.  No one of the factors is necessary or sufficient to conclude a violation has occurred. *Id.* Instead, the factors are related and must be considered together along with other relevant circumstances. *United States v. Gomez*, 67 F.3d 1515, 1521 (10th Cir. 1995).
>
> "The first factor, length of delay, functions as a triggering mechanism" and "the remaining factors are examined only if the delay is long enough to be presumptively prejudicial." *Yehling*, 456 F.3d at 1243 (quotation omitted)."

*Id*. at 1274. *Toombs* cited the factors in 18 U.S.C. §3161(h)(7)(B)(i)-(iv) as those the Court must address in its determination whether a continuance is warranted. *Id*. at 1268-1269.

The Speedy Trial Act states that for the time to be excludable the Court must set forth, either orally or in writing, its reasons for finding that ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial. *United States v. Perez-Reveles*, 715 F.2d 1348, 1350-51 (9th Cir. 1983); *see also United States v. Guerrero*, 667 F.2d 862, 867 (10th Cir. 1981), *cert. denied*, 456 U.S. 964 (1982).  "In setting forth its findings, however, the district court need not articulate facts which are obvious and

6

set forth in the motion for the continuance itself." *Toombs, 574 F.3d at 1259, quoting United States v. Occhipinti*, 998 F.2d 791, 797 (10th Cir. 1993).

Applying the factors outlined above to the facts asserted in this motion, counsel for Mr. Maldonado-Passage submit the following conclusions can be drawn.  First, the failure to grant the continuance would result in a miscarriage of justice in that, even with counsel's due diligence, the defendant would be forced to proceed to trial unprepared.  Second, denying Mr. Maldonado-Passage's counsel adequate time to prepare for trial would deny him several important constitutional rights including the right to due process, the right to a fair trial, and the right to effective assistance of counsel.

Because of the extent and nature of the charges alleged against this defendant, the quantity of discovery material already produced and yet to be produced, it is an unreasonable expectation, even if counsel were able to give this matter sole and exclusive attention, for the defendant to be properly and effectively prepared for trial on January 8, 2019.  Based on the foregoing, Mr. Maldonado-Passage requests this Court find the delay occasioned by this continuance is excludable under the Speedy Trial Act, that the delay is necessary in the exercise of due diligence of counsel to prepare a proper and adequate defense and that it best serves the interest of justice.

Mr. Maldonado-Passage request the current trial date of January 8, 2019, be stricken

and the jury trial be scheduled for the March 2019 jury trial docket of this Court.

Respectfully submitted,

*s/ William P. Earley*
WILLIAM P. EARLEY
Bar Number 11293
KYLE E. WACKENHEIM
Bar Number 30760
ASSISTANT FEDERAL PUBLIC DEFENDERS
SUITE 109, 215 DEAN A. McGEE AVENUE
OKLAHOMA CITY, OKLAHOMA  73102
(405)609-5930   FAX (405) 609-5932
E-mail william.earley@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21st day of December, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic filing to the following ECF registrants: Amanda Green and Charles Brown, Assistant United States Attorneys.

*s/ William P. Earley*
WILLIAM P. EARLEY