IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-18-227-SLP |
| | ) |
| JOSEPH MALDONADO-PASSAGE, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court are two motions filed by Defendant. Defendant filed a Motion to Dismiss Count 2 of the [Superseding] Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v). *See* Mot., Doc. No. 40. This motion is at issue. *See* Resp., Doc. No. 47. Defendant also filed a Motion to Dismiss Counts as Multiplicitous [Doc. No. 39], seeking the dismissal of either the first or second count of the Superseding Indictment [Doc. No. 24]. It is at issue as well. *See* Resp., Doc. No. 46.

**I.  Background**

The Superseding Indictment [Doc. No. 24] charges Defendant with 21 offenses. The first two counts allege the use of interstate commerce facilities for purposes of murder-for-hire in violation of 18 U.S.C. § 1958(a).[1] Roughly summarized, the Government contends that Defendant and a Florida resident, C.B., had a years-long dispute regarding

---

[1] The Court's references to these counts as "murder-for-hire counts" herein instead of the wordier "use of interstate commerce facilities for purposes of murder-for-hire counts" is not meant to diminish the Government's requirement of proving the use of an interstate commerce facility in relation to the alleged offenses, as well as each count's other elements.

care, exhibition, and breeding of tigers and lions that, in February 2013, resulted in a civil judgment against Defendant of more than $1 million. C.B. and related business entities have attempted to collect the judgment from Defendant and his related business entities ever since.

In the first murder-for-hire count, the Government alleges that Defendant inquired of Individual 1 in November 2017 whether Individual 1 would travel to Florida to murder C.B. for a sum of money and that Defendant mailed a cell phone to another State to conceal Individual 1's involvement in their plot. The Government also alleges that Defendant gave $3,000 to Individual 1 in November 2017 in exchange for his agreement to travel to Florida and kill C.B.

In the second murder-for-hire count, the Government alleges that from July 2016 to March 2018, Defendant asked Individual 2 if he could locate somebody to kill C.B. for payment. The Government further alleges that, in December 2017, Individual 2 offered to introduce and then introduced Defendant to an undercover FBI agent (posing as a "hit man") who discussed with Defendant the murder of C.B. for payment. The Superseding Indictment continues: from December 2017 to March 2018, Defendant allegedly spoke with Individual 2 by cellular phone regarding the murder of C.B. But the Government does not allege that Defendant interacted with the undercover FBI agent directly after a single face-to-face meeting in December 2017 (which was recorded by the Government); all of Defendant's remaining interactions are alleged to have been with Individual 2. Nor did Defendant supply money or anything of pecuniary value to the undercover FBI agent.

The remaining counts—alleged violations of the Endangered Species Act and of the Lacey Act—are not at issue in Defendant's instant motions.

## II. Proposed facts outside the Superseding Indictment Defendant asks the Court to consider

That Defendant did not meet face-to-face with or otherwise communicate directly with the undercover FBI agent except for the single meeting in December 2017 is not disputed, and this fact—though not expressly alleged by the Superseding Indictment—may be considered by the Court. *See United States v. Pope*, 613 F.3d 1255, 1260 (10th Cir. 2010) ("[C]ourts may entertain even motions to dismiss that require resort to facts outside the indictment and bearing on the general issue in the limited circumstances where [1] the operative facts are undisputed and [2] the government fails to object to the district court's consideration of those undisputed facts, and [3] the district court can determine from them that, as a matter of law, the government is incapable of proving its case beyond a reasonable doubt." (numerical alterations in original) (quotation marks and emphasis omitted)). So too for the fact that Defendant did not provide money or another object of pecuniary value to the undercover FBI agent. *See id.*

Defendant also asks the Court to consider an additional proposed fact that is not included within the Superseding Indictment—that "[n]o agreement to kill C.B. was reached with the undercover agent." Mot. 2, Doc. No. 40. The Court may not consider such a proposed fact because it is disputed by the Government. *See Pope*, 613 F.3d at 1260. The Government proffers that the evidence at trial will show that "Defendant promised to pay the undercover [agent] in the future in exchange for his commission of C.B.'s murder."

3

Resp. 5, Doc. No. 47 (emphasis omitted). The Court agrees with the Government that, at a minimum, the Superseding Indictment's allegations and the summary of expected evidence provided by the Government in response to Defendant's motion are enough to move Defendant's proposed fact from the realm of undisputed and into the category of a question to be left for trial. *See Pope*, 613 F.3d at 1260-61.

### III. Discussion and analysis

#### A. Defendant's motion to dismiss Count 2 because no offense has been stated by the Superseding Indictment

Defendant argues that Count 2 of the Superseding Indictment, even if all allegations therein are proved true, does not state a criminal offense when considered with the undisputed facts described *supra*. *See* Mot., Doc. No. 40. "[A] court may always ask whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense and dismiss the indictment if its allegations fail that standard." *Id.* (quotation marks and citation omitted). "An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Welch*, 327 F.3d 1081, 1090 (10th Cir. 2003). The latter two concerns—notice and double jeopardy—are not at issue in Defendant's first motion.

