IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  CR-18-227-SLP |
| ) | |
| JOSEPH MALDONADO-PASSAGE, ) | |
| ) | |
| Defendant. ) | |

**MOTION FOR LEAVE TO FILE APPLICATIONS FOR
SUBPOENA UNDER SEAL AND *EX PARTE*
WITH BRIEF IN SUPPORT**

Joseph Maldonado-Passage, defendant, through his counsel, William P. Earley and Kyle E. Wackenheim, submits this Motion requesting leave to file under seal and *ex parte* all applications for issuance of subpoena and process issued in accordance with the applications.  This motion and proposed order is submitted in conformity with LCrR12.1(c) and (d).

*Authority of the Court*

The authority of the Court to issue process to compel the attendance of witnesses and the production of evidence is governed by Rule 17 of the Federal Rules of Criminal Procedure.  The 1966 amendment to Rule 17 enacted subsection (b) governing the issuance of process on the application of an indigent defendant.  Subsection (b) describes the mechanism for an indigent defendant's *ex parte* application requesting process to secure the attendance of a witness.  The Eighth Circuit provided the first appellate level construction

of Rule 17(b). *United States v. Hang*, 75 F.3d 1275 (8th Cir. 1996). After reviewing the process of Rule 17 prior to the 1966 amendment, the Eighth Circuit concluded:

> Under the modern version of the Rule, an indigent defendant is entitled to submit to the court, without notice to the Government, an *ex parte* application for a witness subpoena. In order to obtain the subpoena, the defendant must only make a satisfactory showing that he "is financially unable to pay the fees of the witness and that the presence of the witness is necessary." Fed.R.Crim.P. 17(b). This places all defendants, whether impoverished or with ample financial resources, on equal footing, and it prevents the Government from securing undue discovery.

*Id.* at 1281. Mr. Maldonado-Passage is not requesting blanket authority to issue subpoenas and process. Rather, he is seeking an order permitting him to file any future applications under seal so as to protect disclosure of his trial strategy.

### *Facts and Argument*

Mr. Maldonado-Passage was determined to be indigent at his initial appearance. Mr. Maldonado-Passage is charged in twenty-one counts in the instant prosecution. Counsel for Mr. Maldonado-Passage have identified witnesses that can provide relevant testimony supporting his defense to the charges in the Superseding Indictment.

To support the request for the issuance of process, counsel will be require to divulge portions of their pretrial investigation, defense strategy, and theory of the case. The express language of Rule 17 permits *ex parte* applications by Mr. Maldonado-Passage for subpoenas to compel the attendance of witnesses. Unless the *ex parte* motion and attendant documents are filed under seal, the purpose of Rule 17 will be thwarted to the detriment of an indigent defendant.

Counsel for Mr. Maldonado-Passage request leave to file all *ex parte* application for issuance of process under seal. A proposed Order granting this relief is being submitted.

Respectfully submitted,

*s/ William P. Earley*
WILLIAM P. EARLEY
Bar Number 11293
KYLE E. WACKENHEIM
Bar Number 30760
ASSISTANT FEDERAL PUBLIC DEFENDERS
SUITE 109, 215 DEAN A. McGEE AVENUE
OKLAHOMA CITY, OKLAHOMA 73102
(405)609-5930  FAX (405) 609-5932
E-mail william.earley@fd.org; kyle_wackenheim@fd.org
COUNSEL FOR DEFENDANT
JOSEPH MALDONADO-PASSAGE

## CERTIFICATE OF SERVICE

I hereby certify that on this the 20th day of February, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic filing to the following ECF registrants: Amanda Green and Charles Brown, Assistant United States Attorneys.

*s/ William P. Earley*
WILLIAM P. EARLEY