## IN THE UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| -vs- | ) No.  CR-18-227-SLP |
| | ) |
| **JOSEPH MALDONADO-PASSAGE,** | ) |
|   a/k/a Joseph Allen Maldonado, | ) |
|   a/k/a Joseph Allen Schreibvogel, | ) |
|   a/k/a "Joe Exotic," | ) |
| | ) |
| **Defendant.** | ) |

### NOTICE OF INTENT TO INTRODUCE RULE 404(b) EVIDENCE

The United States gives notice pursuant to Federal Rule of Evidence 404(b) that it intends to introduce evidence at trial relating to other crimes or wrongful acts committed by Defendant Joseph Maldonado-Passage.  This evidence is relevant and admissible for the purpose of proving his motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident with regard to the allegations in Count 1 and Count 2 of the Superseding Indictment.

Pursuant to Rule 404(b), evidence of other crimes, wrongs, or acts may be admitted if it is relevant and offered to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).  In accordance with *Huddleston v. United States*, the Tenth Circuit has established four requirements for determining the admissibility of 404(b) evidence:

(1)   the evidence must be introduced for a proper purpose;

(2) the evidence must be relevant;
(3) the court must make a Rule 403 determination whether the probative value of the similar acts evidence is substantially outweighed by its potential for unfair prejudice; and
(4) the court shall, upon request, issue a limiting instruction.

*Huddleston v. United States*, 485 U.S. 681, 691-92 (1988); *United States v. Tan*, 254 F.3d 1204, 1207 (10th Cir. 2001). A defendant is presumed to be protected from unfair prejudice if those requirements are met. *Huddleston*, 485 U.S. at 692.

Count 1 and Count 2 of the Superseding Indictment charge Defendant with use of facilities of interstate commerce in the commission of a murder-for-hire, in violation of 18 U.S.C. § 1958. (Doc. 1). In brief, Count 1 alleges that in or about November 2017, Defendant paid Individual 1 money in exchange for Individual 1's promise to commit the murder of C.B. It is further alleged that Defendant caused Individual 1 to travel in interstate commerce and also that Defendant used the mail and facilities of interstate commerce, all with the intent that the murder of C.B. be committed. Count 2 alleges that on or about December 8, 2017, Defendant promised and agreed to pay an undercover FBI agent a sum of money to commit the murder of C.B., and that Defendant used facilities of interstate commerce with the intent that the murder of C.B. be committed.

At trial the government will call witness A.W., who will testify that in or about February 2017, Defendant offered to pay her a sum of money to commit the murder of C.B. A.W. will testify that Defendant's offer caused her to call C.B. and leave her a voice message warning her about Defendant's intent to have her murdered. C.B. will testify that this voice message caused her to contact the U.S. Attorney's Office. A law enforcement

witness will testify that the voice message and follow-up investigation regarding the voice message formed part of the investigation into Count 1 and Count 2.

At trial the government will call witness M.T., who will testify that in or about January 2014, Defendant offered to pay him a sum of money to commit the murder of C.B. The government will also call witness J.T., who will testify that between in or about January 2014 and in or about March 2014, she participated in conversations in which Defendant offered to pay M.T. a sum of money to commit the murder of C.B.

In addition, numerous witnesses are expected to testify that Defendant frequently talked about wanting to harm or murder C.B.

Evidence that Defendant was seeking to hire someone to commit the murder of C.B. prior to his payment to Individual 1 and prior to his agreement with the undercover FBI agent is both highly relevant and probative of Defendant's motive, opportunity, intent, preparation, plan, knowledge, and identity with respect to proving the conduct alleged in Count 1 and Count 2 – specifically that Defendant had the intent and plan to murder C.B. Defendant's frequent references to the harm or murder of C.B. are likewise relevant and probative of his intent. A.W.'s testimony is also relevant to explaining the background of the investigation underlying Count 1 and Count 2.

The probative value of this evidence is not substantially outweighed by its potential for unfair prejudice and should be admitted. *See United States v. Young*, 753 F.3d 757 (8th Cir. 2014) (testimony of a former tenant that murder-for-hire defendant offered to pay the tenant $10,000 in exchange for murdering the defendant's prior husband was admissible to show the defendant's intent, motive, knowledge, and plan to kill the defendant's current

husband; prior solicitation occurred only three years before the charged crime, and the circumstances surrounding the prior solicitation, including an offer of $10,000, fear of loss of the family farm, and promise of a life insurance payout, were strikingly similar to the circumstances surrounding the charged offense); *United States v. Blevins*, 397 F. App'x 72 (5th Cir. 2010) (holding that "[w]hen extrinsic evidence is offered to prove intent, the relevancy of such evidence is ascertained by comparing the state of mind in perpetrating the different offenses," and holding that evidence of defendant's prior conviction for solicitation of murder-for-hire of his ex-wife was relevant to issue of his intent and motive to solicit his ex-wife's murder); *United States v. West*, 898 F.2d 1493, 1499 (11th Cir. 1990) (holding there was no error in court admitting evidence, over defendant's 404(b) objection, of tape-recorded conversation in which defendant, who was charged with solicitation of murder, informed government witness that mutual acquaintance might be "next on the hit parade;" rather, the evidence was admissible as "highly probative of defendant's criminal intent – the central factor at issue in his trial").

Finally, the Court can issue a limiting instruction similar to Tenth Circuit Pattern Criminal Jury Instruction 1.30, which reads:

> SIMILAR ACTS
> You have heard evidence of other crimes, acts, or wrongs engaged in by the defendant. You may consider that evidence only as it bears on the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, and for no other purpose. Of course, the fact that the defendant may have previously committed an act similar to the one charged in this case does not mean that the defendant necessarily committed the act charged in this case.

This is merely a notice under Rule 404(b), not a motion to admit the evidence. If Defendant intends to object to the admission of evidence described in this notice and wants to be heard on that objection before trial, he should file a motion *in limine* with argument specifying his grounds.

Respectfully submitted,

ROBERT J. TROESTER
First Assistant United States Attorney

s/*Amanda Green*
AMANDA GREEN
Assistant U.S. Attorney
OBA No. 19876
210 W. Park Avenue, Suite 400
Oklahoma City, Oklahoma  73102
(405) 553-8700 (Office)
(405) 553-8888 (Fax)
Amanda.green@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of March, 2019, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Assistant Federal Public Defenders:
William P. Earley
Kyle E. Wackenheim

*s/Amanda Green*
AMANDA GREEN