## IN THE UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| -vs- | ) | **No. CR-18-227-SLP** |
| | ) | |
| **JOSEPH MALDONADO-PASSAGE,** | ) | |
| **a/k/a Joseph Allen Maldonado,** | ) | |
| **a/k/a Joseph Allen Schreibvogel,** | ) | |
| **a/k/a "Joe Exotic,"** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF INTENT TO INTRODUCE RULE 404(b) EVIDENCE

The United States gives notice pursuant to Federal Rule of Evidence 404(b) that it intends to introduce evidence at trial relating to other crimes or wrongful acts committed by Defendant Joseph Maldonado-Passage. The evidence is relevant and admissible for the purpose of proving his motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident with regard to the allegations in Count 1 and Count 2 of the Superseding Indictment.

Pursuant to Rule 404(b), evidence of other crimes, wrongs, or acts may be admitted if it is relevant and offered to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). In accordance with *Huddleston v. United States*, the Tenth Circuit has established four requirements for determining the admissibility of 404(b) evidence:

(1)     the evidence must be introduced for a proper purpose;

(2)     the evidence must be relevant;

(3)     the court must make a Rule 403 determination whether the probative value of the similar acts evidence is substantially outweighed by its potential for unfair prejudice; and

(4)     the court shall, upon request, issue a limiting instruction.

*Huddleston v. United States*, 485 U.S. 681, 691-92 (1988); *United States v. Tan*, 254 F.3d 1204, 1207 (10th Cir. 2001).  A defendant is presumed to be protected from unfair prejudice if those requirements are met.  *Huddleston*, 485 U.S. at 692.

Count 1 and Count 2 of the Superseding Indictment charge Defendant with use of facilities of interstate commerce in the commission of a murder-for-hire, in violation of 18 U.S.C. § 1958.  (Doc. 1).  In brief, Count 1 alleges that in or about November 2017, Defendant paid Individual 1 money in exchange for Individual 1's promise to commit the murder of C.B.  It is further alleged that Defendant caused Individual 1 to travel in interstate commerce and also that Defendant used the mail and facilities of interstate commerce, all with the intent that the murder of C.B. be committed.  Count 2 alleges that on or about December 8, 2017, Defendant promised and agreed to pay an undercover FBI agent a sum of money to commit the murder of C.B., and that Defendant used facilities of interstate commerce with the intent that the murder of C.B. be committed.

At trial, the government expects the evidence to show that Defendant never actually paid the undercover FBI agent money for the murder of C.B.  However, the government expects to introduce evidence in the form of audio recordings that in or about March 2018, Defendant discussed with another person the prospect of paying the same undercover FBI agent to commit arson.  The conversations regarding the arson plot overlap with conversations regarding aspects of the murder plots alleged in Count 1 and Count 2.

The conversations about using the same undercover FBI agent to commit arson are relevant to and probative of Defendant's opportunity, intent, plan, and knowledge for using the undercover agent to murder C.B., as alleged in Count 2.  The probative value of this evidence is not substantially outweighed by its potential for unfair prejudice and should be admitted.  *See United States v. West*, 898 F.2d 1493, 1499 (11th Cir. 1990) (holding there was no error in court admitting evidence, over defendant's 404(b) objection, of tape-recorded conversation in which defendant, who was charged with solicitation of murder, informed government witness that mutual acquaintance might be "next on the hit parade;" rather, the evidence was admissible as "highly probative of defendant's criminal intent – the central factor at issue in his trial").

Finally, the Court can issue a limiting instruction similar to Tenth Circuit Pattern Criminal Jury Instruction 1.30, which reads:

### SIMILAR ACTS

You have heard evidence of other crimes, acts, or wrongs engaged in by the defendant. You may consider that evidence only as it bears on the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, and for no other purpose. Of course, the fact that the defendant may have previously committed an act similar to the one charged in this case does not mean that the defendant necessarily committed the act charged in this case.

This is merely a notice under Rule 404(b), not a motion to admit the evidence. If Defendant intends to object to the admission of evidence described in this notice and wants to be heard on that objection before trial, he should file a motion *in limine* with argument specifying his grounds.

Respectfully submitted,

ROBERT J. TROESTER
First Assistant United States Attorney

s/Amanda Green
AMANDA GREEN
Assistant U.S. Attorney
OBA No. 19876
210 W. Park Avenue, Suite 400
Oklahoma City, Oklahoma  73102
(405) 553-8700 (Office)
(405) 553-8888 (Fax)
Amanda.green@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of March, 2019, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Assistant Federal Public Defenders:
William P. Earley
Kyle E. Wackenheim

s/Amanda Green
AMANDA GREEN