## IN THE UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| -vs- | ) | No.  CR-18-227-SLP |
| | ) | |
| **JOSEPH MALDONADO-PASSAGE,** | ) | |
|   a/k/a Joseph Allen Maldonado, | ) | |
|   a/k/a Joseph Allen Schreibvogel, | ) | |
|   a/k/a "Joe Exotic," | ) | |
| | ) | |
| **Defendant.** | ) | |

## UNITED STATES' MOTION *IN LIMINE* <u>REGARDING IMPEACHMENT OF WITNESSES</u>

The United States anticipates that Defendant may attempt to impeach the truthfulness of government witnesses with questions regarding supposed prior crimes or bad acts that they have committed.  The United States moves the Court to issue an order *in limine* preventing Defendant from attempting to do so without first establishing a good-faith basis for the questioning outside the presence of the jury.

Federal Rule of Evidence 608(b) provides,

> [e]xcept for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness.  But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
>   (1)   the witness; or
>   (2)   another witness whose character the witness being cross-examined has testified about.

Fed.R.Evid. 608(b). Even though Defendant may cross-examine witnesses with questions regarding specific instances of untruthful conduct, the Tenth Circuit has clearly articulated the limits to such questioning. In *United States v. Ruiz-Castro*, 92 F.3d 1519 (10th Cir. 1996), the Court stated,

> [a]lthough the Sixth Amendment guarantees a criminal defendant the right to cross-examine witnesses, the extent of cross-examination with respect to any appropriate subject is within the sound discretion of the trial court.
>
> . . .
>
> [C]ourts require a "good faith" basis before permitting a party to cross examine regarding prior bad acts. While the purpose of cross-examination is to impeach the credibility of a witness, the basis for the impeachment cannot be speculation and innuendo with no evidentiary foundation. The general rule in such situations is that the questioner must be in possession of some facts which support a genuine belief that the witness committed the offense or the degrading act to which the questioning relates.

*Id.* at 1528–29 (internal citations and quotation marks omitted) (holding that the court did not abuse its discretion in limiting the cross examination of witnesses because defendants failed to provide any evidentiary foundation that could have provided the court with a genuine belief that the witness was convicted for drug transactions in Mexico or that he had made any fraudulent or false statements), *overruled on other grounds by United States v. Flowers*, 441 F.3d 900 (10th Cir. 2006). *See also United States v. McGirr*, 660 F. App'x 685, 689 (10th Cir. 2016) (agreeing with the district court that defendant lacked a good-faith basis to impeach case agent with a letter making accusations against the agent). The case law indicates that the "good faith basis" for such questioning should be something more substantial than the mere averment of the Defendant.

Assuming the Defendant can establish a good-faith basis for a specific line of

questioning attacking the truthfulness of a government witness with specific instances of conduct, the government reserves the right to object to such line of questioning on the basis that it may be irrelevant, prejudicial, confusing, misleading, and a waste of the jury's time, pursuant to Federal Rules of Evidence 401 and 403.

          Respectfully submitted,

          ROBERT J. TROESTER
          First Assistant United States Attorney

          s/*Amanda Green*
          AMANDA GREEN
          Assistant U.S. Attorney
          OBA No. 19876
          210 W. Park Avenue, Suite 400
          Oklahoma City, Oklahoma  73102
          (405) 553-8700 (Office)
          (405) 553-8888 (Fax)
          Amanda.green@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of March, 2019, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Assistant Federal Public Defenders:
William P. Earley
Kyle E. Wackenheim

          *s/Amanda Green*
          AMANDA GREEN