# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| -vs- | ) No. CR-18-227-SLP |
| | ) |
| **JOSEPH MALDONADO-PASSAGE,** | ) |
|   a/k/a Joseph Allen Maldonado, | ) |
|   a/k/a Joseph Allen Schreibvogel, | ) |
|   a/k/a "Joe Exotic," | ) |
| | ) |
| **Defendant.** | ) |

### UNITED STATES' MOTION *IN LIMINE* REGARDING GUILT, INVESTIGATION, OR PROSECUTION OF OTHERS

The United States moves the Court to issue an order *in limine* preventing Defendant from introducing during his case-in-chief or during cross-examination of government witnesses any evidence or questioning regarding whether individuals other than the Defendant are also guilty of or should also be investigated or prosecuted for any of the crimes alleged in the Superseding Indictment. Such evidence or questioning is not relevant and would be unfairly prejudicial, would confuse and mislead the jury, and would be a waste of the jury's time.

Pursuant to the Federal Rules of Evidence, relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Although relevant evidence is generally admissible, it may be excluded

where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Tenth Circuit Pattern Criminal Jury Instruction 1.19 emphasizes that evidence regarding the possible guilt, investigation, or prosecution of anyone other than the Defendant is irrelevant, confusing, and misleading. It provides:

> [i]t is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged. The fact that another person also may be guilty is no defense to a criminal charge.
>
> The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crime charged.

Tenth Circuit Pattern Criminal Jury Instruction 1.19; *see* Comment thereto, citing *United States v. Oberle*, 136 F.3d 1414, 1422-23 (10th Cir. 1998) (approving instruction directing jury not to concern themselves with the guilt of anyone except the defendant over objection that it directed jurors to ignore defendant's defense of mistaken identity); *United States v. Little*, 829 F.3d 1177 (10th Cir. 2016) (holding that submission of a jury instruction on the "possible guilt of others," instructing that the fact that another person also could be guilty was no defense, was warranted, in prosecution for being a felon in possession of a firearm, and possession of a stolen firearm, where defendant argued at trial that someone else was involved with storing the firearms on the property where his dwelling was located); *United States v. Larch*, 399 F. App'x 50, 55 (6th Cir. 2010) (holding that similar instruction "places appropriate emphasis on the jury's obligation to determine whether the evidence conclusively proved the defendant guilty of the charged offense and that it should not

permit the possible *additional* criminal liability of others to influence its decision").[1] The instruction is designed to address and cure the natural tendency of the jurors to question the potential role and participation of others when deliberating the guilt of the Defendant. However, it is insufficient to address the prejudice and confusion that would result if Defendant purposefully elicited such evidence during trial.

Accordingly, the United States respectfully requests the Court to order Defendant to refrain from asking questions or eliciting evidence, either during cross-examination or his case-in-chief, that refers to whether others are also guilty of the crimes alleged in the Superseding Indictment and/or whether they should be investigated or prosecuted along with Defendant.

                                              Respectfully submitted,

                                              ROBERT J. TROESTER
                                              First Assistant United States Attorney

                                              s/*Amanda Green*
                                              AMANDA GREEN
                                              Assistant U.S. Attorney
                                              OBA No. 19876
                                              210 W. Park Avenue, Suite 400
                                              Oklahoma City, Oklahoma 73102

---

[1] This instruction is <u>not</u> used in cases in which the defense involves a claim that someone else committed the crime (*i.e.*, a traditional alibi), but is used in cases in which the evidence may suggest that others knew about or participated in the defendant's crimes. *See* Tenth Circuit Pattern Criminal Jury Instruction 1.19, Use Note ("Modification should … be considered in cases in which an alibi or mistaken identification is raised."); *United States v. Farrow*, 574 F. App'x 723, 730–31 (6th Cir. 2014) ("In many cases it may be appropriate to instruct the jury that the possible guilt of others is not a defense to a criminal charge. But in this case, the possible guilt of another person for initially possessing the gun *instead of Farrow*, rather than in addition to Farrow, was the defense to the criminal charge.") (internal citation omitted).

(405) 553-8700 (Office)  
(405) 553-8888 (Fax)  
Amanda.green@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of March, 2019, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Assistant Federal Public Defenders:
William P. Earley
Kyle E. Wackenheim

<i>s/Amanda Green</i>  
AMANDA GREEN