# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| -vs- | ) | No. CR-18-227-SLP |
| | ) | |
| **JOSEPH MALDONADO-PASSAGE,** | ) | |
| a/k/a Joseph Allen Maldonado, | ) | |
| a/k/a Joseph Allen Schreibvogel, | ) | |
| a/k/a "Joe Exotic," | ) | |
| | ) | |
| **Defendant.** | ) | |

## GOVERNMENT'S PROPOSED VOIR DIRE

In order to ensure the selection of a fair and impartial jury which will follow the Court's instructions, the government respectfully requests that, in addition to the Court's standard questions, the Court ask the attached questions during voir dire.

Respectfully submitted,

ROBERT J. TROESTER
First Assistant United States Attorney

*s/ Charles W. Brown*
Assistant U.S. Attorney
Bar Number: 20168
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8700 (Office)
(405) 553-8888 (Fax)
charles.brown4@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on March 5, 2019, I electronically filed this motion with the clerk of court for the U.S. District Court, Western District of Oklahoma, using the electronic case filing system of the court.

*s/ Charles W. Brown*
Charles W. Brown
Assistant United States Attorney

1. Are you familiar with, or do you have any experience with, the Lacey Act, the Endangered Species Act, or any other animal-protection laws?  If so:

    a. Please describe.

    b. Would your familiarity with those laws affect your ability to be a fair and impartial juror in this case?

2. Do you object to, or disagree with, the government's enforcement of animal and wildlife protection laws, regulations, or international treaties -- such as the Lacey Act or the Endangered Species Act -- which prohibit or regulate certain sales or trades and other transactions with animals?

3. Do you believe that it is a waste of government resources to enforce wildlife protection laws like this?

4. Do you believe that wildlife, including tigers, should not be regulated by law and/or that people should be free to transact in any manner they wish and do whatever they want to with the wildlife?

5. Do you believe that wildlife conservation laws are too strict?

6. Do you believe that wildlife conservation laws are too lenient?

7. Have you, or any close friend or relative, ever been negatively affected in any way by government laws and regulations pertaining to the protection of endangered or threatened species of wildlife?

8. Have you, or any close friend or relative, ever applied for or obtained a permit from the United States Fish and Wildlife Service?  If so:

    a. Please describe.

    b. Would this in any way affect your ability to be a fair and impartial juror in this case?

9. Have you, or any close friend or relative, worked in any animal-related field, or engaged in any hobby involving animals?  If so:

    a. Please describe.

  b. Would your knowledge of, or association with, that business or hobby affect in any way your ability to sit as a fair and impartial juror in this case?

10. Is there any reason why you might be biased or prejudiced against the government or the defendant because of the nature of the charges in this case?

11. Is there anything about the charges in this case that makes you unwilling or reluctant to serve as a juror?

12. Have you, or any of your close friends or relatives, ever been the subject of a legal action or prosecution for a wildlife-related offense, or fined for a violation of wildlife laws?  This would include a hunting or fishing violation.  If so:

  a. What was the nature of the action and the disposition of the matter?

  b. Do you think the disposition was fair and proper?

  c. Would that experience in any way affect your ability to be a fair and impartial juror in this case?

13. This case was investigated primarily by the United States Fish and Wildlife Service and the Federal Bureau of Investigation.  Have you, or any of your close friends or relatives, ever had any dealings with these agencies or any other government agencies that enforce animal and wildlife protection and conservation laws, such as the Oklahoma Department of Wildlife Conservation?  If so:

  a. Under what circumstances?

  b. Did this experience leave you with negative feelings about law enforcement or about wildlife protection or conservation laws?

14. The circumstances surrounding this case may have been reported in the media. Have you seen, read, or heard anything about this case prior to coming to court?

  a. If so, will you be able to put aside what you have seen, read, or heard and render a verdict based solely upon the evidence introduced in court?

  b. Would the media reports you have seen, read, or heard in any way affect your ability to be a fair and impartial juror in this case?

15. This case might receive media attention during the trial.  Will you be able to follow the Court's instruction that you are not to watch television, go on the

internet, read newspapers, magazines, or any other form of print media, and/or listen to or watch any media coverage regarding this case and that the only evidence you are permitted to consider is that which is presented in court?

16. You will hear evidence that the defendant was running for political office during the time period addressed in the superseding indictment. Do any of you have any knowledge of the defendant's involvement with politics? Do any of you have any animosity toward the defendant based on his involvement with politics, which you think would affect your ability to render an impartial verdict in this case?

17. Are any of you familiar with the Greater Wynnewood Exotic Animal Park, later known as the Garold Wayne Zoo, an exotic animal park in Wynnewood, Oklahoma?

18. Have you, or any close friend or relative ever visited the exotic animal park in Wynnewood, Oklahoma?

19. Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is indirect evidence that is proof of one or more facts from which you can find another fact. Either direct or circumstantial evidence can be the basis of a criminal conviction if the prosecution meets their burden of proof. Will you be able to rely on circumstantial evidence and base your conviction upon it if the prosecution meets their burden of proof?

20. The defendant is on trial for his actions as alleged in the superseding indictment. No other person is on trial in this case. Can you decide this case based upon the evidence offered and not allow your verdict to be affected by any evidence about any other person mentioned during the course of the trial or by your opinions about any of those other persons' actions?

    To put it another way, can you promise the Court and counsel that you will not permit opinions you might have from the testimony and evidence you will hear as to what other persons did or did not do to alter or affect your verdict as to the actions and conduct of the defendant himself?

21. Do any of you have a hearing loss, vision problem, or any other physical disability which would make it difficult to observe evidence, or to sit through a trial of up to two weeks?

22. Does anyone have any other matter which you feel should be called to the Court's attention which may have some bearing on your qualifications as a juror or which you feel might prevent you from rendering a fair and impartial verdict based solely upon the evidence and upon my instructions as to the law?