IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,     )
                         )
        Plaintiff,       )
                         )
v.                     )      Case No.   CR-18-227-SLP
                         )
JOSEPH MALDONADO-PASSAGE,   )
                         )
        Defendant.     )

**MOTION IN LIMINE AND BRIEF IN SUPPORT**

Defendant, Joseph Maldonado-Passage, submits this motion in limine requesting a pretrial ruling that prohibits the government from soliciting witness testimony and introducing evidence of other crimes, wrongs, or acts attributed to Mr. Maldonado-Passage.

**FACTS**

1)     On November 7, 2018, Mr. Maldonado-Passage was charged in a 21 count Superseding Indictment returned by the federal grand jury.  Mr. Maldonado-Passage is charged in Counts 1 and 2 with "murder-for-hire," violations of 18 U.S.C. §1958(a), Counts 3 through 11, misdemeanor violations of the Endangered Species Act, 16 U.S.C. §1538(a)(1), and Counts 12 through 21, felony violations of the Lacey Act, 16 U.S.C. §3372(d)(2), alleging falsification of records pertaining to the transportation and/or sale of wildlife;

2)     Count 1 of the Superseding Indictment alleges Mr. Maldonado-Passage caused another person to travel in interstate commerce and used or caused to be used facilities of interstate commerce with the intent that the murder of C.B. be committed.  Count 2 of the Superseding Indictment alleges Mr. Maldonado-Passage used or caused to be used facilities of interstate commerce with the intent that the murder of C.B. be committed;

3)      The discovery material reflects an ongoing investigation by agents with the Department of the Interior U.S. Fish and Wildlife Service into violations of the Endangered Species Act and the Lacey Act beginning in 2015.  The case agent's grand jury testimony suggests law enforcement became aware of threats toward C.B. as early as late 2016.  Further investigation revealed Mr. Maldonado-Passage's numerous posts on social media and internet videos wishing harm to come to C.B;

4)      The discovery material contains allegations by various individuals of matters that could be construed as other crimes, wrongs, or acts by Mr. Maldonado-Passage.  These allegations include:

a.      Testimony concerning conditions at the animal park, to include allegations of a lack of money to purchase food for the animals;

b.      Testimony concerning how employees at the animal park were paid, to include allegations payment of wages was structured to avoid payroll tax withholdings;

c.      Testimony concerning use of park money to finance Mr. Maldonado-Passage's campaigns for President and Governor;

d.      Testimony concerning the circumstances surrounding the death of Travis Maldonado;

e.      Testimony that Mr. Maldonado-Passage was arrested in the State of Florida; and

f.      Allegations Mr. Maldonado-Passage inquired about soliciting someone to commit arson.

## ARGUMENT

Mr. Maldonado-Passage seeks a pretrial order prohibiting the government from introducing evidence about the matters referenced in paragraph 4.  Mr. Maldonado-Passage

submits these matters are not admissible pursuant to Rule 404(b), Fed.R.Evid., are not "inextricably intertwined" with the facts of the case, and the probative value, if any, of these matters is substantially outweighed by the danger of unfair prejudice. See Rule 403, Fed.R.Crim.P..[1]

*Rule 404(b)*

The test for determining whether admission of Rule 404(b) evidence is proper consists of the following: 1) is the evidence offered for a proper purpose; 2) is the evidence relevant; 3) is the probative value of the evidence substantially outweighed by its potential for unfair prejudice; and 4) will a limiting instruction guide the jury in the proper use the evidence. *United States v. Shumway*, 112 F.3d 1413, 1419 (10th Cir. 1997); *United States v. Mares,* 441 F.3d 1152, 1156 (10th Cir. 2006). Mr. Maldonado-Passage submits such evidence must be admissible to both the wildlife counts and the solicitation counts. The Court previously denied Mr. Maldonado-Passage's motion to sever. Permitting evidence relevant to one set of counts, particularly when it is 404(b) evidence, results in additional prejudice to Mr. Maldonado-Passage.

