## IN THE UNITED STATES DISTRICT COURT FOR

## THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **-vs-** | ) | **Case No. CR-18-227-SLP** |
| | ) | |
| **JOSEPH MALDONADO-PASSAGE,** | ) | |
| a/k/a Joseph Allen Maldonado, | ) | |
| a/k/a Joseph Allen Schreibvogel, | ) | |
| a/k/a "Joe Exotic," | ) | |
| | ) | |
| **Defendant.** | ) | |

### UNITED STATES' MOTION *IN LIMINE* REGARDING CAROLE BASKIN'S LATE HUSBAND

The United States moves the Court for an order *in limine* preventing Defendant from introducing during his defense case or during cross-examination of any government witnesses any evidence or questioning regarding the disappearance and/or death of Carole Baskin's late husband, Jack Donald Lewis ("Mr. Lewis").

The United States intends to call Carole Baskin as a witness at trial.  She is the victim of the murder-for-hire plots alleged in Count 1 and Count 2 of the Superseding Indictment.  Ms. Baskin is currently married to Howard Baskin.  Prior to her marriage to Mr. Baskin, Ms. Baskin was married to Mr. Lewis, who disappeared in August 1997 and was subsequently declared legally deceased.

The United States anticipates that Defendant may seek to introduce evidence, ask questions, or make innuendos regarding Mr. Lewis during cross-examination of Ms.

Baskin and/or other government witnesses or during his defense case.  Indeed, in social media postings and in deposition testimony taken during the course of his civil litigation with Ms. Baskin, Defendant has implied, alleged, and directly stated that Ms. Baskin had knowledge of and was involved in Mr. Lewis' disappearance and/or his death.

Pursuant to the Federal Rules of Evidence, relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  Although relevant evidence is generally admissible, it may be excluded where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

Any evidence, references, implications, or allegations regarding the disappearance or death of Mr. Lewis are wholly irrelevant to the matters before the jury.  Such evidence does not make any of the facts in this case more or less probable.  Mr. Lewis has nothing to do with this case.  Mr. Lewis' disappearance or death is not in any way related to the allegations in the Superseding Indictment.  Mr. Lewis disappeared and Ms. Baskin remarried long before Ms. Baskin and Defendant had any dealings with each other.

The Court should not permit the Defendant to confuse and mislead the jury by introducing speculation and innuendo regarding Mr. Lewis.  Its only purpose would be to make baseless insinuations to the jury that Ms. Baskin is a criminal or even a murderer.

This is precisely the sort of tactic that Federal Rule of Evidence 403 was designed to exclude.[1]

For the foregoing reasons, the government respectfully requests that the Court prohibit Defendant from introducing evidence or questioning relating to the disappearance and/or death of Mr. Lewis.

Respectfully submitted,

ROBERT J. TROESTER
First Assistant U. S. Attorney

*s/Amanda Green*
AMANDA GREEN
OK Bar Number: 19876
Assistant U.S. Attorney
210 W. Park, Suite 400
Oklahoma City, OK  73102
(405) 553-8770 (Office)
(405) 553-8888 (Fax)
Amanda.green@usdoj.gov

---

[1] The government notes that it has also filed a Motion *in Limine* Regarding Impeachment of Witnesses (Doc. 65), requesting the Court to prevent Defendant from attempting impeach government witnesses with questions regarding supposed prior crimes or bad acts that they have committed without first establishing a good-faith basis for the questioning outside the presence of the jury.  That motion should also cover the issues regarding cross-examination of Ms. Baskin about Mr. Lewis.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of March, 2019, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Assistant Federal Public Defenders:
William P. Earley
Kyle E. Wackenheim

*s/Amanda Green*
AMANDA GREEN