IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No.  CR-18-227-SLP |
| | ) | |
| JOSEPH MALDONADO-PASSAGE, | ) | |
| a/k/a Joseph Allen Maldonado, | ) | |
| a/k/a Joseph Allen Schreibvogel, | ) | |
| a/k/a "Joe Exotic," | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' OBJECTIONS TO
## DEFENDANT'S REQUESTED JURY INSTRUCTIONS

The United States objects as follows to Defendant's Requested Jury Instructions (Doc. 71).

**Objection to Defendant's Requested Instruction No. 2:**  The government objects to the first paragraph of the requested instruction because it does not conform to the Tenth Circuit Pattern Criminal Jury Instructions.  The first paragraph of Tenth Circuit Pattern Criminal Jury Instruction 1.05 should be used instead.

**Objection to Defendant's Requested Instruction No. 4:**  The government objects to the requested instruction and asserts that Tenth Circuit Pattern Criminal Jury Instruction 1.19, as written and in its entirety, should be used instead.

**Objection to Defendant's Requested Instruction No. 8:**  The government objects to the requested instruction on the basis that Tenth Circuit Pattern Criminal Jury Instruction 1.16 refers only to the abuse of drugs and makes no mention of alcohol.  Accordingly, it is

not warranted to add alcohol in the instruction.  Moreover, the term "abuse" is not defined in the instruction, leaving the jury to speculate about what constitutes "abuse" of drugs.

The Tenth Circuit has held that "[a]s a general rule, prudence dictates the giving of an addict instruction whenever the prosecution has relied upon the testimony of a **narcotics addict**." *United States v. Smith*, 692 F.2d 658, 661 (10th Cir. 1982) (emphasis added). But, even in cases where the witness is an addict, the Court has held the decision regarding whether to give the drug abuser instruction depends "on the particular facts of each case." *United States v. Cook*, 949 F.2d 289, 294 (10th Cir. 1991); *Smith*, 692 F.2d at 661.  Some of the circumstances the Court considers include whether (1) the drug abuse of the witness was revealed to the jury; (2) other evidence corroborated the drug abuser's testimony; and (3) the jury instructions included a general credibility instruction as well as instructions requiring special care in weighing and evaluating certain testimony, such as that of an accomplice, felon, or one who is testifying under a grant of immunity.  *See Cook*, 949 F.2d at 294–95; *Smith*, 692 F.2d at 660–61.

In this matter, drug and alcohol use by the witnesses will be revealed to the jury during direct and cross-examination.  Given that any potential addiction or abuse issues can be explored at trial, coupled with the general witness credibility instruction that will be included in the final charge, there is no need for the additional addict instruction requested by the Defendant.  *See Cook*, 949 F.2d at 295 ("[T]he failure to give the addict instruction proffered by Mr. Cook was not reversible error.  The drug abuse of both Ms. Cross and Ms. Swimp was revealed to the jury, and the district court gave a general credibility instruction alerting the jury to the potential for untrue testimony to gain personal

advantage.").

**Objection to Defendant's Requested Instruction No. 10:**   The government objects to the extent that this instruction includes the sections for "Accomplice" and "Immunity."  The evidence at trial will not include the testimony of an accomplice.  There are no witnesses who have been given a grant of immunity.

**Objection to Defendant's Requested Instruction No. 11:**   The government objects to this instruction because the nature of the crimes charged and the evidence to be adduced at trial do not warrant an instruction on identification of the Defendant.

**Objection to Defendant's Requested Instruction No. 13:**   The government objects to the requested instruction in that it does not have any support in the Tenth Circuit Pattern Criminal Jury Instructions.  Moreover, the case cited as authority for the instruction, *United States v. Mackay*, 491 F.2d 616 (10th Cir. 1973), does not support the instruction requested.  The concepts that this requested instruction attempts to convey are covered more clearly in other pattern instructions proposed by the government.

**Objection to Defendant's Requested Instruction No. 14:**   The requested instruction does not accurately describe the conduct criminalized by 18 U.S.C. § 1958(a).  In particular, it does not provide that the type of murder criminalized is a "murder-for-hire," *i.e.*, a murder committed "as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value." 18 U.S.C. § 1958(a).  Moreover, the government asserts that this separate introductory instruction be omitted in favor of one instruction setting forth the elements of the crime.

**Objection to Defendant's Requested Instruction No. 15:**   The government

objects to the requested instruction because (a) the first element omits the use of the mail as a prohibited act, and (b) the third elements fails to fully define the concept of consideration for the murder.  The statute specifically provides that the murder in question was intended to be committed "as consideration for the receipt of, **or as consideration for a promise or agreement to pay,** anything of pecuniary value."  18 U.S.C. § 1958(a).  The government's proposed Instruction No. 24 accurately sets forth the elements of Section 1958.

