IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-18-227-SLP |
| | ) | |
| | ) | |
| JOSEPH MALDONADO-PASSAGE, | ) | |
| | ) | |
| Defendant. | ) | |

**OBJECTION TO GOVERNMENT'S REQUESTED INSTRUCTIONS**

Joseph Maldonado-Passage, defendant, through counsel, submit these objections identifying the Government's requested Jury Instructions to which the defendant objects.

**Government's Requested Instruction No. 15 - Informant**

Mr. Maldonado-Passages's requested instruction in the issue of Informants is identical to Tenth Circuit Pattern Jury Instruction 1.14. The government's proposed instruction fails to include the following language:

> You should not convict a defendant based on the unsupported testimony of an informant, unless you believe the unsupported testimony beyond a reasonable doubt.

**Government's Requested Instruction No. 23 - Investigative Techniques**

Mr. Maldonado-Passage objects to the government's proposed instruction concerning the lack of investigative techniques. The Tenth Circuit has reviewed an "investigative techniques" instruction in an unpublished decision. *See United States v. Johnson*, 479

Fed.Appx. 811 (10th Cir. 2012) and *United States v. Cota-Meza*, 367 F.3d 1218 (10th Cir. 2004). Although the Tenth Circuit found the instruction was not an abuse of discretion, the Circuit's ruling is not a wholesale endorsement of the instruction and should not be construed as such.[1]

In the context of examining the admissibility of testimony on the adequacy of investigative techniques used by the government, the Tenth Circuit has made the following observations.

In the abstract, whether the government conducted a thorough, professional investigation is not relevant to what the jury must decide: Did the defendant commit the alleged offense? Juries are not instructed to acquit the defendant if the government's investigation was superficial. "Conducting a thorough, professional investigation" is not an element of the government's case. For an investigatory lapse to be relevant, there must be some specific reason why it raises doubt about the defendant's guilt.

*Morris v. Burnett*, 319 F.3d 1254, 1272-1273 (10th Cir. 2003).

Since conducting a thorough, professional investigation is not an element of the case, the jury should not be instructed on the issue whether the government did a thorough job or not. Mr. Maldonado-Passage submits the Court's instructions as a whole are sufficient to guide the jury's determination about whether the government has proven guilt beyond a reasonable doubt.

---

1   If such instruction is to be given, Mr. Maldonado-Passage requests the following language from *Cota-Meza's* instruction be used: "You may consider this evidence for the purpose of evaluating the weight of the evidence produced by the government and the credibility of law enforcement personnel involved in the investigation."

**Government's Requested Instruction No. 24 - Essential element for Counts 1 and 2**

Counsel for Mr. Maldonado-Passage take the position that Defendant's Requested Instruction Nos. 15 through 20 (Doc. 71, pp. 20-26) provide the jury the best guidance for consideration of the issues involved in these counts.

Counsel wish to reserve the right to submit objections to other instructions not identified herein should the evidence introduced at trial dictate.

                                            Respectfully submitted,

                                            *s/ William P. Earley*
                                            WILLIAM P. EARLEY
                                            Bar Number 11293
                                            KYLE E. WACKENHEIM
                                            ASSISTANT FEDERAL PUBLIC DEFENDERS
                                            Bar Number 30760
                                            SUITE 109, 215 DEAN A. McGEE AVENUE
                                            OKLAHOMA CITY, OKLAHOMA  73102
                                            (405)609-5930   FAX (405) 609-5932
                                            COUNSEL FOR DEFENDANT

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the 8th day of March, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic filing to the following ECF registrants: Amanda Green and Charles Brown, Assistant United States Attorneys.

                                            *s/ William P. Earley*
                                            WILLIAM P. EARLEY