IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,            )
                                     )
        Plaintiff,            )
                                     )
v.                                   )        Case No. CR-18-227-SLP
                                     )
JOSEPH MALDONADO-PASSAGE,            )
                                     )
        Defendant.            )

## O R D E R

Before the Court is the Government's Response [Doc. No. 81] to Defendant's Notice pursuant to Rule 609(b) [Doc. No. 68]. It is at issue. This order expands on the ruling made orally by the Court following jury selection (but outside the presence of jurors) yesterday. *See* Minute Sheet of Proceedings, Doc. No. 94.

Under Rule 609(a), a witness's character for truthfulness may be attacked by evidence of a criminal conviction either for a dishonest act or false statement or for a crime punishable by more than a year's imprisonment when it passes Rule 403's balancing test. *See* Fed. R. Evid. 609(a). However, the evidence made admissible by Rule 609(a) is limited by Rule 609(b) "if more than 10 years have passed since the witness's conviction or release from confinement, whichever is later." *Id.* Rule 609(b). In such a case, the more-than-10-years-old evidence is only admissible if "(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." *Id.* The second requirement has been met by

Defendant as to evidence Defendant intends to introduce regarding Jeffrey Lee Lowe, Frank Allen Glover, Bruce Allen David, II, and Eric Cowie.  *See* Notice, Doc. No. 68.

The Government only objects as to the 1990 conviction of Mr. Cowie for second-degree burglary.  Defendant's only argument as to the admissibility of the conviction is that it is a felony (and it thus falls within Rule 609(a)(1)).  But Defendant offers no "specific facts and circumstances" regarding why the conviction—which, as Defendant admits, is not for a crime requiring the establishment of Mr. Crowe's dishonest act or false statement—from almost 30 years ago is probative of any issue in this case.  Fed. R. Evid. 609(b)(1).  The precedent cited by Defendant—*United States v. Lugo*—addressed whether a prior drug conviction (from more than 10 years prior) undercut the defendant's testimony that he had no involvement with drugs when one of the counts he was charged with was possession of cocaine with the intent to distribute.  *See* 170 F.3d 996, 999, 1005 (10th Cir. 1999).  That precedent does not apply here, where Mr. Cowie is not the defendant, there are not multiple allegations of the same type of crime (burglary), and the fact that Mr. Cowie was convicted of burglary nearly 30 years ago does not reveal anything about the crimes Defendant is charged with or the credibility of Mr. Cowie as a witness in this case. Absent a stronger tie between Mr. Cowie's conviction and its possible effect in this case—which must be made by showing "specific facts and circumstances" (Fed. R. Evid. 609(b)(1))—the Court finds no reason why Mr. Cowie's prior conviction should be admitted into evidence.

IT IS THEREFORE ORDERED that the Government's objection to Defendant's Rule 609(b) Notice as to Mr. Cowie's conviction [Doc. No. 81] is SUSTAINED without

prejudice to Defendant seeking to introduce the evidence at trial (raising the issue outside the presence of the jury) with additional information meeting Rule 609(b)(1)'s specificity requirement.

IT IS SO ORDERED this 13th day of March, 2019.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE