IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-18-227-SLP |
| | ) | |
| JOSEPH MALDONADO-PASSAGE, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court are Defendant's Objections [Doc. Nos. 83-94] to the Government's respective Notices of Intent to Introduce Rule 404(b) Evidence [Doc. Nos. 63-64]. They are at issue. This order expands on the rulings made orally by the Court following jury selection (but outside the presence of jurors) yesterday. *See* Minute Sheet of Proceedings, Doc. No. 94.

Under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but it "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). In determining whether to admit Rule 404(b) evidence, the Court applies a four-part test, asking whether "1) the evidence [is] offered for a proper purpose; 2) the evidence [is] relevant; 3) . . . under [Rule 403] the probative value of the similar-acts evidence [is] not substantially outweighed by its potential for unfair prejudice; and 4) . . . proper limiting instructions [are given] upon

request." *United States v. Shumway*, 112 F.3d 1413, 1419 (10th Cir. 1997) (citing *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)). As to all Rule 404(b) evidence regarding Defendant offered at trial, the Court will give an appropriate limiting instruction to the jury. Thus, only the first three *Huddleston* factors are addressed *infra*.

## I.    Defendant's Objection to the Government's First Rule 404(b) Notice

The Government first indicates that it will call A.W. as a witness, "who will testify that in or about February 2017, Defendant offered to pay her a sum of money to commit the murder of C.B."[1] Notice 2, Doc. No. 63. The Government next indicates that it will call M.T. as a witness, "who will testify that in or about January 2014, Defendant offered to pay him a sum of money to commit the murder of C.B." *Id.* at 3. Finally, the Government indicates that it will call J.T. as a witness, "who will testify that between in or about January 2014 and in or about March 2014, she participated in conversations in which Defendant offered to pay M.T. a sum of money to commit the murder of C.B." *Id.*

The Government argues that testimony from these three witnesses is allowed under Rule 404(b)(2) to prove motive, intent, preparation, plan, knowledge, and absence of mistake or accident. Defendant objects, arguing that the evidence in intended only "to show [Defendant] acted in conformity with prior conduct when he allegedly engaged in a murder for hire scheme as alleged in Counts 1 and 2 of the Superseding Indictment" and that it will be unduly prejudicial under Rule 403. Obj. 1, Doc. No. 83.

---

[1] The Government filed a request to record A.W.'s testimony prior to trial under Federal Rule of Criminal Procedure 15. *See* Mot., Doc. No. 90. The Court separately addressed the procedure for obtaining A.W.'s testimony. *See* Order of Mar. 12, 2019, Doc. No. 95.

Based on the information currently available to the Court (which may be reevaluated upon a proper motion based on the evidence actually introduced at trial), the Court finds the evidence to be admissible under Rule 404(b)(2).  The evidence regarding prior alleged actions is similar to the allegations in this case—as measured by "(1) whether the acts occurred closely in time; (2) geographic proximity; (3) whether the charged offense and the other acts share similar physical elements; and (4) whether the charged offense and the other acts are part of a common scheme."  *United States v. Mares*, 441 F.3d 1152, 1158 (10th Cir. 2006) (citations omitted).

Here, the alleged intended victim as to both murder-for-hire counts in the Superseding Indictment is the same as the alleged intended victim in the conversations that the Government says occurred between Defendant and A.W., M.T., and J.T.  The prior conversations all are alleged to have occurred within just over 3 years of when both murder-for-hire plots alleged by the Government in this case principally took place.  *See* Superseding Indictment ¶¶ 19-26, Doc. No. 24 (alleging most actions related to the first murder-for-hire plot took place in November 2017); *id.* ¶¶ 29-33 (alleging that most actions related to the second murder-for-hire plot took place in December 2017 to March 2018). These alleged occurrences are not too remote in time to be relevant.  The Court finds persuasive the decision reached by the Eighth Circuit in *United State v. Young*, in which a prior murder-for-hire plot was admitted into evidence that had occurred three years before the defendant's actions which resulted in the prosecution.  *See* 753 F.3d 757, 769 (8th Cir. 2014).  The Court also finds persuasive the decision reached by the Eleventh Circuit in *United States v. West*, in which a defendant's comment that a different individual might be

"next on the hit parade" was introduced as evidence of intent in a murder-for-hire case. 898 F.2d 1493, 1499 (11th Cir. 1990).

The Court also finds that while some prejudice to Defendant may result from the introduction of the indicated testimony, it will not substantially outweigh the testimony's probative value. To be unfair, prejudice must "do[] more than damage the Defendant's position at trial." *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001). There is no indication that prejudice greater than that found not to be unfair in *Tan* will result in this case from the indicated testimony.

Thus, the testimony of A.W., M.T., and J.T. may be admitted to show Defendant's motive, intent, preparation, plan, knowledge, and absence of mistake or accident as to the first two counts charged against him in the Superseding Indictment.

## II.    Defendant's Objection to the Government's Second Rule 404(b) Notice

The Government also indicates that it will introduce evidence regarding the FBI agent (posing as a "hit man") who Defendant allegedly promised to pay a sum of money to commit the murder of C.B. Specifically, the Government plans to "introduce evidence in the form of audio recordings that in or about March 2018, Defendant discussed with another person the prospect of paying the same undercover FBI agent to commit arson" because "the evidence [also will] show that Defendant never actually paid the undercover FBI agent money for the murder of C.B." Notice 2, Doc. No. 64. According to the Government, the alleged arson conversation is relevant to at least the second alleged murder-for-hire plot because it is "probative of Defendant's opportunity, intent, plan, and knowledge for using the undercover agent to murder C.B." *Id.* at 3.

4

Defendant objects, arguing that Defendant's alleged face-to-face meeting with the undercover FBI agent is too remote in time as compared to the alleged arson conversation (December 2017 for the former versus March 2018 for the latter).  Obj. 1, Doc. No. 83. Nor, per Defendant, is there any similarity—other than the actor to be hired—between the alleged murder-for-hire plot and the alleged arson inquiry.

The Court agrees with Defendant.  Applying *Huddleston*, the Court finds that the potential unfair prejudice to Defendant substantially outweighs the probative value of the proposed testimony.  The chance that the jury will convict Defendant based on an implied propensity for multiple types of alleged violent crimes is too great from the proposed arson testimony.  There is no connection of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident as between the alleged arson suggestion and the alleged murder-for-hire plots at issue in this case.

Thus, the Government's proposed Rule 404(b) evidence fails the first, second, and third *Huddleston* prongs.  Testimony regarding an alleged arson plan may not be admitted based on Rules 403 and 404(b).

## III.    Conclusion

IT IS THEREFORE ORDERED that Defendant's Objection to Rule 404(b) Notice – Doc. 63 [Doc. No. 83] is OVERRULED without prejudice to the objections being re-raised at appropriate times during trial as indicated herein.

IT IS FURTHER ORDERED that Defendant's Objection to Rule 404(b) Notice – Doc. 64 [Doc. No. 84] is SUSTAINED.

IT IS SO ORDERED this 13th day of March, 2019.

**SCOTT L. PALK**
**UNITED STATES DISTRICT JUDGE**