IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-18-227-SLP |
| ) | |
| JOSEPH MALDONADO-PASSAGE, ) | |
| ) | |
| Defendant. ) | |

# **O R D E R**

Before the Court is the Government's Unopposed Motion for Protective Order Pertaining to FBI Undercover Employee at Trial [Doc. No. 100]. The Court previously denied an opposed request by the Government for an FBI employee who continues to function in an undercover capacity in other investigations (and functioned in such a capacity during the Government's investigation of Defendant) to testify via pseudonym at trial in this matter because the Government failed to satisfy the standard for such testimony provided by *United States v. Gutierrez de Lopez*, 761 F.3d 1123 (10th Cir. 2014). *See* Order of Mar. 14, 2019, Doc. No. 99.

After the Court's decision, the Government and Defendant reached an agreement regarding the logistics of testimony by the FBI agent—whereby Defendant agrees that the undercover agent may testify via pseudonym at trial, but the undercover agent's true identity will be (or has been) revealed to defense counsel to allow them to adequately prepare for cross-examination of the Government's witness. Such a disclosure fulfills the necessary requirement for effective cross-examination of via-pseudonym testimony. *See*

*Gutierrez de Lopez*, 761 F.3d at 1142-43, 1146 (collecting cases).[1] Based on the agreement of the parties and the additional information conveyed to defense counsel by the Government, the Government's Unopposed Motion for Protective Order Pertaining to FBI Undercover Employee at Trial [Doc. No. 100] is GRANTED.

IT IS THEREFORE ORDERED that the FBI agent who acted in an undercover capacity in the investigation of Defendant may testify via pseudonym at trial.

IT IS SO ORDERED this 19th day of March, 2019.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[1] Based on the agreement reached between the parties, Defendant has abandoned and effectively withdrawn his Confrontation-Clause-based objection to the Government's request for via-pseudonym testimony. *Compare* Def.'s Resp. to Mot. for Protective Order, Doc. No. 92, *with* Unopposed Mot. for Protective Order, Doc. No. 100.