IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CR-18-227-SLP |
| | ) | |
| JOSEPH MALDONADO-PASSAGE, | ) | |
| | ) | |
| Defendant. | ) | |

**SUPPLEMENTAL SENTENCING MEMORANDUM**

Joseph Maldonado-Passage, through counsel, submits this Supplemental Sentencing Memorandum. This supplemental pleading addresses the late revision to the Final Presentence Investigation Report in which the original suggested advisory guideline range of 151 to 188 months was increased to 262 to 327 months based on a cross-reference to a separate offense. (*Compare* Doc. 121, ¶ 138 *with* Doc. 126, ¶ 138). Not only is the cross-reference to a different offense with a different statutory range inappropriate, the resulting advisory guideline range is much greater than necessary to comply with the purposes of 18 U.S.C. §3553(a)(2).

*Suggested Cross-Reference*

Mr. Maldonado-Passage was convicted after a jury trial of two counts of use of interstate commerce facilities in the commission of murder-for-hire, in violation of 18 U.S.C. § 1958(a). This offense carries a statutory maximum of 10 years on each count. Mr. Maldonado-Passage maintains his objection to counting these offenses separately for

grouping purposes. (Doc. 126, ¶¶ 90-93). There is no meaningful difference between the hapless and bizarre arrangement with Allen Glover and the FBI's attempt to resuscitate the murder-for-hire with its own hitman.

Turning to the cross-reference issue, the applicable guideline for a Section 1958 offense is found at USSG § 2E1.4, which provides for a base offense level of 32, or the offense level applicable to the underlying unlawful conduct. The Second Revised Presentence Investigation Report suggests the Court use the guideline for conspiracy or solicitation to commit murder in USSG §2A1.5, on the basis that Mr. Maldonado-Passage's underlying unlawful conduct amounted to conspiracy or solicitation to commit murder. (Doc. 126, ¶ 84). That, in turn, results in a base offense level of 37.[1] After grouping rules, to which Mr. Maldonado-Passage has objected, the report concludes the resulting total offense level is 39. Even though Mr. Maldonado-Passage has a criminal history category of zero because he has absolutely no prior convictions or other matters yielding criminal history points, the applicable advisory guideline range is 262-327 months. Application of the cross-reference in this case results in an increase of nearly a decade to Mr. Maldonado-Passage's advisory guideline range.

The cross-reference provision has failed to keep pace with the other changes to the Sentencing Guidelines. As explained by the Ninth Circuit in *United States v. Temkin*,

---

[1] USSG § 2A1.5 begins with its own base offense level of 33, and includes an increase of four levels "[i]f the offense involved the offer or receipt of anything of pecuniary value for undertaking the murder[.]"

> In 2004, U.S.S.G. § 2A1.5 was amended as part of an effort to increase the penalty for homicide offenses; the base offense level for conspiracy or solicitation to commit murder was increased from 28 to 33. However, U.S.S.G. § 2E1.4, which falls in the category of "offenses involving criminal enterprises and racketeering," remained unchanged. Before the 2004 amendments, solicitation to commit murder involving the exchange of money resulted in an offense level of 32 under U.S.S.G. § 2A1.5. Section 2A1.5 set forth a base offense level of 28 and provided a 4-level enhancement for the exchange of money. The offense level for the use of interstate commerce facilities in the commission of murder-for-hire under U.S.S.G. § 2E1.4(a)(1) was also 32. However, after the 2004 amendments, the offense level for solicitation to commit murder involving the exchange of money jumped to 37 under U.S.S.G. § 2A1.5, which set forth the new base offense level of 33, and, as before, added the 4-level enhancement for the exchange of money.

797 F.3d 682, 693-94 (9th Cir. 2015). While *Temkin* ultimately concluded the district court did not commit legal error by applying the cross-reference, other courts have also noted the discrepancy inherent in applying the cross-reference. *See, e.g.*, *United States v. Vasco*, 564 F.3d 12, 23 (1st Cir. 2009) (Upholding the use of the cross-reference challenged here, but noting that it was "curious, as virtually every time a defendant is charged with the use of interstate commerce facilities in the commission of murder-for-hire, the underlying unlawful conduct will be solicitation to commit murder."); *United States v. Summers*, 506 F.Supp.2d 686, 696 (D.N.M. 2007) (noting the defendant "correctly recognizes the redundancy in the guidelines" but nonetheless applying the cross-reference).

*The advisory guidelines are advisory*

The guidelines do not bind the court to impose a sentence within the properly calculated range. For over a decade, the sentencing guideline range determined by the Court is but one factor to be considered. A sentencing court is instructed to "impose a sentence

sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2).]"

This Court has the discretion to vary from the advisory guideline range. Mr. Maldonado-Passage previously outlined reasons why a sentence below the previously suggested range of 151-188 months was appropriate. (Doc. 124). Those reasons remain compelling and take this case out of the heartland of cases for which the guideline range was developed.

Mr. Maldonado-Passage also urges the Court to use its discretion to disagree with the new advisory guideline range because of a policy disagreement with the cross-reference. Indeed, this Court is empowered to vary from a guideline range based solely on policy considerations, including disagreements with the guidelines. *Kimbrough v. United States*, 552 U.S. 85, 101 (2007); *see also Spears v. United States* 555 U.S. 261, 266 (2009); *United States v. Lopez-Macias*, 661 F.3d 485, 490 (10th Cir. 2011) ("[B]ecause the sentencing guidelines are advisory, district courts have the discretion to vary from those guidelines based on policy disagreements with them.").

This Court has "greater familiarity with ... the individual case and the individual defendant before him than the Commission or the appeals court." *Rita v. United States*, 551 U.S. 338, 357-58 (2007). This Court is "in a superior position to find facts and judge their import under § 3553(a)" in this case. *Gall v. United States*, 552 U.S. 38, 51 (2007).

Here, the Court listened to the testimony of the witnesses and reviewed the exhibits, along with the jury. The robotic calculation of an extraordinarily high guideline range in this case does not properly account for the Section 3553(a) factors present in this case. For the reasons in his Sentencing Memorandum and this Supplement, Mr. Maldonado-Passage requests the Court sentence him substantially below the advisory guideline range.

Respectfully submitted,

*s/ William P. Earley*
WILLIAM P. EARLEY
Bar Number 11293
KYLE E. WACKENHEIM
Bar Number 30760
ASSISTANT FEDERAL PUBLIC DEFENDERS
SUITE 109, 215 DEAN A. McGEE AVENUE
OKLAHOMA CITY, OKLAHOMA  73102
(405)609-5930   FAX (405) 609-5932
E-mail william.earley@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic filing to the following ECF registrants: Amanda Green and Charles Brown, Assistant United States Attorneys.

*s/ William P. Earley*
WILLIAM P. EARLEY