IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BIG CAT RESCUE CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-377-SLP |
| | ) | |
| G.W. EXOTIC ANIMAL MEMORIAL FOUNDATION, GAROLD WAYNE INTERACTIVE ZOOLOGICAL FOUNDATION, GREATER WYNNEWOOD DEVELOPMENT GROUP, LLC, and BIG CAT INSTITUTE, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| | | |
| GREATER WYNNEWOOD EXOTIC ANIMAL PARK, LLC, | ) ) ) | |
| Intervenor/Counterclaim Defendant, | ) ) | |
| v. | ) ) | |
| BIG CAT RESCUE CORP., | ) ) | |
| Intervenor-claim Defendant/Counterclaimant. | ) | |

**O R D E R**

The Court will assume the parties' familiarity with the facts of this interminable case, which has been pending for multiple years and spawned other cases, including a criminal matter. In an attempt to bring this case to a close, the Court directed Plaintiff Big Cat Rescue Corp. and Receiver Kenneth W. Klingenberg to indicate whether the pending motions in this case were moot or being voluntarily withdrawn. *See* Order [Doc. No. 412]. Plaintiff and Receiver responded in their Joint Report. *See* Doc. No. 413.

**EXHIBIT 2**

The Court has undertaken a review of the pending matters in this case. Many of these matters are impacted by the fact that Intervenor Greater Wynnewood Exotic Animal Park LLC ("GWEAP") is an unrepresented entity in this case. GWEAP was directed to enter appearance of counsel by September 23, 2018, but it never did. *See* Order [Doc. No. 407]. GWEAP has had an abundance of opportunity to appear.

IT IS THEREFORE ORDERED that the following matters are set for a hearing on **July 21, 2021, at 10:00 A.M.** All parties are ordered to participate at the hearing. To participate, GWEAP is advised to enter an appearance of counsel beforehand. The Court warns GWEAP that failure to enter an appearance of counsel before the hearing may result in default judgment for failing to comply with this Court's orders. The parties should be prepared to address the following matters:

- In the Court's Order of July 11, 2018 [Doc. No. 389], the Court held that an evidentiary hearing was needed regarding "(i) whether [GWEAP] should be excused of its noncompliance with the Court's Order of October 5, 2016 [Doc. No. 258] due to inability to comply or other reasons and (ii) the fine or other remedy to be imposed, if any." The Court also withheld judgment "as to whether a fine or other remedy" would be imposed "until after the forthcoming evidentiary hearing and [GWEAP's] opportunity to present its defenses." This hearing was later stricken. *See* Order [Doc. No. 407]. Accordingly, the Court sets the hearing on GWEAP's defenses and the fine or other remedy to be imposed contemplated by the July 11, 2018 Order to **July 21, 2021, at 10:00 A.M.** Without counsel for GWEAP to appear at this hearing to carry its burden

2

**EXHIBIT 2**

to show a defense, the Court will make a more final determination of civil contempt and determine the appropriate sanction/remedy. The Receiver should be prepared to address its desired sanction/remedy at the hearing. The parties are instructed to exchange exhibits and witness lists for the hearing no later than seven days in advance thereof.

- As stated in the Court's July 11, 2018 Order [Doc. No. 390], the parties should be prepared to address the Court's "reserv[ation of] judgment on the payment of $2,653.13 to the Receiver (the amount of contempt-application-related time entries) in light of the Court's partial determination on the Receiver's motion seeking to hold [GWEAP] in contempt and the Court's decision to set the same for a show-cause hearing [in the Court's July 11, 2018 Order at Doc. No. 389]."

- With respect to the motions at Doc. Nos. 397, 398, and 410, GWEAP and Jeffrey Lowe shall appear on **July 21, 2021, at 10:00 A.M.** and show cause why they should not be held in contempt, as alleged in these motions. Any written response to these motions must be filed by **July 14, 2021**.

- All those who have submitted briefing on Plaintiff's Motion for Contempt Damages [Doc. No. 348] should be prepared to address this motion.

- The parties should be prepared to address Plaintiff's Motion for Default Judgment Against Intervenor [GWEAP] and Dismissal with Prejudice of Intervenor's Amended Complaint [Doc. No. 409]. The Court again expressly warns GWEAP that its lack of appearance of counsel may result in default judgment and dismissal of its complaint.

3

**EXHIBIT 2**

- The parties should be prepared to address the status of the Partially Unopposed Motion for Amended Receivership Order Over the Revenue and Receipts of the Greater Wynnewood Exotic Animal Park, Greater Wynnewood Development Group, Big Cat Institute, and/or Any Related or Successor Entities [Doc. No. 399].

The Court directs Plaintiff and/or Receiver to serve GWEAP and Jeffrey Lowe with this Order and to notify the court of compliance with this directive within seven days of this Order.

IT IS SO ORDERED this 7th day of July, 2021.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

**EXHIBIT 2**