IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-18-227-SLP |
| | ) | |
| JOSEPH MALDONADO-PASSAGE, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court are the parties' limine motions. Each motion is addressed in turn. This order expands on the rulings made orally by the Court following jury selection (but outside the presence of jurors) yesterday. *See* Minute Sheet of Proceedings, Doc. No. 94.

"The purpose of a motion *in limine* is to allow the Court to decide evidentiary issues in advance of trial to avoid delay and ensure an evenhanded and expeditious trial." *Dry Clean Super Ctr., Inc. v. Kwik Indus., Inc.*, No. 08-cv-578-WJM-CBS, 2012 WL 503510, at *4 (D. Colo. Feb. 15, 2012). "Properly filed motions *in limine* 'permit[] the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not to be presented to the jury because they clearly would be inadmissible for any purpose.'" *Id.* (alteration in original) (quoting *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). Motions in limine "are designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Graves v. Dist. of Columbia*, 850 F. Supp. 2d 6, 10 (D.D.C. 2011) (quotation marks omitted). Limine motions "should target their arguments to demonstrating why certain items or categories of evidence should (or

**EXHIBIT 4**

should not) be introduced at trial, and [they should] direct the trial judge to specific evidence in the record that would favor or disfavor the introduction of those particular items or categories of evidence." *Id.* at 11.

Some limine rulings, like those involving balancing under Rule 403, are necessarily preliminary because the required balancing may be reassessed as the evidence actually comes in at trial. Thus, a court's limine rulings are subject to change as the case unfolds or at the Court's discretion. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984). Or, a judge may decline to rule on an issue raised via limine motion, preferring to "await developments at trial before [so] ruling" to allow the "decision[ to] be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole." *Graves*, 850 F. Supp. 2d at 11 (quotation marks and citations omitted).

## I. The Government's First Motion in Limine

The Government filed a Motion in Limine regarding Impeachment of Witnesses [**Doc. No. 65**]. It is at issue. *See* Resp., Doc. No. 85. The Government indicates that it "anticipates that Defendant may attempt to impeach the truthfulness of government witnesses with questions regarding supposed prior crimes or bad acts that they have committed" and seeks an order from the Court limiting Defendant's ability to do so to those times when he "first establish[es] a good-faith basis for the questioning outside the presence of the jury." Mot. 1, Doc. No. 65. The Government relies on *United States v. Ruiz-Castro*, wherein the Tenth Circuit affirmed a district court's limit on cross-examination of a witness when the defendants "failed to provide any evidentiary foundation that could have provided the court with a genuine belief that [the witness] was

**EXHIBIT 4**

convicted for [the alleged prior crimes] or that he had made any fraudulent or false statements." 92 F.3d 1519, 1528 (10th Cir. 1996), *overruled on other grounds by United States v. Flowers*, 464 F.3d 1127, 1130 n.1 (10th Cir. 2006). Relying on precedent, the *Ruiz-Castro* court indicated that "[u]nless the examiner is prepared to prove that there has been an undisclosed conviction which would be admissible under Rule 609, general questions inquiring of past convictions should not be asked" and that district courts should "require a good faith basis before permitting a party to cross examine [a witness] regarding prior bad acts." *Id.* at 1528-29 (quotation marks and citations omitted). "[T]he basis for the impeachment [of a witness] cannot be speculation and innuendo with no evidentiary foundation." *Id.* at 1529 (quotation marks and citation omitted).

Defendant responds that his counsel "recognize their obligation to have a good faith basis for impeaching government witnesses with specific instances of misconduct." Resp. 1, Doc. No. 85.

The Court expects all counsel to abide by the Tenth Circuit's guidance from *Ruiz-Castro* and to be prepared to demonstrate a good faith basis for their questions as required. Before counsel inquires of a witness regarding a prior act which fits within the *Ruiz-Castro* ambit, counsel should seek a brief bench conference to advise the Court of the impending questions and provide good faith support for such questions if needed. Accordingly, the Court GRANTS the Government's motion.

II. **The Government's Second Motion in Limine**

The Government filed a Motion in Limine regarding Guilt, Investigation, or Prosecution of Others [**Doc. No. 66**]. It is at issue. *See* Resp., Doc. No. 86. The

3

**EXHIBIT 4**

Government asks the Court to "prevent[] Defendant from introducing . . . any evidence or questioning [any witnesses] regarding whether individuals other than the Defendant are also guilty of or should also be investigated or prosecuted for any of the crimes alleged in the Superseding Indictment." Mot. 1, Doc. No. 66. The Government relies on the Tenth Circuit's Criminal Pattern Jury Instruction No. 1.19, which states:

> You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or crime not charged in the indictment.
> It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged. The fact that another person also may be guilty is no defense to a criminal charge.
> The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crime charged.

