# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Big Cat Rescue Corp., a Florida not-for-profit corporation; | ) ) ) |
| Plaintiff, | ) ) Case No. CIV-14-00377-SLP |
| vs. | ) ) ) |
| G.W. Exotic Animal Memorial Foundation, an Oklahoma not-for-profit corporation; *et al.*; | ) ) ) |
| Defendants, | ) ) ) |
| Greater Wynnewood Exotic Animal Park, LLC, | ) ) ) |
| Intervenor. | ) ) ) |
| And | ) ) ) |
| Greater Wynnewood Development Group, LLC; et al., | ) ) ) |
| Counterclaim Defendants. | ) ) |

**APPLICATION OF PLAINTIFF BIG CAT RESCUE CORP. FOR AN ORDER TO SHOW CAUSE WHY INTERVENOR GREATER WYNNEWOOD EXOTIC ANIMAL PARK, LLC, AND ITS PRINCIPAL AND SOLE MEMBER, JEFFREY LEE LOWE, INDIVIDUALLY, SHOULD NOT BE FOUND IN CONTEMPT FOR FAILING TO COMPLY WITH ORDER REINSTATING RECEIVER, AND BRIEF IN SUPPORT**

Dated: March 4, 2019

Melvin R. McVay, Jr., OBA No. 6096
Heather L. Hintz, OBA No. 14253
Juston R. Givens, OBA No. 19102
PHILLIPS MURRAH P.C.
Corporate Tower, Thirteenth Floor
101 N. Robinson Avenue
Oklahoma City, Oklahoma 73102
**ATTORNEYS FOR PLAINTIFF**

**EXHIBIT 5**

Plaintiff Big Cat Rescue Corp. respectfully submits its Application for an Order to Show Cause why Intervenor Greater Wynnewood Exotic Animal Park, LLC and its principal and sole member, Jeffrey Lee Lowe, individually, should not be found in contempt for failing to comply with the Court's Order Reinstating Receiver, and Brief in Support. In support thereof, plaintiff would show the Court:

## I. FACTUAL BACKGROUND

Big Cat Rescue Corp. ("BCR") has since February 2013 sought to collect on judgments exceeding $1 million entered in its favor initially against defendant G.W. Exotic Animal Memorial Foundation ("G.W. Zoo"), an exotic animal park operating in Wynnewood, Oklahoma (the "Animal Park"), and others including the Animal Park's principal Joe Maldonado ("Maldonado"), who was jointly and severally liable on the judgments. BCR identified the primary source of funds to satisfy the judgments as the revenue stream of the Animal Park. However, Maldonado knew this as well, and to protect the income stream and avoid the judgments, he orchestrated the transfer of the Animal Park operations and revenue stream from G.W. Zoo to a newly created entity Maldonado controlled named The Garold Wayne Interactive Zoological Foundation ("Garold Wayne Zoo"). From February 2013 through February 2016, Garold Wayne Zoo and Maldonado operated the Animal Park, using the guise that Garold Wayne Zoo was a separate entity. However, in February 2016, BCR established that Garold Wayne Zoo was liable on BCR's judgments.[1] Immediately thereafter, Garold Wayne Zoo

---

[1] *See* Memorandum Opinion and Order [Doc. 183], and Judgment [Doc. 184].

1

EXHIBIT 5

relinquished control over the Animal Park operations to Intervenor Greater Wynnewood Exotic Animal Park, LLC ("Greater Wynnewood").[2] Greater Wynnewood was created in February 2016 by Jeffrey Lee Lowe ("Lowe"), an associate of Maldonado's, for the express purpose of operating the Animal Park.[3] Although no consideration was paid to Garold Wayne Zoo for the Animal Park operations, Greater Wynnewood assumed control of the Animal Park revenue stream just a few weeks before the start of the March 2016 lucrative Spring Break season, and began depositing the funds into its own newly opened bank account.[4]

---

[2] Maldonado announced on February 5, 2016 that from that day Greater Wynnewood Zoo would be taking over the day-to-day operations of the Animal Park. *See* Receiver Order [Doc. 387] at 7-9 ("Maldonado publicly referenced Lowe in relation to Maldonado's "next move" and indicated that the "day-to-day operations" of the zoo would be "taken over" by Greater Wynnewood."). Garold Wayne Zoo advised the Court on March 4, 2016, that it had dissolved on February 18, 2016. *See* Notice of Dissolution [Doc. 197].

