IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BIG CAT RESCUE CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-377-SLP |
| ) | |
| G.W. EXOTIC ANIMAL MEMORIAL ) | |
|    FOUNDATION and ) | |
| GAROLD WAYNE INTERACTIVE ) | |
|    ZOOLOGICAL FOUNDATION, ) | |
| ) | |
| Defendants. ) | |
| | |
| GREATER WYNNEWOOD EXOTIC ) | |
|    ANIMAL PARK, LLC, ) | |
| ) | |
| Intervenor/Counterclaim Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| BIG CAT RESCUE CORP., ) | |
| ) | |
| Intervenor-claim Defendant/Counterclaimant. ) | |

O R D E R

Before the Court is Receiver Kenneth Klingenberg's Motion to Hold Intervenor, Greater Wynnewood Exotic Animal Park, LLC, in Contempt of Court. *See* Mot., Doc. No. 269. The motion is at issue. *See* Intervenor Resp., Doc. No. 284; Reply, Doc. No. 288; Pl. Resp., Doc. No. 289.[1]

---

[1] The Court refers to Plaintiff Big Cat Rescue Corp. as "Big Cat Rescue," to Defendant G.W. Exotic Animal Memorial Foundation as "G.W. Zoo," to Defendant Garold Wayne Interactive Zoological Foundation as "Garold Wayne Zoo," and to Intervenor Greater Wynnewood Exotic Animal Park, LLC as "Greater Wynnewood."

**EXHIBIT 6**

This case grew out of attempts by Big Cat Rescue to collect on judgments it obtained in Florida in 2013 against G.W. Zoo, Joseph Maldonado (f/k/a Joseph Schreibvogel), and others. The Court assumes the parties' familiarity with this litigation's history and specifically with the recap of receiver-related events contained in the Court's order regarding re-appointment of the Receiver issued contemporaneous hereto. *See* Order of July 11, 2018, [Doc. No. 387].

Relevant to the motion addressed herein, Judge Miles-LaGrange (before this case was reassigned to this Court) granted the Receiver's first request for compensation of fees and costs, ordering "Greater Wynnewood to pay [$50,611.87] from the receipt of revenue and funds held on behalf of Greater Wynnewood" to the Receiver. Order of Oct. 5, 2016, at 4, Doc. No. 258. However, Greater Wynnewood has not paid the Receiver, despite the October 2016 order's express instructions for it to do so. The October 2016 order included compensation to the Receiver for the period of March 14, 2016, through August 31, 2016. *See id.* at n.2. The Order for Greater Wynnewood to pay the Receiver was issued more than three months before Greater Wynnewood sought to vacate the receivership.[2] Thus, at

---

[2] Although Greater Wynnewood filed a prior motion seeking to vacate the receivership [Doc. No. 210], that request was voluntarily withdrawn (with Judge Miles-LaGrange's approval) by Greater Wynnewood on September 30, 2016. *See* Appl. to Withdraw Emergency Mot., Doc. No. 253; Order of Sept. 30, 2016, Doc. No. 254. The Court rejects Greater Wynnewood's attempt to revise its position by stating it did not agree with the decision to withdraw its request for vacation of the receivership. Greater Wynnewood's counsel stated, subject to the requirements of Federal Rule of Civil Procedure 11(b), that he "ha[d] been in communication with Greater Wynnewood, who consent[ed] to the withdrawal of the Motion." Appl. to Withdraw Emergency Mot. ¶ 2, Doc. No. 253. The Court has no reason to doubt Greater Wynnewood's prior counsel's representation. Moreover, "it is a fundamental principle of our representational legal system . . . that a party acts through chosen counsel." *Sec. Nat'l Bank of Enid v. John Deere Co.*, 927 F.2d

2

**EXHIBIT 6**

the time that the October 2016 order requiring payment was issued, no challenge to the receivership existed. No party has moved for vacation of the October 2016 order.

