IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-18-227-SLP |
| | ) | |
| JOSEPH MALDONADO-PASSAGE, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO SEVER AND BRIEF IN SUPPORT**

Defendant Joseph Maldonado-Passage moves to sever Counts 1 and 2 from Counts 3-21 of the Superseding Indictment. Mr. Maldonado-Passage submits the counts were improperly joined and trial on the two groups of charges will result in unfair prejudice to the defendant. Accordingly, he moves for an order severing trial between the two groups of counts. In support of this request, Mr. Maldonado-Passage submits the following.

**FACTS**

Counts 1 and 2 of the Superseding Indictment filed against Mr. Maldonado-Passage charge violations of 18 U.S.C. § 1958(a), murder for hire. Count 1 alleges that in November 2017, Mr. Maldonado-Passage inquired of Individual 1 whether he would travel to Florida to murder C.B. in exchange for money. Count 2 alleges Mr. Maldonado-Passage was introduced to an undercover FBI agent by Individual 2 for the purpose of hiring someone to travel to Florida to murder C.B.. According to the Superseding Indictment, Count 2 involved phone conversations with Individual 2 from December 2017 through March 2018.

**EXHIBIT 7**

In contrast, Counts 3 through 21 relate to alleged violations of the Endangered Species Act and Lacey Act. *See, e.g.*, 16 U.S.C. §§ 1538, 3372, 3373. (Doc. 24 at 7-11). Specifically, in Counts 3-7, Mr. Maldonado-Passage is accused of "taking" 5 tigers in October of 2017 by killing them. The government alleges the purpose of killing the 5 tigers was to free up space in the exotic animal park in anticipation of the arrival of additional animals from a different park. (Doc. 24 at 7). As a result, the government has charged Mr. Maldonado with 5 misdemeanor counts for allegedly violating the Endangered Species Act. 16 U.S.C. § 1538(a)(1)(B).

Counts 8 - 11 allege violations of a different provision of the ESA, namely offering to sell and selling animals considered an endangered species in interstate commerce throughout various dates in November of 2016 through March of 2018 in violation of 16 U.S.C. § 1538(a)(1)(F). (Doc. 24 at 8-9). The remaining ten counts allege felony violations of the Lacey Act for falsely labeling wildlife transported in interstate commerce. (Doc. 24 at 9-11).

## LAW AND ARGUMENT

Mr. Maldonado-Passage submits Counts 1 and 2 are improperly joined with Counts 3-21. Joinder of counts is governed by Federal Rule of Criminal Procedure 8(a), which provides:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged-whether felonies or misdemeanors or both-are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

**EXHIBIT 7**

Mr. Maldonado-Passage submits the murder for hire counts were improperly joined under Rule 8 because they are not part of the same character, not the same act or transaction, nor are they parts of a common scheme or plan. *United States v. Bailey*, 952 F.2d 363, 364-65 (10th Cir. 1991). The murder for hire counts bear no motive or casual relationship to the wildlife counts. The alleged scheme to murder C.B. does not have any factual relationship to the allged taking of wildlife or the mislabeling of wildlife. Upon information and belief, the evidence at trial will demonstrate that the alleged solicitation plot bears no relation to the wildlife counts. Superficially, the counts appear related in the sense that Mr. Maldonado-Passage is the accused in both sets of counts and many of the alleged acts occur at the exotic animal park. The alleged motive of the murder for hire plot (*see* ¶ 5 of Doc. 24) relates to a civil judgment against Mr. Maldonado-Passage and his business entities. The violations of the ESA and Lacey Act do not relate to this alleged motive. The government has not alleged that the violations alleged in the wildlife counts contirubted in anyway to the murder for hire plot.

Even the Superseding Indictment acknowledges the factual and legal distinction between the murder for hire counts and the wildlife counts. The relevant background information to the murder for hire counts begins in a section entitled "Introduction" beginning on the first page of the Superseding Indictment. (Doc. 24 at 1-2). In contrast, the background environment relevant to the wild life counts is set apart in a different section entitled "Law Pertaining to Wildlife" spanning pages 2 through 4 of the Superseding

**EXHIBIT 7**

Indictment. (Doc. 24 at 2-4). The government makes no attempt to connect the two sets of counts in the Superseding Indictment.

It appears the investigation into Mr. Maldonado-Passage began as inquiry into possible wildlife violations. During the investigation, an agent with the United States Fish and Wildlife Service uncovered a separate alleged plot to hire someone to murder C.B. The mere discovery of separate offenses during an investigation is insufficient to join the different counts. *United States v. Cardwell*, 433 F.3d 387, 386 (4th Cir. 2005) ("While discovery of the gun during the murder-for-hire investigation shows a *temporal* relationship between [defendant's] gun possession and the murder-for-hire plot – *i.e.*, that they occurred at the same time-we do not believe that a mere temporal relationship is sufficient to show that the two crimes at issue here were *logically* related.") (emphasis in original). *See also United States v. Mackins*, 315 F.3d 399, 413 (4th Cir. 2003) (joinder of counterfeit checks counts and drug / money laundering conspiracies involving same defendant error); *United States v. Singh*, 261 F.2d 530, 533 (5th Cir. 2001) (joinder of gun count and immigration counts improper where gun bore no relation to immigration charge and was simply found during search); *United States v. Chavis*, 296 F.3d 450, 458 (6th Cir. 2002) (joinder of a possession of cocaine base and making a false statement to a federally licensed firearms dealer was improper, in part, because the two offenses were wholly distinct from each other).

