## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JOSEPH MALDONADO-PASSAGE, | ) |
| a/k/a Joseph Allen Maldonado | ) |
| a/k/a Joseph Allen Schreibvogel | ) |
| a/k/a "Joe Exotic," | ) |
| | ) |
| Defendant. | ) |

Case No. 18-227-SLP

### AFFIDAVIT OF JOSEPH MALDONADO-PASSAGE

**STATE OF TEXAS**
**COUNTY OF TARRANT**

Pursuant to section 144 of Title 28, United States Code and other good cause shown,

BEFORE ME, the undersigned JOSEPH MALDONADO-PASSAGE, personally appeared, who

is personally known to me, and who after being first duly sworn, deposes and says:

1. I, JOSEPH MALDONADO-PASSAGE, am over the age of eighteen and have personal
   knowledge of the facts contained herein.

2. Now that my sentencing has been vacated by the Appellate Court and my case has been
   remanded to the circuit court, I respectfully request the Honorable Judge Palk proceed no further
   therein, but another judge shall be assigned to hear my re-sentencing and motions for post-trial
   relief.

3. Judge Palk has shown a personal bias or prejudice against me.

4. *Big Cat Rescue Corp. v. GW Exotic Memorial Animal Foundation et. al* and *Big Cat Rescue
   Corp. v. Schreibvogel* were assigned to Judge Palk on November 27, 2017. Months later, the

**EXHIBIT 10**

subject case, *United States of America v. Maldonado-Passage* was filed and assigned to Judge

Palk. Since then, *Maldonado-Passage v. U.S. Federal Wildlife Services, et al.*, was filed and also

assigned to Judge Palk.  In each instance, there were rulings which mischaracterized me as

untruthful, seeking to victimize Carole Baskin and other attacks on my character.  In each

instance, Big Cat Rescue prevailed and I was held in disrepute.

5.  Judge Palk has previously found "clear and convincing" evidence of misconduct, wrongdoing or

contempt against me, my park and several of the intertwined witnesses, who will now come

before you with more facts of my innocence and abuse of authority by the government and

perjury by witnesses in my criminal case.

6.  Future witness Jeff Lowe is actually scheduled to appear before Judge Palk soon in one of these

cases and faces possible criminal or civil contempt where Carole Baskin, by and through Big Cat

Rescue is the movant.

7.  Jeff Lowe has provided new evidence to my attorneys and his credibility and character will be at

issue and this court has already made up his mind about what happened in these cases through its

rulings and comments.

8.  For instance, during sentencing, Judge Palk said:

a.  Defendant relied on a variety of word games in his testimony, deflected blame, and attempted to

create plausible deniability for his criminal conduct . . . (Sentencing Tr. 28:13-16).

b.  "The Court certainly does not make any declaration that the defendant's testimony was truthful . .

. (Sentencing Tr. 28:17-18).

c.  Any issues of credibility with the defendant's testimony could be taken into consideration in the

context of Section 3553 sentencing factors (Sentencing Tr. 28:21-23).

**EXHIBIT 10**

d. "I will tell you that I have absolutely zero question in my mind that that will be a condition. Mr. Maldonado has throughout this course of the evidence demonstrated his intent and willingness to circumvent the various regulatory statutes dealing with these animals and I -- it is the Court's intent to leave absolutely zero wiggle room that he should ever be involved in the possession or care of these animals (Sentencing Tr. 47:24-48:6).

e. An objective look at all of the evidence in this case leads to the fair conclusion that the defendant was consumed, if not obsessed, with silencing Carole Baskin (Sentencing Tr. 75:17-19).

f. There is minimal evidence in the record demonstrating any respect the defendant has for the law during the course of these criminal acts (Sentencing Tr. 77:4-6).

g. "A significant example of that is, in spite of your prosecution for these very violations, evidence was introduced at trial of your attempt to broker the sale of a litter of lions for financial gain for your husband from the county jail while you were awaiting trial (Sentencing Tr. 77:6-10). This was a factor in sentencing and coupled with the statement by Judge Palk, [t]hose violations collectively demonstrate that defendant was engaged in a systematic trafficking of animals, which included the unlawful killing of a number of them. And it is immaterial to me that the defendant disagrees with the interpretation of the statutes or what is included as a protected animal under the ESA (Sentencing Tr. 76:17-22).

