# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOSEPH MALDONADO-PASSAGE, ) <br> a/k/a Joseph Allen Maldonado ) <br> a/k/a Joseph Allen Schreibvogel ) <br> a/k/a "Joe Exotic," ) <br> ) <br> Defendant. ) | Case No. 5:18-CR-00227-SLP |

## DEFENDANT'S MOTION FOR RELIEF FROM LOCAL RULE 57.3

**COMES NOW** Defendant, JOSEPH MALDONADO-PASSAGE, by and through the undersigned counsel, and files this Motion for an order seeking relief from local rule LCr57.3 and in support thereof states as follows:

1. On August 13, 2021, we received an e-mail correspondence from the Courtroom Deputy for Judge Palk, informing us we are required to associate with local counsel under the local rules for the Western District of Oklahoma.

2. Upon review of local rule LCrR57.3(b) it states, "Responsibilities of Local Counsel. It is the responsibility of local counsel appearing in any criminal case to file the motion of the non-resident attorney to be admitted pro hac vice and to certify in the motion that the non-resident attorney is a member in good standing of the Bar of the highest court of the state where the non-

resident attorney resides or is licensed. The local attorney shall sign the first pleading filed and shall continue in the case unless other local counsel is substituted. Any notice, pleading, or other paper may be served upon the local attorney with the same effect as if personally served on the non-resident attorney."

3. While Mr. Phillips and Ms. Hanna agree they are not residents of Oklahoma, they do not need to be admitted *Pro Hac Vice* and are not merely "member(s) in good standing of the Bar of the highest court of the state where the non-resident attorney resides or is licensed."

4. Mr. Phillips and Ms. Hanna are not admitted to this court *Pro Hac Vice*. Mr. Phillips was sworn in to the Western District of Oklahoma on March 2, 2021[1] and Ms. Hanna was sworn in on April 16, 2021 (certificates of admission Ex. 1.) As such, the rule provides some confusion about its applicability given our admission before this Court.

5. Given that Mr. Phillips and Ms. Hanna have not otherwise "show(n) association with an attorney who is personally appearing in the action and who is a resident of the State and maintains a law office within the State of Oklahoma, and who has been duly and regularly admitted to practice in this

---

[1] A signed certificate for Mr. Phillips can be supplemented upon receipt.

court," it is out of an abundance of caution that we seek exception as noted herein.

6. Pursuant to LCrR57.3(c) entitled, "Relief from this Rule", "[r]elief from this rule is within the court's discretion upon motion establishing financial hardship, special qualifications of non-resident counsel, or other good cause, provided that out-of-state counsel certifies familiarity with the local court rules."

7. Under 28 U.S.C. §1654, the District Court has broad discretion concerning admission to practice before it. ". . . such rules may not be allowed to operate in a way as to abridge the right of any class of litigants to use the federal courts or to deny the Sixth Amendment right of criminal defendants to counsel of their choice." Lefton v. Hattiesburg, 333 F.2d 280 (5th Cir. 1964).

8. Mr. Maldonado-Passage has a right to retain counsel of his choice who will properly litigate his interests. This case is not in state court and does not involve the need for *Pro Hac Vice* admission.

9. To the extent relief is necessary, our client, Joseph Maldonado-Passage, is well known to this Court and is currently sentenced to a term of imprisonment at Federal Medical Center Forth Worth as of January 22, 2020.

10. Mr. Maldonado-Passage qualified for the public defender at the time of trial. His financial hardship since his 2018 financial affidavit[2] has significantly worsened due to his incarceration and the money judgements entered against him are in excess of one million dollars. Additional compensatory sanctions are still being imposed by this Court, with the most recent being August 5, 2021.

11. Mr. Maldonado-Passage is financially unable to obtain counsel. He is unemployed. At this time, he has no income.

12. Concurrently, and separately, the undersigned lead counsel has "special qualifications," despite being a nonresident.

13. Mr. Phillips has more law licenses than all but a few attorneys in the country. He is licensed in full and good standing in the following states:

   a. Alabama (9/29/2000)

   b. Florida (05/14/2001)

   c. Georgia (12/24/2002)

   d. District of Columbia (06/26/2019)

   e. New York (11/21/2019)

   f. Texas (05/14/2020)

---

[2] Counsel is unable to obtain an updated financial affidavit at this time as Mr. Maldonado-Passage's Unit is currently under quarantine due to COVID.

    g. Illinois (03/23/2021)

14. Mr. Phillips' application to the State bar of Oklahoma is currently pending and a final determination is expected next month.

15. In addition to being licensed in the highest court of each of these seven states, he is admitted to the Middle, Northern and Southern Districts of Florida, the Middle District of Alabama, the Northern and Middle Districts of Georgia, the Southern District of New York, the Northern District of Texas, the Western District of Oklahoma, the 11th Circuit Court of Appeals and the United States Supreme Court. He is also Board Certified in Civil Trial law in the state of Florida.

16. He recently prevailed before the United States Supreme Court and has active cases in New York, Florida, Georgia and the District of Columbia without ever being disciplined or held in any disfavor by any court at any time.

17. Mr. Phillips has never been disciplined by any court or Bar during his twenty (20) years of practice.

18. Mr. Phillips has maintained an AV-Preeminent rating by Martindale-Hubble for well over a decade.

19. Mr. Phillips certifies familiarity with the local court rules of the Western District of Oklahoma.

20. Mr. Phillips is joined by Amy Hanna who was admitted to practice in Florida in December of 2015, the Southern and Middle Districts of Florida, and the Western District of Oklahoma.  Ms. Hanna has never been disciplined by any court or Bar during her years of practice.

21. Ms. Hanna also certifies familiarity with the local court rules of the Western District of Oklahoma.

WHEREFORE, The Defendant respectfully requests this Honorable Court enter an Order providing relief from associating with local counsel and any other relief this Court deems necessary and just.

Respectfully Submitted,

/s/ John M. Phillips
John M. Phillips
Florida Bar No.: 0477575
/s/ Amy M. Hanna
Amy M. Hanna
Florida Bar No.: 0120471
212 N. Laura Street
Jacksonville, FL 32202
(904) 444-4444
(904) 508-0683 (facsimile)
Attorneys for Defendant
amy@floridajustice.com
jphillips@floridajustice.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 18, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and a copy hereof has been furnished to those registered participants of the ECF system.

/s/ John M. Phillips
John M. Phillips
Florida Bar No.:0477575
/s/ Amy M. Hanna
Amy M. Hanna
Florida Bar No.: 0120471
212 N. Laura Street
Jacksonville, FL 32202
(904) 444-4444
(904) 508-0683 (facsimile)
Attorneys for Defendant
amy@floridajustice.com
jphillips@floridajustice.com