Dismissals for failure to state a criminal offense based, in part, on facts outside the face of the governing indictment are a "rare exception" to the general rule that the Government need not "come forward with evidence to support its case in the face of a defendant who has presented his own proof." *Pope*, 613 F.3d at 1260; *see also id.* at 1260-

61 ("[Motions to dismiss] are not [to be] made on account of a lack of evidence to support the government's case . . . . because . . . the parties to a criminal proceeding have comparatively few obligations to present their evidence to their adversaries prior to trial [when compared to a civil proceeding] . . . ." (quotation marks and citation omitted)). Indeed, "[i]t is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *United States v. Akers*, 215 F.3d 1089, 1101 (10th Cir. 2000) (quotation marks and citation omitted).

>In this case, Defendant is charged in Count 2 with a violation of 18 U.S.C. § 1958(a):
>
>Whoever travels in or causes another (including the intended victim) to travel in interstate or foreign commerce, or uses or causes another (including the intended victim) to use the mail or any facility of interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, or who conspires to do so, shall be fined under this title or imprisoned for not more than ten years, or both . . . .

Said simply, "§ 1958(a) requires the government to prove that the defendant: (1) used or caused another to use any facility of interstate or foreign commerce; (2) with the intent that a murder be committed; (3) as consideration for a promise or agreement to pay anything of pecuniary value." *United States v. Robertson*, 473 F.3d 1289, 1292 (10th Cir. 2007).

Defendant first argues that Count 2 fails as a matter of law because "a plain reading of the statute and the essential elements of the offense show that the 'another' referenced in the interstate facilities element is the same person to whom the pecuniary value

5

referenced in the consideration element is directed." Mot. 3, Doc. No. 40. That is, Defendant argues that the individual involved in the "use [of] the mail or any facility of interstate or foreign commerce" must be the same individual who receives, makes an agreement for, or is given a promise of either payment or pecuniary value. 18 U.S.C. § 1958(a). And the Superseding Indictment alleges the use of an interstate commerce facility (communications by cellular phone) with Individual 2, but that payment was to be paid to the undercover FBI agent posing as a "hit man." *See* Superseding Indictment ¶¶ 28-33, Doc. No. 24.

The Court disagrees with Defendant's assessment of § 1958(a)'s requirements. Defendant cites no authority for his proposed interpretation. The statute's language does not support his approach or create an ambiguity. Nothing in § 1958(a) indicates that the "another" referenced in relation to the use of an interstate commerce facility must be the same "another" referenced regarding payment. 18 U.S.C. § 1958(a). When "the terms of the statute are clear and unambiguous"—as here—the Court's "inquiry ends and [the Court] simply give[s] effect to the plain language of the statute." *United States v. Sprenger*, 625 F.3d 1305, 1307 (10th Cir. 2010) (quotation marks and citation omitted). The Court does so in this case by rejecting Defendant's proposed interpretation of § 1958(a).

Further, Defendant's proposed interpretation of § 1958(a) necessarily fails when the statute's text is evaluated in toto. The "another" referenced in relation to the use of an interstate commerce facility can be—per the statute—the intended victim. Applying Defendant's approach to a situation where the "another" is the intended victim, a person could only be guilty of violating § 1958(a) if he or she caused an intended victim to use a

6

facility of interstate commerce with the intent of murdering himself or herself in exchange for payment to the same intended victim. Such a fact pattern is nonsensical. Unless the Court deletes "(including the intended victim)" from the statute—which the Court will not do—Defendant's interpretation cannot prevail without creating an absurdity within the statute. *See Hartford Underwriters Ins. Co. v. Union Planters Bank, NA*, 530 U.S. 1, 6 (2000) ("[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." (quotation marks and citation omitted)).

Second, relying on *United States v. Wicklund*, 114 F.3d 151 (10th Cir. 1997), Defendant argues for dismissal of Count 2 because "there was no agreement entered into between [Defendant] and the undercover agent." Mot. 4, Doc. No. 40. *Wicklund* held that "'in consideration for,' as used in both prongs of § 1958(a) means consideration in the traditional sense of bargained for exchange. The two uses of 'as consideration for' in the statute cover the two murder-for-hire situations: payment now or a promise or agreement to pay in the future." 114 F.3d at 154.

But *Wicklund* addressed a post-conviction evaluation of the evidence, not the pre-trial assessment that Defendant requests here. Defendant eventually may be correct that no agreement for future payment was made or cannot be proved beyond a reasonable doubt. But based on the allegations in the Superseding Indictment and the limited factual assertions made by Defendant outside of the Superseding Indictment that the Court may consider, the Court cannot say that is the case at this point.