Evidence concerning conditions at the animal park, how employees at the animal park were paid, the alleged use of park money to finance campaigns, and solicitation to commit arson is not relevant to the issues in this case. Introducing this evidence could only be for purposes of showing Mr. Maldonado-Passage is a person of bad character. Rule 404(b) prohibits the introduction of a defendant's "other acts" to inferentially prove the defendant is a person of bad character or to show action in conformity therewith.

---

[1] The government has not filed Rule 404(b) notice. Should one be filed, Mr. Maldonado-Passage will respond as necessary.

Moreover, the probative value of evidence concerning conditions at the animal park, how employees at the animal park were paid, the alleged use of park money to finance campaigns, and solicitation to commit arson is substantially outweighed by the danger of unfair prejudice.  See Rule 403, Fed.R.Crim.P..  The jury's task in this case is difficult enough.  The jury will be asked to render verdicts on two sets of criminal activity - murder for hire and endangered species violations - that have no legal common ground.  The jury's attention does not need to be diverted further on matters that are not relevant to the issues in this case.  Admission of the evidence will also result in confusion of the issues, misleading of the jury, and waste of time.

The circumstances surrounding the death of Travis Maldonado have been the subject of speculation and gossip on social media and in other media formats.  Mr. Maldonado-Passage is a well known public figure.  The circumstances surrounding the death of Travis Maldonado are not relevant to any issue in this case and will serve only to distract the jury. All credible evidence indicates Travis Maldonado's death was an accident in which Mr. Maldonado-Passage played no role.  The fact Mr. Maldonado-Passage was arrested in the State of Florida is also irrelevant. No substantive evidence in this case is linked to Mr. Maldonado-Passage's presence in Florida in September of 2018.  Introducing this evidence could lead the jury to speculate about Mr. Maldonado-Passage's reasons for being in Florida, the same state in which the alleged victim of the murder for hire scheme resides.  Evidence is unfairly prejudicial when it "lure[s] the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

*"Inextricably intertwined"*

Evidence concerning conditions at the animal park, how employees at the animal park were paid, the alleged use of park money to finance campaigns, solicitation to commit arson, the circumstances surrounding the death of Travis Maldonado, and Mr. Maldonado-Passage's presence in the State of Florida in September 2018, is not "intrinsic evidence." To be intrinsic or "inextricably intertwined," the evidence must be so connected to the issues before the jury that to deny the jury access to the information would leave the jury confused. *United States v. Viefhaus*, 168 F.3d 392, 398 (10th Cir.), *cert. denied*, 527 U.S. 1040 (1999). Again, introducing evidence of these matters will serve only to confuse the jury.

## CONCLUSION

Any effort by the government to bring evidence concerning conditions at the animal park, how employees at the animal park were paid, the alleged use of park money to finance campaigns, solicitation to commit arson, the circumstances surrounding the death of Travis Maldonado, and Mr. Maldonado-Passage's presence in the State of Florida in September 2018, will direct the jury's attention from the specific charges against Mr. Maldonado-Passage and should be met with extraordinary judicial skepticism. The jury is already tasked with a complicated mission to fairly and impartially consider two wholly separate types of criminal counts. This evidence bears a substantial danger of prejudicial impact and the Court should refuse to allow admission of the evidence under Rule 401, Rule 403 and 404(b), Fed.R.Evid..

Counsel for Mr. Maldonado-Passage have not been advised of the names of witnesses to be called by the government. Due to the complexity of the case and the nature of the counts alleged, Mr. Maldonado-Passage requests the opportunity to submit additional argument on the admissibility of evidence from witnesses disclosed to counsel after

commencement of trial.   Counsel do not anticipate these arguments, if any, will be burdensome or complex.

Respectfully submitted,


*s/ William P. Earley*
WILLIAM P. EARLEY
Bar Number 11293
KYLE E. WACKENHEIM
Bar Number 30760
ASSISTANT FEDERAL PUBLIC DEFENDERS
SUITE 109, 215 DEAN A. McGEE AVENUE
OKLAHOMA CITY, OKLAHOMA  73102
(405)609-5930   FAX (405) 609-5932
E-mail william.earley@fd.org


## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of March, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic filing to the following ECF registrants: Amanda Green and Charles Brown, Assistant United States Attorneys.


*s/ William P. Earley*
WILLIAM P. EARLEY