**Objection to Defendant's Requested Instruction No. 16:**  The government objects to this instruction as being awkwardly worded, confusing, and redundant.  The government's proposed Instruction No. 24 accurately sets forth the elements of Section 1958.  However, the government does not object to adding the following modified language from Defendant's requested Instruction No. 16 to the government's proposed Instruction No. 24:

> "Interstate travel is simply travel between one state and any other state.  The defendant must have intended that a murder-for-hire be committed at the time that the defendant traveled or caused another person to travel between states or at the time that the defendant used or caused the use of the mail or of a facility of interstate commerce.  Defendant's intent that a murder be committed need not have been the only reason, or even the principal reason, for the travel or the use of the mail or facility of interstate commerce, so long as it was one of the reasons."

**Objection to Defendant's Requested Instruction No. 17:**  The government objects to the requested instruction in that it omits any reference to use of the mail and does not consistently refer to use of facilities of interstate commerce.  The first paragraph also does not specify that the intent at issue is the <u>defendant's</u> intent. The government's

proposed Instruction No. 25 regarding Proof of Intent accurately covers this issue. However, the government would not object to adding to its proposed Instruction No. 24 the language that "[t]he government does not have to prove that the murder was committed or even that it was attempted."

**Objection to Defendant's Requested Instruction No. 18**:   The government objects because Defendant's requested instruction does not accurately state the law applicable to 18 U.S.C. § 1958.  The requested instruction refers to only "consideration for the receipt of anything of value." Section 1958 specifically provides that the murder in question must be intended to be committed "as consideration for the receipt of, **or as consideration for a promise or agreement to pay,** anything of pecuniary value."   18 U.S.C. § 1958(a).  Moreover, Defendant's requested language defining "mutual agreement or understanding" misstates the law and imposes proof upon the government that is not warranted by Section 1958 or case law.  Contrary to Defendant's representations, *United States v. Wicklund*, 114 F.3d 151 (10th Cir. 1997), does not support the requested language. Rather, *Wicklund* provides:

> [w]e hold that "in consideration for," as used in both prongs of § 1958(a) means consideration in the traditional sense of bargained for exchange. The two uses of "as consideration for" in the statute cover the two murder-for-hire situations: payment now **or a promise or agreement to pay in the future**. They describe separate situations and **impose criminal liability regardless of whether the payment has occurred or is to occur later.**
>
> . . .
>
> This language is consistent with our reading of § 1958 as criminalizing payment made either before or after the murder,

because both circumstances describe **a mutual understanding that something of value will be exchanged for committing a murder.**

*United States v. Wicklund*, 114 F.3d 151, 154 (10th Cir. 1997) (emphasis added).

Significantly, the facts in *Wicklund* were as follows:

> [i]t was uncontested that defendant stated he planned to do the Laumann murder "on the house." The district court and the parties agree the record contains no evidence that defendant received anything of value before his arrest, nor did anyone promise or agree to pay him anything before or after the proposed murder. The extent of any financial benefit to defendant as a consequence of Laumann's death would be uncertain beyond [defendant's wife's] relief from child support obligations.

*Id*. at 152.

**Objection to Defendant's Requested Instruction No. 19:**   The government objects to the inclusion of this instruction as unwarranted and prejudicial.  Indeed, courts **and an authority relied upon by Defendant throughout his requested jury instructions** advise against it.  *See United States v. Lisyansky*, 806 F.3d 706, 712 (2d Cir. 2015) ("Lisyansky contends that the district court constructively amended the indictment by failing to instruct the jury on the definition of murder found in N.Y. Penal Law § 125.25, the state law underlying the murder-for-hire charges in the indictment.  But Lisyansky has failed to show that the district court's instruction altered the "core of criminality" of the charged offenses. The instruction given was in accordance with a standard modern jury instruction to which Lisyansky not only failed to object but agreed should be given.  ***See Leonard B. Sand et al., Modern Federal Jury Instructions, Instruction 60–16 (explaining that the trial court should not instruct the jury on the underlying state***

**law elements of murder**).") (emphasis added).

The government would support adding the following language (in bold, below) to its proposed Instruction No. 24:

…

Second:  that the defendant did so with the intent that a murder be committed **in violation of the laws of any State or the United States;**

**…**

**You are instructed that murder violates the law of Florida.**

*See United States v. Wynn*, 987 F.2d 354, 357-58 (6th Cir. 1993) ("The district court also properly refused to direct a verdict for Wynn even though the United States failed to prove that murder is a crime in Tennessee. When apprised of the fact that it had not shown that murder violates Tennessee's law, the prosecution asked that the court take judicial notice of Tennessee's murder statute. The district court refused to direct a verdict for the defendant, and it also took no judicial notice during the presentation of evidence of Tennessee's murder statute. The only time that the jury was told that murder violates a Tennessee statute was when the court gave its instructions to the jury. . . . The district court . . . did not commit error when it instructed the jury that murder violates Tennessee law.").

**Objection to Defendant's Requested Instruction No. 20:**  The government objects to the requested instruction because venue is not a fact question for the jury to decide; rather, it is a legal issue that should be raised in a pre-trial motion under Federal Rule of Criminal Procedure 12(b)(3).  Moreover, the requested instruction would confuse the jury with regard to the interstate commerce element of 18 U.S.C. § 1958.

**<u>Objection to Defendant's Requested Instruction No. 22:</u>**   The government objects to the requested instruction as confusing, in particular the multiple definitions of "knowingly," including language referring to "deliberate ignorance," which is disfavored. *See* Tenth Circuit Pattern Criminal Jury Instruction 1.37: Knowingly – Deliberate Ignorance, Comment.   The extended definitions of "take" are unnecessary given the evidence and thus are confusing.  The government's requested Instruction No. 26 is an accurate statement of the law.  However, the government has no objection to adding the following language (in bold below) to its Instruction No. 26:

> Fourth:          The defendant did not have a permit **from the United States Department of the Interior or the Fish and Wildlife Service** to take the animal.

**<u>Objection to Defendant's Requested Instruction No. 24:</u>**   The government objects to this instruction as incomplete and confusing.  The government's requested Instruction No. 27 is an accurate statement of the law.

**<u>Objection to Defendant's Requested Instruction No. 25:</u>**   The government objects to this instruction as incomplete and confusing.  The government's requested Instruction No. 28 is an accurate statement of the law.

**<u>Objection to Defendant's Requested Instruction No. 27:</u>**   The government objects to the requested instruction as confusing, in particular the multiple definitions of "knowingly," including language referring to "deliberate ignorance," which is disfavored. *See* Tenth Circuit Criminal Pattern Jury Instruction 1.37: Knowingly – Deliberate Ignorance, Comment.

Moreover, the fourth requested element, that "the defendant's false record must involve a material fact," is not a correct statement of the law. The case cited by Defendant in support of imposing a materiality requirement onto the Lacey Act's false record provision, *United States v. Kokesh*, WL 2013 6001052 (N.D. Fla. Nov. 12, 2013), is an unpublished opinion from a district court in Florida and thus not binding precedent. Indeed, no other court has adopted a materiality requirement. The Lacey Act prohibits "false labeling" at 16 U.S.C. § 3372(d). Under that provision, it is illegal "for any person to make or submit any false record, account, or label for, or any false identification of, any fish, wildlife, or plant which has been, or is intended to be ... (2) transported in interstate or foreign commerce." Statutory construction must begin with the plain language of the statute. The plain language of the Lacey Act does not require that a false record involve a "material fact." Because Congress did not legislate a materiality requirement into Lacey Act false record offenses, courts cannot create one.

The Fifth Circuit in *United States v. Fountain*, 277 F.3d 714 (5th Cir. 2001), specifically rejected the argument "that materiality is an element of § 3372(d)." *Id*. at 717. There, defendant argued that in lieu of a materiality requirement "the statute otherwise becomes one of strict liability." The Fifth Circuit disagreed. *Id*. Applying the Supreme Court's two-part test for determining whether materiality is an element of a particular federal crime, the *Fountain* court determined that (1) the text of the Lacey Act does not require a showing of materiality, and (2) Congress used no terms with a specific common-law meaning incorporating the materiality requirement. *Id*. Accordingly, this Court should refuse Defendant's requested instruction. The government's requested Instruction No. 29

is an accurate statement of the law.

**Objection to Defendant's Requested Instruction No. 28:**  Defendant's requested Instruction No. 28 is identical to Defendant's requested Instruction No. 27.  The government objects on the same grounds stated above. The government's requested Instruction No. 29 is an accurate statement of the law.

**Objection to Defendant's Requested Instruction No. 29:** The government does not currently believe that the evidence at trial will necessitate this requested instruction.

Respectfully submitted,

ROBERT J. TROESTER
First Assistant United States Attorney

s/*Amanda Green*
AMANDA GREEN
Assistant U.S. Attorney
OBA No. 19876
210 W. Park Avenue, Suite 400
Oklahoma City, Oklahoma  73102
(405) 553-8700 (Office)
(405) 553-8888 (Fax)
Amanda.green@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of March, 2019, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Assistant Federal Public Defenders:
William P. Earley
Kyle E. Wackenheim

*s/Amanda Green*
AMANDA GREEN