In response, Defendant argues that the Government "is confusing admissible evidence at trial with how a jury is to consider the evidence" and that the Court's approval of the Government's limitation request would violate Defendant's Sixth Amendment rights. Resp. 1, Doc. No. 86.

The Court agrees that the fact that the jury may not consider the possible guilt of others in reaching its verdict does not necessarily mean that Defendant may not introduce, as part of his defense, the potential culpability of others for the crimes with which he is charged. The authorities cited by the Government do not indicate otherwise. The Court will give Tenth Circuit Criminal Pattern Jury Instruction No. 1.19 to the jury at the conclusion of the evidence. *See United States v. Oberle*, 136 F.3d 1414, 1423 (10th Cir. 1998) (indicating that a jury instruction like Criminal Pattern Instruction No. 1.19

4

**EXHIBIT 4**

appropriately "focus[es] jurors on the task at hand"); *see also United States v. Currie*, 911 F.3d 1047, 1056 (10th Cir. 2018) ("[T]he jury is presumed to follow its instructions . . . ." (quotation marks and citation omitted)). Accordingly, the Court DENIES the Government's motion.

**III.     The Government's Third Motion in Limine**

The Government filed a Motion in Limine regarding Carole Baskin's Late Husband [**Doc. No. 73**]. It is at issue. *See* Resp., Doc. No. 87. The Government seeks to limit Defendant's ability to introduce "any evidence or questioning regarding the disappearance and/or death of Carole Baskin's late husband, Jack Donald Lewis." Mot. 1, Doc. No. 73. Ms. Baskin is the alleged intended victim of the murder-for-hire plots in the first two counts of the Superseding Indictment [Doc. No. 24]. The Government contends that Defendant, in pre-indictment social media posts and in a civil case between Defendant and Ms. Baskin, "implied, alleged, and directly stated that Ms. Baskin had knowledge of and was involved in [her late husband's] disappearance and/or his death." Mot. 2, Doc. No. 73.

Defendant responds that he "do[es] not anticipate the circumstances surrounding the death of Carole Baskin's late husband will become relevant," but that counsel for Defendant will alert the Court prior to introducing evidence or inquiring regarding this topic. Resp. 1, Doc. No. 87. Based on the information currently available to it, the Court agrees that the circumstances of Ms. Baskin's late husband's disappearance and/or death are not relevant. Counsel are advised to seek a brief bench conference to advise the Court if they intend to introduce evidence or inquire regarding this topic before doing so—if such a topic becomes relevant. Accordingly, the Court GRANTS the Government's motion.

5

**EXHIBIT 4**

## IV. Defendant's Omnibus Motion in Limine

Defendant filed an omnibus limine motion addressing multiple issues [**Doc. No. 69**]. It is at issue. *See* Resp., Doc. No. 80. Defendant seeks to prohibit the Government from introducing evidence regarding six topics, all based on Rules 403 and 404(b). Under the latter rule, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but it "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). In determining whether to admit Rule 404(b) evidence, the Court applies a four-part test, asking whether "1) the evidence [is] offered for a proper purpose; 2) the evidence [is] relevant; 3) . . . under [Rule 403] the probative value of the similar-acts evidence [is] not substantially outweighed by its potential for unfair prejudice; and 4) . . . proper limiting instructions [are given] upon request." *United States v. Shumway*, 112 F.3d 1413, 1419 (10th Cir. 1997) (citing *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)). As to all Rule 404(b) evidence regarding Defendant offered at trial, the Court will give an appropriate limiting instruction to the jury. Thus, only the first three *Huddleston* factors are addressed *infra*.

First, Defendant seeks to exclude evidence and witness inquiries regarding "conditions at the animal park, to include allegations of a lack of money to purchase food for the animals." Mot. 2, Doc. No. 69. The Government contends that such evidence is admissible to show motive and intent—specifically to show how the disagreement between Defendant and Ms. Baskin arose and to show the potential crippling effect on Defendant's

**EXHIBIT 4**

zoo attraction of the civil judgment that Ms. Baskin was attempting to collect (which allegedly led to Defendant's murder-for-hire plots). The Court agrees with the Government's arguments, and the *Huddleston* elements are satisfied. Motive and intent are proper purposes for introducing such evidence, the evidence is relevant, and any potential unfair prejudice does not substantially outweigh the probative value of the evidence.[1] Defendant's motion is DENIED as to this topic.

Second, Defendant seeks to exclude evidence and witness inquiries regarding "how employees at the animal park were paid, to include allegations [that] payment of wages was structured to avoid payroll tax withholdings." Mot. 2, Doc. No. 69. The Government indicates that it "does not intend to present evidence or make reference to the potential tax implications of how [Defendant] paid zoo employees" but "the amount the employees were paid and how they were paid is relevant to the jury understanding that Ms. Baskin's [civil] judgment placed significant financial pressure on the zoo." Resp. 3, Doc. No. 80. The Court agrees that tax implications and any potential punishment based on tax laws is not relevant and should not be introduced. But the amounts paid to and the manner of payment of the zoo attraction's employees passes Rule 404(b) muster as to motive and intent. Applying *Huddleston*, motive and intent are proper purposes for introducing such evidence, the evidence is relevant, and any potential unfair prejudice does not substantially outweigh

---

[1] To the extent Defendant's objections to any of the evidence discussed herein are based on Defendant's argument that the murder-for-hire charges and the Endangered Species Act/Lacey Act charges "have no legal common ground" and should be severed (Mot. 4, Doc. No. 69), they are overruled for the same reasons explained in the Court's order denying Defendant's severance motion. *See* Order of Feb. 12, 2019, Doc. No. 55.

7

**EXHIBIT 4**

the probative value of the evidence. Paying employees in cash may result in an inference of Defendant attempting to avoid Ms. Baskin's civil judgment, which in turn provides a potential motive for the murder-for-hire plots allegedly instigated by Defendant. Defendant's motion is DENIED as to this topic.

Third, Defendant seeks to exclude evidence and witness inquiries regarding "use of park money to finance [Defendant]'s campaigns for President and [g]overnor." Mot. 2, Doc. No. 69. The Government indicates that such evidence will not be introduced. Accordingly, Defendant's motion is GRANTED as to this topic.

Fourth, Defendant seeks to exclude evidence and witness inquiries regarding "the circumstances surrounding the death of [Defendant's late husband] Travis Maldonado." Mot. 2, Doc. No. 69. The Government indicates it does not intend to introduce such evidence except for potential references to the fact of death by some witnesses in establishing a time line of conduct. As Defendant only seeks to exclude evidence regarding "the circumstances surrounding the death of [Defendant's late husband] Travis Maldonado" (*id.*), not the fact of his death, the parties appear to be in agreement. Moreover, the Court agrees that circumstances surrounding and speculation regarding the cause of Travis Maldonado's death have no relevance to this case. Accordingly, Defendant's motion is GRANTED IN PART and DENIED IN PART as to this topic.

Fifth, Defendant seeks to exclude evidence and witness inquiries regarding the fact that "[Defendant] was arrested in the State of Florida." Mot. 2, Doc. No. 69. The Government indicates that it does not intend to introduce evidence on this topic. Accordingly, Defendant's motion is GRANTED as to this topic.

8

**EXHIBIT 4**

Finally, Defendant seeks to exclude evidence and witness inquiries regarding "allegations [that Defendant] inquired about soliciting someone to commit arson." Mot. 2, Doc. No. 69. The Court GRANTS Defendant's motion on this topic for the same reasons stated in the Court's ruling regarding Defendant's Objection to the Government's Rule 404(b) Notice – Doc. 64 [Doc. No. 84], being filed contemporaneously herewith.

Accordingly, Defendant's limine motion is GRANTED IN PART and DENIED IN PART as stated herein, without prejudice to Defendant re-raising these issues at appropriate times during trial once the specific witnesses and specific evidence to which Defendant objects are apparent.

## V.   Conclusion

IT IS THEREFORE ORDERED that the Government's Motion in Limine regarding Impeachment of Witnesses [Doc. No. 65] is GRANTED as indicated herein.

IT IS FURTHER ORDERED that the Government's Motion in Limine regarding Guilt, Investigation, or Prosecution of Others [Doc. No. 66] is DENIED as indicated herein.

IT IS FURTHER ORDERED that the Government's Motion in Limine regarding Carole Baskin's Late Husband [Doc. No. 73] is GRANTED as indicated herein.

IT IS FURTHER ORDERED that Defendant's Motion in Limine [Doc. No. 69] is GRANTED IN PART and DENIED IN PART without prejudice to being re-raised at appropriate times during trial as indicated herein.

**EXHIBIT 4**

IT IS SO ORDERED this 13th day of March, 2019.

*[signature]*

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

**EXHIBIT 4**