[3] After meetings with Maldonado and visits to the Animal Park, Lowe moved to the Wynnewood, Oklahoma Animal Park grounds in 2015 while it was operated by Garold Wayne Zoo. *See* BCR's Amended Counterclaim, [Doc. 391] at 6, ¶ 17; Intervenor's Answer to Amended Counterclaim [Doc. 396] at 4, ¶ 17. Lowe created Greater Wynnewood in February 2016. *See* Amended Counterclaim [Doc. 391] at 7, ¶¶ 24-26; ; Intervenor's Answer to Amended Counterclaim [Doc. 396] at 5-6, ¶¶ 24-16. Lowe's expressions of animosity toward BCR and its principals Carole and Howard Baskin, and BCR's attempts to collect the judgments, predate the creation of Greater Wynnewood. For example, in late 2015 he posted on social media "See Carole and Howard our cats LOVE US, your cats fear you …. BTW, did you get the memo? I paid all the legal bills for the park, and I even added a little extra just to make sure that you'll never harass Joe and the GW park again." *See* Ex. 1 (Dec. 7, 2015 Lowe Facebook post).

[4] Lowe also created two other entities, Greater Wynnewood Development Group, LLC and Big Cat Institute, which assist Greater Wynnewood in its operation of the Animal Park formerly operated by GW Park and Garold Wayne Zoo. *See* Intervenor's Response and Objection to Second Interim Application of Receiver for Compensation [Doc. 285] at 9 (identifying the "the other entities created by Jeff Lowe … which are utilized to operate the zoo").

2

EXHIBIT 5

The Court on July 11, 2018 entered an Order appointing a receiver over the revenue and receipts of Intervenor Greater Wynnewood [Doc. 387] (the "Receiver Order" or "Order"),[5] stating that the extraordinary equitable remedy of a receivership was justified in part because BCR has a property interest in "[a]t least the goodwill, going-concern value, and income stream of Greater Wynnewood" which BCR established "has [ ] passed to Greater Wynnewood" from BCR's judgment debtors G.W. Zoo and Garold Wayne Zoo. *See* Receiver Order [Doc. 387] at 6-7. The Court determined that based on the well-documented history of actions taken to divert the revenue stream of the Animal Park and frustrate BCR in collecting its judgments, the revenue receiver was necessary to protect BCR's established property interest. *Id*. at 9-10. Greater Wynnewood, having "chosen to entangle itself" with GW Zoo, Garold Wayne Zoo and Maldonado, was therefore properly subject to the revenue receiver to protect funds that might satisfy the judgments. *Id.* at 9.

However, Lowe and Greater Wynnewood have wholly thwarted implementation of the Receiver Order. They have refused to provide the receiver access to the Animal Park's financial accounts, books and records, and revenue stream, and have outright prevented access to the Animal Park facility itself. *See, e.g.,* Receiver's Second Motion for Contempt [Doc. 397] at 4, ¶¶ 3-4, and 5-7, ¶¶ 7-12; Receiver's Third Motion for

---

[5] The Receiver Order reinstated a prior Order appointing a revenue receiver entered March 14, 2016, which, in the interim, had been vacated for further briefing. *See* [Docs. 202, 318, 387]. The receiver was <u>not</u> appointed as an operational receiver. *See, id.*

3

**EXHIBIT 5**

Contempt [Doc. 398] at 6, ¶ 12.[6] Aside from the return of several boxes of the receiver's old records that predate August 2017 (returned to Greater Wynnewood after the first order was vacated), not a single piece of financial information has been provided to the receiver since entry of the Receiver Order in July 2018. *See* Ex. 2 (Affidavit of Grady Conrad, counsel for receiver) ("Conrad Aff."); *see also* Notice to Court [Doc. 332]. The receiver's repeated requests for identification of and electronic access to Greater Wynnewood's bank accounts, QuickBooks and other books and records, and for access to Animal Park facilities and business office, have been uniformly denied. *See* Ex. 2 (Conrad Aff.) at ¶¶ 6-7.

The record amply reflects that the Animal Park operations are seasonal. *See, e.g.,* Intervenor's Response and Objection to Second Interim Application of Receiver for Compensation [Doc. 285] at 9. The most lucrative period begins in March, when families are free to visit during the Spring Break period. Now, the Spring Break season looms again, and close on its heels, the busy summer season.[7] Greater Wynnewood is actively

---

[6] Following entry of the July 11, 2018 Receiver Order, the Receiver and his counsel, Grady Conrad, through the Animal Park's counsel, scheduled an August 2018 visit to the Animal Park for inspection, but were prevented access by Lowe and his wife. The Lowes demanded that the Receiver sign a blanket liability waiver prior to allowing access. Because he was there as an officer of the Court and not as a patron, and uncertain what he would encounter upon entering the Animal Park, the Receiver asserted his entitlement to access under the Receiver Order without a blanket waiver. He was refused entry. *See* Receiver's Second Motion for Contempt [Doc. 397] at 6, ¶ 12; Ex. 2 (Conrad Aff.) at 3, ¶ 7.

[7] *See* Receiver Order [Doc. 387] at 10 ("The Court also recognizes that the summer months are when Greater Wynnewood is likely to be most profitable due to children being released from school and family vacation schedules. Thus, the likely increase in cash flows allows for an increase in assets which should be preserved to pay Big Cat

4

**EXHIBIT 5**

soliciting Spring Break patrons. *See* Ex. 3 (February 2019 Greater Wynnewood Exotic Animal Park Facebook posts).

Greater Wynnewood and Lowe's refusal to allow implementation of the Receiver Order has harmed, and continues to harm BCR. As long as the Receiver Order is thwarted, the good will, going-concern value and revenue stream of the Animal Park remain under the sole control of Lowe and Greater Wynnewood, and are freely alienable by them. The Court appointed the receiver, in part, to protect the property interest BCR has in the Animal Park's good will, going-concern value and revenue stream, and any other right BCR may establish in the future as a creditor of G.W. Zoo and Garold Wayne Zoo. *See* Receiver Order [Doc. 387] at 7, 9-10. To-date, Greater Wynnewood and Lowe have successfully flouted the Order, resulting in their retention of unfettered and unmonitored control over the Animal Park revenue, to BCR's continuing detriment.[8] This

---

Rescue on the Florida Judgments if Big Cat Rescue successfully proves Greater Wynnewood to be a successor to G.W. [Park] and Garold Wayne Zoo.")

[8] Lowe has recently expressed an intent to close Greater Wynnewood and open a facility closer to the bulk of the Animal Park's existing customer base. A September 2018 post on a Lowe Facebook page states in part: "About 70% of the zoo's current clientel [sic] originate in Fort Worth and Dallas. Moving an hour closer to our demographic will do nothing but improve our animal's lives." See Ex. 4 (Sept. 26, 2018 Lowe Facebook post) (redacted). Whatever cosmetic, name or other changes would be made in such a move, it seems self-explanatory that in 'moving closer to 70% of *current* clientele' it would constitute yet another transfer, minimally, of the good will and going concern value of BCR's judgment debtor, Garold Wayne Zoo. The endless cycle BCR has faced of incurring the expense of proving a transfer, only to be faced with another, is a manifest injustice and is precisely the reason a functioning revenue receiver is so essential in this case. *See, e.g., Earthgrains Baking Cos., Inc. v. Sycamore Family Bakery, Inc.*, 09-cv-523-DAK, 2018 WL 5776545, * 7-8 (D. Utah Nov. 2, 2018) (case in which, despite charging order in place for years, the plaintiff/creditor had not received any payment from the defendant/debtor, the court appointed a receiver rather than the special master sought by defendant, as defendant could use a special master to continue its pattern of

5

**EXHIBIT 5**

alarming pattern of ignoring the Court's orders with regard to the revenue receivership can only be addressed meaningfully through the Court's contempt power. The elements of contempt are clearly present, as established below.

## II. ARGUMENT AND AUTHORITIES

### A. GREATER WYNNEWOOD AND LOWE ARE IN CONTEMPT OF THE RECEIVER ORDER.

The elements of civil contempt, which must be proved by clear and convincing evidence, are 1) existence of a valid court order; 2) knowledge of the order; and 3) failure to obey the order. *Reliance Ins. Co. v. Mast Constr.* Co., 159 F.3d 1311, 1315 (10th Cir. 1998). Each of those elements is present here.

#### 1. The Receiver Order is a Valid Court Order.

The Court entered the Receiver Order on July 11, 2018. That Order reinstated the prior receiver order entered March 14, 2016, which had been vacated in the interim for further briefing. *See* Receiver Order and prior order [Docs. 202, 387]. The Receiver Order remains in existence and has not been appealed. The Receiver Order clearly stated "Ken Klingenberg's authority as receiver, as stated in the Memorandum and Order of March 14, 2016 [Doc. No. 202], is reinstated as of the date of this order …." *See* Order

---

delay and facilitate an "endless merry-go-round" of discovery consistent with the demonstrated, ongoing efforts of the debtor and its principals to delay paying the plaintiff funds that had been "due and owing for years.")

**EXHIBIT 5**

[Doc. 387].[9] The March 14, 2016 receiver Order, among other things, plainly provided the revenue receiver authority to:

> 4. Take possession of, collect, and manage, the proceeds, revenues, profits, donations, accounts receivable, including but not limited to daily donations, tour revenue, and all other daily income generated by the Zoo or its successor, from any source whatsoever (the "Proceeds"); 5. Collect, endorse, and deposit all Proceeds into the Accounts; … 6. Approve and make all payments necessary for the operations of the Zoo or its successor; … and 10. Review accounts payable presented to the receiver by the management of the Zoo and or its successor, and approve, or disapprove, such accounts payable for payment….

See Memorandum and Order [Doc. 202] at 2-3. These rights of the receiver were plainly identified for all those subject to the Order. The Receiver Order is a valid order. *Reliance Ins. Co. v. Mast Constr.* Co., 159 F.3d at 1315.

## 2. Greater Wynnewood and Lowe had Knowledge of the Receiver Order.

The Receiver Order was served via the Court's ECF system at a time when Greater Wynnewood was represented by counsel. *Id.*[10] Additionally, the Receiver sent a copy of the Order to all counsel of record in July 2018 via certified mail. *See* Receiver's Third Motion for Contempt [Doc. 398] at 4, ¶ 8; Ex. 2 (Conrad Affidavit) at 2, ¶ 6. Therefore, Greater Wynnewood had knowledge of the Order, and Lowe had knowledge of the Order

---

[9] The Receiver Order stated it would be effective as of the Order's date, if the receiver's bond remained in effect. *See* [Doc. 387] at 11. The receiver's bond did remain effective, therefore the Order was effective July 11, 2018. *See* Ex. 2 (Conrad Affidavit) at 2, ¶ 5.

[10] Greater Wynnewood's counsel withdrew with Court permission on August 24, 2018. *See* Order [Doc. 407]. The Court Ordered Greater Wynnewood to enter an appearance through successor counsel within thirty days. *See, id.* at 2. Greater Wynnewood has failed to do so, and BCR has moved for judgment based on this default. *See* Motion [Doc. 409].

7

**EXHIBIT 5**

by virtue of his status as the sole member of Greater Wynnewood.[11] *See* Answer [Doc. 396] at 6, ¶ 25 (admitting Lowe is the sole member of Greater Wynnewood). Further, when the receiver and counsel appeared at the Animal Park on August 16, 2018 (for an inspection arranged through Greater Wynnewood's counsel) Lowe personally blocked the receiver's physical access to the Animal Park despite being told explicitly the receiver was there under authority of the Receiver Order. *See* Receiver's Second Motion for Contempt [Doc. 397] at 6, ¶ 12 ("The Receiver promptly identified himself *and the authority under which he was operating*") (emphasis added), and n. 6, *supra*.[12] Greater Wynnewood and Lowe unquestionably have knowledge of the Receiver Order. *Reliance Ins. Co. v. Mast Constr.* Co., 159 F.3d at 1315.

### 3. Greater Wynnewood and Lowe Have Wholly Failed to Comply with the Receiver Order.

Greater Wynnewood and Lowe have wholly failed to comply with the Receiver Order. The receiver has been denied access to Greater Wynnewood's bank accounts and other books and records, and was prevented physical access to the Animal Park itself.

---

[11] An Oklahoma limited liability company, such as Greater Wynnewood, may be comprised of one member. *See, e.g.,* OKLA. STAT. tit. 18, § 2012.2(C) ("An operating agreement of a limited liability company having only one member is not unenforceable because there is only one person who is a party to the operating agreement.").

[12] Lowe and Greater Wynnewood also had knowledge of the initial revenue receiver order that was reinstated by the Receiver Order, as they moved to vacate it, then withdrew that motion, then filed a second, ultimately successful motion to vacate, then vigorously, but unsuccessfully, opposed reinstatement of the initial receiver order [Doc. 202]. *See* [Docs. 202, 210, 217, 219, 227, 253, 254, 283, 294, 298, 318, 330, 336, 346, and 387].

8

**EXHIBIT 5**

a. **Failure to identify or provide access to financial accounts or other books and records.**

Greater Wynnewood and Lowe have failed to identify to the receiver, or allow the receiver access to, the Animal Park's financial accounts and books and records. By certified letter to Greater Wynnewood's counsel dated July 27, 2018 ("July 2018 Letter"), the receiver requested that Greater Wynnewood, *inter alia*:

- Identify and provide a specific list of every checking account, money market accounts, investment accounts, and saving account along with the financial institution and account numbers. Also include the names and telephone numbers of those who are signatories on those accounts and have the ability to withdraw from those accounts. Further, identify and provide a specific list of any and all Groupon accounts, Paypal accounts, GoFundMe accounts, and similar accounts. This request should be read to include accounts in which income of donations are stored. In addition to identifying the accounts please provide the login information and security questions.
- Provide the accounting of any proceeds, revenues, profits, donations, accounts receivable, and whether they are daily donations, tour revenue or any other type of income generated by the zoo since the Receivership has been suspended.
- Provide all records, statements books of accounting, ledgers, financial accounts and all other documents related or pertaining to the generation of income and/or donations from any source whatsoever for the zoo or its successors since the Receivership has been suspended.
- Provide the QuickBooks files for all accounts and/or entities since the above referenced case began.
- Provide a detailed listing of the current accounts payable of the zoo or its successors along with the name of the vendors, the amount owed, and the address of the vendors. Include a specific indication of the purpose of the expenditure.

*See* Ex. 2 (Conrad Aff.) at 2, ¶6, and Ex. A to Conrad Aff. (July 2018 Letter) at ¶¶ 2, 3, 4, 6, and 7.

However, to-date, Greater Wynnewood provided the receiver *none* of the information sought in the July 2018 Letter, and has denied the receiver access to Greater

9

**EXHIBIT 5**

Wynnewood's financial accounts and books and records. *See* Ex. 2 (Conrad Aff.) at 2-3, ¶ 6. Lowe has confirmed his refusal to cooperate with the receiver. Describing why he terminated Greater Wynnewood's counsel of record in this case, Lowe agreed it was because they did not "seem to have the ability to convey my instructions … or stand up to [the receiver]." *See* Ex. 5 (Excerpts of transcript of August 29, 2018 deposition of Jeffrey Lee Lowe ("Lowe Dep."), *Big Cat Rescue Corp. v. Big Cat Rescue Entertainment Group, Inc., et al.*, (W.D. Okla., Case. No. 5:13-fj-1-F) at 139:14-23; 141:8-12), and Ex.6 to Lowe Dep. (Lowe email) (discussed in excerpt). He continued, "Grady [counsel for the receiver] could not expect any cooperation from me, he is not going to use nothing that belonged to me or my USDA license." *See id.* (Lowe Dep.), at 141:13-21. Asked whether he was "willing to let the receiver just come in -- " he answered: "….And make the decisions of what gets paid and what doesn't get paid. No. Not even close." *See id.* at 153:16-20.

 b. **Failure to allow access to the Animal Park.**

Having received no substantive response to his request for identification of or access to Greater Wynnewood's financial and other records necessary to fulfill his duties under the Receiver Order, the receiver determined it necessary to physically inspect the Animal Park premises to obtain an understanding of the operations. Accordingly, on August 16, 2018, after the extensive communication with Greater Wynnewood's counsel arranging the date and time of an inspection of the Animal Park pursuant to the Receiver Order, the receiver and counsel appeared at the Animal Park citing the authority of the Order, but were rebuffed and denied access by Lowe and his wife, who taped the incident

10

**EXHIBIT 5**

on her phone. *See* Receiver's Second Motion for Contempt [Doc. 397] at 4, ¶¶ 3-6, 13; Ex. 2 (Conrad Aff.) at 3, ¶ 7.

In sum, the receiver has been denied information regarding Greater Wynnewood's financial and other accounts, and books and records; he has been denied access to the financial accounts and books and records; and he has been denied access to the Animal Park itself. The receiver has been unable to effectuate the valid Receiver Order due to the refusal of Greater Wynnewood and Lowe to comply with it, despite their knowledge of its terms. All the elements of contempt have been met. *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d at 1315.

### B. LOWE IS EQUALLY SUBJECT TO CONTEMPT OF THE RECEIVER ORDER.

Lowe is equally subject to contempt of the Receiver Order. He is the sole member of Greater Wynnewood, an Oklahoma limited liability company. *See* OKLA. STAT. 18, tit., § 2001(14) (defining "member" as "a person with an ownership interest in a limited liability company").[13] The United States Supreme Court has held that corporate officers and directors may be found in contempt for violating orders directed to the entity with which they are affiliated.

> A command to the corporation is in effect a command to those who are officially responsible. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt.

---

[13] Lowe, individually, is not a party, but will be served by private process server.

11

**EXHIBIT 5**

*Wilson v. United States*, 221 U.S. 361, 376 (1911); *see also F.T.C. v. Kuykendall,* 371 F.3d 745, 759 (10th Cir. 2004) (citing *Wilson*). As the sole member in control of Greater Wynnewood, Lowe is equally subject to contempt of the Order. Furthermore, as demonstrated above, Lowe refused to cooperate with the receiver, and personally made the decision that he would not allow the receiver any jurisdiction over the Animal Park's revenue and receipts, in that he refused to let the receiver assume his duties, including determining "what gets paid and what doesn't get paid." *See* Ex. 5 (Lowe Dep.) at 141:8-21, and 153:16-20.

All the elements necessary for a finding of contempt as to both Greater Wynnewood and Lowe are present by clear and convincing evidence.

A showing of a party's harm is not a necessary element to a finding of contempt. *See Reliance Ins. Co. v. Mast Constr.* Co., 159 F.3d at 1315 (stating elements). However, BCR does suffer continuing harm by Greater Wynnewood and Lowe's contempt, as the receiver has been unable to fulfill his duties under the Order and monitor, conserve and protect the interest BCR established in the good will, going-concern value and revenue stream of the Animal Park, and to help preserve any other right BCR may establish in the future as a creditor of G.W. Zoo and Garold Wayne Zoo. *See* Receiver Order [Doc. 387] at 7, 9-10. As the Court determined, any legal remedy available to BCR other than a revenue receivership is inadequate. *Id.* at 10.

The harm has been compounded by Greater Wynnewood's flouting of the Court's 2016 and 2018 Orders directing Greater Wynnewood to pay the receiver's interim compensation. *See* Orders [Docs. 258, 390] (collectively, the "Compensation Orders").

**EXHIBIT 5**

Although Greater Wynnewood was found in contempt of the initial, October 2016 Compensation Order [Doc. 258], *see* Contempt Order [Doc. 389], it has nimbly avoided any consequence for its contempt by 1) firing its counsel days prior to the August 28th contempt show cause hearing ordered by the Court, *see* [Docs. 389, 405, and 407]; and 2) failing to comply with the Court's Order requiring an entry of appearance of substitute counsel within thirty days so that the show cause hearing could be reset, *see* Order [Doc. 407] at 2.[14] As a result, the show cause hearing has not been reset even six months later, and Greater Wynnewood remains in default of the Court's **October 2016** directive that Greater Wynnewood pay the receiver $50,611.87. *See* Orders [Docs. 258, 389]. Greater Wynnewood and Lowe, its sole decision maker, have also ignored outright the Court's July 11, 2018 Order that granted the receiver's second and third interim applications for compensation, and required BCR and Greater Wynnewood to each pay a portion of the sum allowed. *See* Order [Doc. 390].[15] BCR has complied with that Order, while Greater Wynnewood has brushed off its responsibility. Greater Wynnewood has never paid the receiver one dollar under either order. In fact, Lowe stated he fired his counsel in August 2018 in part because they failed to "stand up to" the receiver – this termination occurred at the very same time the receiver was trying without success to gain compliance with the Court's Orders. *See* Ex. 5 (Lowe Dep.) at 141:8-142:1, and Ex. 6 to Lowe Dep. (Lowe email), and Ex. 2 (Conrad Aff.) at ¶¶ 6-7. It certainly appears that Lowe, Greater

---

[14] BCR has moved for judgment in its favor due to this default. *See* Motion [Doc. 409]. That motion remains pending.

[15] BCR paid the receiver the funds the Court ordered. *See* Ex. 2 (Conrad Aff.) at 3, ¶ 8.

13

**EXHIBIT 5**

Wynnewood's sole decision maker, believes Greater Wynnewood can simply ignore the Court's authority.

Greater Wynnewood and Lowe have blocked the receiver from access to all items necessary to act as receiver, and hamstringed him by failing to pay the Court ordered compensation.[16] By denying the receiver access to the Animal Park and its financial and other accounts, books and records despite the Court's clear Order of reappointment, while brushing aside the receiver Compensation Orders, Greater Wynnewood and Lowe have effectively rendered the receivership a complete nullity.

Entry of a show cause order as to why Greater Wynnewood and Lowe, individually, should not be held in contempt for failing to obey the Receiver Order is proper given the clear and convincing evidence of every element necessary for a finding of contempt.

### III. CONCLUSION

Greater Wynnewood and Lowe have defied and wholly failed to comply with the Receiver Order. BCR accordingly applies for an order to show cause why Intervenor Greater Wynnewood Exotic Animal Park, LLC and its sole member and principal, Jeffrey Lee Lowe, individually, should not be held in contempt for violation of the Receiver Order. If contempt is found, BCR applies for an order containing all measures necessary to obtain compliance with the receiver Order, to compensate BCR for its damages, and to prevent further harm.

---

[16] Had Greater Wynnewood and Lowe complied with the Receiver Order, the receiver could have identified revenue generated during the Animal Park's busy 2018 Summer and early Fall seasons to be applied to the Court ordered compensation.

EXHIBIT 5

WHEREFORE, Plaintiff Big Cat Rescue Corp. respectfully requests the Court issue an order to show cause why Intervenor Greater Wynnewood Exotic Animal Park, LLC and Mr. Lowe, individually, should not be held in contempt for failure to comply with the Court's Order reinstating receiver [Doc. 387]; and for any and all other relief appropriate for their failure to comply with the Order, including the award of damages and BCR's reasonable attorney fees and costs; and for all such other and further relief, whether legal or equitable, as would be just.

Respectfully submitted,

*/s/ Heather L. Hintz*
Melvin R. McVay, Jr., OBA No. 6096
Heather L. Hintz, OBA No. 14253
Juston R. Givens, OBA No. 19102
PHILLIPS MURRAH P.C.
Corporate Tower, Thirteenth Floor
101 N. Robinson Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-4100
Facsimile: (405) 235-4133
mrmcvay@phillipsmurrah.com
hlhintz@phillipsmurrah.com
jrgivens@phillipsmurrah.com

***ATTORNEYS FOR PLAINTIFF***
***BIG CAT RESCUE CORP.***

**EXHIBIT 5**

# CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of March, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Peter L. Scimeca – plscimeca@fellerssnider.com
Ryan J. Duffy – rjduffy@fellerssnider.com
***Attorneys for Defendant The Garold Wayne Interactive Zoological Foundation***

Justin D. Meek – jmeek@ntmdlaw.com
Melanie K. Christians – mchristians@ntmdlaw.com
Andre Farinha – afarinha@ntmdlaw.com
***Former Attorneys for Intervenor Greater Wynnewood Exotic Animal Park, LLC***
(Accepting service for Intervenor until substitute counsel enters an appearance per Order [Doc. 407]).

Grady R. Conrad – gconrad@my.okcu.edu; grady@kenkling.com
***Attorney for Receiver, Kenneth W. Klingenberg***

John B. Davis – john@jbdavislaw.com
Kip Reiswig – kip@jbdavislaw.com
***Attorneys for Joseph Maldonado***

Braden C. Land – bland@westoklaw.com
***Attorney for Gary Douglas***

I further certify that on the 4th day of March, 2019, I served the following by U.S. mail, with postage prepaid thereon, upon the following, who are not registered participants of the ECF System:

G.W. Exotic Animal Memorial Foundation
c/o Joe Schreibvogel k/n/a Joe Maldonado
Route 2, Box 67 Wynnewood, OK 73098
a/k/a 25803 N. County Road 3250, Wynnewood, OK 73098

Bobbi Lynn Corona
5409 Taylor Road
River Oaks, TX 76114-3353

*/s/ Heather L. Hintz*
Heather L. Hintz

16

**EXHIBIT 5**