The Receiver bases his contempt motion in Greater Wynnewood's failure to obey the October 2016 order and make a payment—either in a lump sum or in partial installments—to the Receiver. The Court has authority to impose civil contempt as a remedial punishment for a litigant's failure to obey an order. *See FTC v. Kuykendall*, 371 F.3d 745, 751-52 (10th Cir. 2004) (en banc). The Receiver, as movant, "has the burden of proving, by clear and convincing evidence, (1) that a valid court order existed, (2) that [Greater Wynnewood] had knowledge of the order, and (3) that [Greater Wynnewood] disobeyed the order." *Id.* at 756-57 (quotation marks and citation omitted). There is no question here that Greater Wynnewood had knowledge of the October 2016 order [Doc. No. 258]. Greater Wynnewood's then-counsel received a copy of the order via the Court's CM/ECF system, and knowledge of the October 2016 order is imputed from counsel to his client. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962). Nor is there any question that Greater Wynnewood failed to obey the order, as Greater Wynnewood has not made any payments to the Receiver as it was ordered to do. Greater Wynnewood does not dispute that these elements of a prima facie case of civil contempt have been met. *See* Intervenor Resp., Doc. No. 284.

---

519, 520 (10th Cir. 1991). And the previous statement of Greater Wynnewood's position was more credible than its revised statement of its position because withdrawing the motion did not advance Greater Wynnewood's contentions in this lawsuit in the way that its current approach seeks to do.

3

**EXHIBIT 6**

The only issue here is whether the October 2016 order was valid such that the first element of a prima facie showing of civil contempt is satisfied. Greater Wynnewood challenges the October 2016 order based on arguments regarding the appropriateness of the receivership itself. *See* Intervenor Resp., Doc. No. 284. However, "a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy." *United States v. Rylander*, 460 U.S. 752, 756 (1983) (quoting *Maggio v. Zeitz*, 333 U.S. 56, 69 (1948)); *see also Oklahoma ex rel. Dep't of Transp. v. United States*, No. 09-CV-452-TCK-TLW, 2012 WL 5845057, at *5 (N.D. Okla. Nov. 19, 2012) (indicating that "[t]he rules for consideration of the validity of the underlying order at the trial level . . . are limited to 'technical' considerations" and rejecting a validity challenge when the "defendants' only challenge to the validity of the underlying order [wa]s to raise the same arguments they raised when the motion . . . [that led to the underlying order] was originally litigated").

The time to contest the appropriateness of imposition of the Receiver's fees and costs on Greater Wynnewood was in response to the Receiver's original request for the same. Greater Wynnewood filed objections to the Receiver's request, Judge Miles-LaGrange overruled those objections, and that decision remains undisturbed. *See* Order of Oct. 5, 2016, Doc. No. 258; *cf. Reliance Ins. Co. v. Mast Constr. Co.*, 84 F.3d 372, 376 (10th Cir. 1996). And there is no question in this case of whether the October 2016 order provided sufficient guidance to Greater Wynnewood of how it was expected to act; the order explicitly directed payment of a certain amount be made by Greater Wynnewood to the Receiver. *See Reliance Ins. Co.*, 84 F.3d at 376 (affirming trial court decision not to

4

**EXHIBIT 6**

impose a civil contempt judgment when the underlying order "was not sufficiently definite and specific to support a civil contempt judgment" and was therefore "invalid"). All told, Greater Wynnewood's current arguments regarding validity either do not address the October 2016 order (instead addressing the receivership itself) or were rejected when the underlying October 2016 order was issued.

The Court therefore finds that the Receiver has established a prima facie case for civil contempt by clear and convincing evidence. However, the Court finds that an evidentiary hearing is needed regarding (i) whether Greater Wynnewood should be excused of its noncompliance with the Court's Order of October 5, 2016 [Doc. No. 258] due to inability to comply or other reasons and (ii) the fine or other remedy to be imposed, if any. Because a prima facie case for civil contempt has been made by the Receiver, the burden will shift to Greater Wynnewood to prove a defense to imposition of a fine or other remedy for civil contempt. *See Dep't of Transp.*, 2012 WL 5845057, at *5; *see also Donovan v. Burgett Greenhouses, Inc.*, 759 F.2d 1483, 1486 (10th Cir. 1985).

IT IS THEREFORE ORDERED that the Receiver's Motion to Hold Intervenor in Contempt of Court [Doc. No. 269] is GRANTED as to a finding that the Receiver has established a prima facie case for civil contempt. The Court withholds judgment as to whether a fine or other remedy will be imposed until after the forthcoming evidentiary hearing and Greater Wynnewood's opportunity to present its defenses.

Greater Wynnewood is ORDERED TO SHOW CAUSE why it should not be held in contempt at an evidentiary hearing on **August 28, 2018, at 10:00 a.m., in Courtroom**

5

**EXHIBIT 6**

6

**502.** The parties are instructed to exchange exhibits and witness lists for the hearing no later than seven days in advance thereof.

IT IS SO ORDERED this 11th day of July, 2018.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

**EXHIBIT 6**