Rule 8(a)'s requirements are not "infinitely elastic" and "cannot be stretched to cover offenses . . . which are discrete and dissimilar and which do not constitute parts of a common

4

**EXHIBIT 7**

scheme or plan." *United States v. Mackins*, 315 F.3d 399, 413-14 (4th Cir. 2003) (internal quotations omitted). Here, none of the Rule 8 requirements are met: the murder for hire counts and the wildlife counts do not arise from the same act or transaction; they are not part of a common scheme or plan; nor are they of the same or similar character. *United States v. Hutchinson*, 573 F.3d 1011, 1026 (10th Cir. 2009).

Severance is also required under Rule 14 of the Federal Rules of Criminal Procedure because trial on both sets of counts will result in substantial prejudice to Mr. Maldonado-Passage. Federal Rule of Criminal Procedure 14 provides:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

*See, e.g.*, *United States v. Valentine*, 706 F.3d 282, 289 (10th Cir. 1983). *See also Hutchinson*, 573 F.3d at 1025 (counts are to be severed if joinder would result in actual prejudice to the defendant that outweighs the expense and inconvenience of separate trials). The unfair prejudice to Mr. Maldonado-Passage by joinder of the murder for hire and wildlife counts is clear.

Here, evidence of Mr. Maldonado-Passage allegedly killing five tigers at the exotic animal park will serve to unfairly prejudice him with respect to the murder for hire counts. This evidence would not be admissible in the government's case in chief in the trial of the murder for hire charges. Such evidence will irreparably prejudice the jury beyond any curative effect of a jury instruction. It is no accident the five misdemeanor ESA "taking"

5

**EXHIBIT 7**

counts are listed directly after the murder for hire counts. The prejudicial effect of evidence relating to alleged slaughter of beloved animals in a trial for a murder for hire plot is clear and substantial, particularly when Mr. Maldonado-Passage's public identity is well known as an operator of an exotic zoo.

The evidence will also serve as improper propensity evidence. *Old Chief v. United States*, 519 U.S. 172, 180 (1997) ("The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."). The jury will hear evidence suggesting Mr. Maldonado-Passage committed crimes of dishonesty – mislabeling animals in interstate commerce.

In short, Mr. Maldonado-Passage requires separate trials due to the prejudicial joinder of the murder for hire and wildlife counts. *See United States v. Holloway*, 1 F.3d 307, 311-12 (5th Cir. 1993) (joinder of felon in possession charge with robbery charges unfairly prejudicial, because the defendant "was unjustifiably tried, at least in part, on the basis of who he was, and not on the basis of the material evidence presented against him."); *United States v. Carter*, 475 F.2d 349, 350 (D.C. Cir. 1973) (per curiam) (joinder of robbery and assault charges involving different victims on different days held to be prejudicial because "the jury must have been influenced by the sum total of the evidence, without segregating, in insulated compartments, the proof under each group of counts.")

**EXHIBIT 7**

Prejudice also arises because "the jury 'may confuse and cumulate the evidence and convict the defendant of one or both crimes when it would not convict him of either if it could keep the evidence properly segregated." *United States v. Foutz*, 540 F.2d 733, 736 (4th Cir. 1976). The evidence concerning the wildlife counts involves the sale and labeling of various animals between numerous witnesses unrelated to the murder for hire counts. The wildlife counts also involve an entirely separate title of the United States Code dealing with regulations and administrative action. This evidence is wholly irrelevant to the murder for hire counts and will confuse the issues and mislead the jury.

Though judicial economy is a consideration, it does not weigh in favor of joinder. The offenses in this case occurred on different dates with different witnesses and require different exhibits. The Tenth Circuit has opined that "economizing judicial resources is not of great significance when the offenses were on different dates with different witness[es].") *United States v. Muniz*, 1 F.3d 1018, 1023 (10th Cir. 1993).

## CONCLUSION

In short, the murder for hire counts and the wildlife counts do not survive a challenge under Rule 8. But even if the offenses were properly joined, Mr. Maldonado-Passage submits trial will result in unfair prejudice. The Court may "order separate trials of counts . . . or provide any other relief justice requires." Rule 14, FED.R.CRIM.PRO. Mr. Maldonado-Passage moves for separate trials on Counts 1 and 2 of the Superseding Indictment.

**EXHIBIT 7**

Respectfully submitted,

*s/ William P. Earley*
WILLIAM P. EARLEY
Bar Number 11293
KYLE E. WACKENHEIM
Bar Number 30760
ASSISTANT FEDERAL PUBLIC DEFENDERS
SUITE 109, 215 DEAN A. McGEE AVENUE
OKLAHOMA CITY, OKLAHOMA 73102
(405)609-5930 FAX (405) 609-5932
E-mail william.earley@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of December, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic filing to the following ECF registrants: Amanda Green and Charles Brown, Assistant United States Attorneys.

*s/ William P. Earley*
WILLIAM P. EARLEY

**EXHIBIT 7**