h. While you may be effectively out of the exotic animal business, the issues which motivated you to solicit the murder of Carole Baskin remain (Sentencing Tr. 78:1-4).

i. Mr. Maldonado-Passage, you have conducted yourself for years doing as you pleased, whether in your actions and reactions to your conflict with the victim in this case, or in regard to your handling of these protected animals and the laws regarding their ownership.  It is clear from the evidence in this case that you are convinced that you always know better and expect your

**EXHIBIT 10**

explanations and directives to be taken at face value. You have routinely attempted to explain away your conduct, including today, blaming those around you, whether that is Carole Baskin, law enforcement, business partners or your own employees. Sir, in spite of what you may believe, you are not the only in-step person in an out-of-step world. (Sentencing Tr. 81:10-21).

9. To the contrary, from the beginning, the Government misled the jury about Carole Baskin. "Carole, she's a conservationist." (Trial Tr. 17:16). "Her mission is to stop what she believes to be the exploitation and the mistreatment of big cats at roadside zoos (Trial Tr. 17:21-23). The court has repeatedly accepted this narrative, even allowing her and Howard Baskin to sit in the entirety of trial.

10. During sentencing, the public defender states, [y]ou know, Judge, there's been a lot going on in this case, a lot before and a lot after. And, you know, oddly enough, most of it played out on Facebook or other social media sites. And, you know, it's very tempting, I think, for me to perhaps get sucked into responding to all of the various things that have been said and done both before and after the trial, but I'm not going to do that. And I'm going to -- I'm going to be Mr. Maldonado-Passage's attorney and I'm going to address what I think is important in this case . . . (Sentencing Tr. 51:13-21).

11. Judge Palk responded, [a]nd I would assure you, Counsel, fortunately, I am not on Facebook, Twitter, whatever else (Sentencing Tr. 51:25-52:1).

12. Despite not being on social media, Judge Palk was well aware of all of the accusations surrounding the defendant who stood before him. In fact, he had been actively involved in two other cases at the time of sentencing. These cases resulted in very adverse rulings against Maldonado-Passage.

**EXHIBIT 10**

13. New evidence will be presented that Howard Baskin and/or Carole Baskin were in frequent contact with witnesses leading up to my trial, including offering them incentives if they continued to cooperate.

14. Judge Palk has shown a personal bias in favor of Assistant United States Attorney Amanda Maxfield Green, who represented the United States in my criminal case.

15. Immediately after my conviction, Amanda Maxfield Green interviewed with media and documentaries.

16. Amanda Maxfield Green was then selected by the judges of the United States District Court for the Western District of Oklahoma to be their magistrate judge, where she has worked on cases with Judge Palk.

17. She is scheduled to appear, while acting as a Magistrate Judge on August 27, 2021 and present on "Tiger King on Trial: Prosecuting Joe Maldonado-Passage" Judge Amanda Green, United States Magistrate Judge Western District of Oklahoma" in Oklahoma City. Thus, despite the fact my case is not over, she is still gaining fame and attention for my prosecution.

18. Upon information and belief, Judge Palk failed to recuse himself on the selection process of Judge Maxfield-Green to be your peer on the bench.

19. I plead to this Court for a new judge.

20. I want to believe that Judge Palk was, is and will always be fair, but his impartially would and should reasonably be questioned based on the facts in this Affidavit and Defendant's Motion for Disqualification.

**EXHIBIT 10**

**FURTHER AFFIANT SAYETH NOT**

_____
Joseph Maldonado-Passage

8-4-21
_____
Date

Notary Public - Texas
Notary Public

8-4-21
_____
Date

Tevin Broussard
Type or Print Name
My Commission Expires:

> TEVIN BROUSSARD
> My Notary ID # 133135329
> Expires June 3, 2025

## CERTIFICATE OF COUNSEL

The Undersigned, John M. Phillips, Esq., counsel for Defendant, Joseph Maldonado-Passage has reviewed this Affidavit and Certify that it is truthful and filed in good faith.

_____
John M. Phillips, Esq.

8.5.21
_____
Date

Catherine M. Halsema
Notary Public

Catherine M. Halsema
Type or Print Name
My Commission Expires:



> Notary Public State of Florida
> Catherine M. Halsema
> My Commission HH .135154
> Expires 05/27/2025

**EXHIBIT 10**