The transcript of a discussion between Defendant and the undercover FBI agent excerpted in the Government's response (to which Defendant raises no objection) creates at least a dispute about whether this evidence (and any other evidence presented at trial) will show a violation of § 1958(a) as alleged in Count 2 occurred.[2] At the face-to-face meeting, Defendant apparently asked about the price of a murder and how much would need to be paid up-front; said "We'll get game with the money" and "[W]e can get 5 [thousand dollars] easy;" and affirmed that he could come up with an up-front payment of $5,000. Resp. 6, Doc. No. 47. Per the Government's transcript excerpts, Defendant also replied "Okay" to the undercover FBI agent's suggestion that he meet him again once Defendant "g[ot] those two phones, and the money together." *Id.*

Moreover, "[i]t is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Akers*, 215 F.3d at 1101 (quotation marks and citation omitted); *see also Welch*, 327 F.3d at 1090 ("An indictment is sufficient if it sets forth the elements of the offense charged . . . ."). Here, the Government has set forth the elements of a § 1958(a) violation in the Superseding Indictment—alleging Defendant's use of an interstate commerce facility, his intent that a murder be committed, and a promise to pay something of pecuniary value. *Compare* Superseding Indictment ¶¶ 1-6, 27-33, *with Robertson*, 473 F.3d at 1292 (identifying the elements of a § 1958(a) offense).

---

[2] The Court does not pre-judge the admissibility at trial of this recording or any other evidence referred to by the parties in their briefs.

Defendant's request that the Court dismiss Count 2 for failing to state an offense is DENIED.

### B. Defendant's motion to dismiss either Count 1 or Count 2 as multiplicitous

Defendant also argues that Count 1 and Count 2 of the Superseding Indictment are multiplicitous and, therefore, one of the counts should be dismissed. *See* Mot., Doc. No. 39. "Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior." *United States v. Johnson*, 130 F.3d 1420, 1424 (10th Cir. 1997). The assertion of multiple counts "poses the threat of multiple sentences for the same offense," which "raises double jeopardy implications" and "may improperly suggest to the jury that the defendant has committed more than one crime" when that is not the case. *Id.* (quotation marks and citations omitted).

"The test for multiplicity is whether the individual acts alleged in the counts at issue are prohibited, or the course of conduct which they constitute. If the former, then each act is punishable separately. If the latter, there can be but one penalty." *United States v. McCullough*, 457 F.3d 1150, 1162 (10th Cir. 2006) (quotation marks and citations omitted). This is largely determined by the unit of prosecution for the alleged crime. *See United States v. Jackson*, 736 F.3d 953, 956 (10th Cir. 2013). The unit of prosecution for a § 1958(a) offense is "one plan to murder one individual." *United States v. Wynn*, 987 F.2d 354, 359 (6th Cir. 1993); *accord United States v. Gordon*, 875 F.3d 26, 28 (1st Cir. 2017) (rejecting the argument that the unit of prosecution for a § 1958(a) offense is each use of a facility of interstate commerce).

9

Here, accepting the allegations in the Superseding Indictment as true, the Government has pleaded two plans or plots to use interstate facilities in the paid-for murder of a single individual. Applying the "plot-centric" unit of prosecution for § 1958(a) offenses, the schemes alleged by the Government involve different "hit men," use of different interstate commerce facilities, and different time periods (November 2017 only versus principally December 2017 through March 2018).[3] *Gordon*, 875 F.3d at 35. There is no indication in the Superseding Indictment that Individual 1 (from the first alleged plot) and Individual 2 or the undercover FBI agent (both from the second alleged plot) interacted at all. Each of these individual plots (as opposed to their combined course of conduct), if proved at trial, is sufficient for punishment under § 1958(a). *See McCullough*, 457 F.3d at 1162. That the two alleged plots grew out of a single investigation by law enforcement officials and had the same intended victim does not alter the alleged plots' individual natures. *Cf. United States v. Wall*, 37 F.3d 1443, 1447 (10th Cir. 1994).

Defendant's request that the Court dismiss either Count 1 or Count 2 because the two counts are multiplicitous is DENIED.

---

[3] The Government also alleges that, from July 2016 through March 2018, "[Defendant] repeatedly asked Individual 2 whether Individual 2 could find someone to murder C.B. in exchange for a sum of money." Superseding Indictment ¶ 28, Doc. No. 24. However, the Government does not allege the use of interstate commerce facilities or the mail during this time frame, so the period of time applicable to the alleged violation of § 1958(a) in Count 2 appears to be limited to December 2017 through March 2018—i.e., after the conclusion of the scheme alleged in Count 1—absent evidence indicating otherwise at trial.

## IV.  Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Counts as Multiplicitous [Doc. No. 39] and Defendant's Motion to Dismiss Count 2 of the [Superseding] Indictment [Doc. No. 40] are DENIED as indicated herein without prejudice to Defendant re-raising these issues based on evidence adduced during trial.

IT IS SO ORDERED this 8th day of January, 2019.

*[Signature]*
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE