**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-18-227-SLP |
| | ) | |
| JOSEPH MALDONADO-PASSAGE, | ) | |
| a/k/a Joseph Allen Maldonado, | ) | |
| a/k/a Joseph Allen Schriebvogel, | ) | |
| a/k/a "Joe Exotic," | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

Before the Court is Defendant's Motion for Relief from Local Rule 57.3 [Doc. No. 166]. Local Criminal Rule 57.3(c) allows relief from the requirement that non-resident attorneys associate with local counsel "within the court's discretion" and "upon motion establishing financial hardship, special qualifications of non-resident counsel, or other good cause, provided that out-of-state counsel certifies familiarity with the local court rules."

The Court finds that Defendant's Motion does not establish good cause and, accordingly, Defendant's request for relief pursuant to Local Criminal Rule 57.3(c) should be denied. Although the Court has no reason to doubt the legal qualifications and experience of Mr. Phillips and Ms. Hanna, the Court discerns no particular facts that persuade the Court to relieve Defendant from the association requirement. The role of local counsel "is more than to serve as a post office box"—the rule is "predicated upon a notion that familiarity with local rules and procedures advances the goal of the efficient

administration of justice." *Mowrer v. Warner-Lambert Co*., No. CIV.A. 98-2908, 1998 WL 512971, at *1 (E.D. Pa. Aug. 19, 1998).  The Court finds that associating with local counsel would aid the administration of justice in this case.  Additionally, although the Motion makes allegations regarding Defendant's current financial straits, the Motion does not attach any evidence establishing the same.  The local counsel requirement can, in fact, reduce costs by saving travel time and expense for in-court matters.  And the Court expects that sophisticated counsel could efficiently allocate work in the economic interests of the client.  *See SE Prop. Holdings, LLC v. Stewart (In re Stewart)*, No. 15-12215-JDL, Adv. No. 16-1117-JDL, 2017 WL 1185171, at *2 (Bankr. W.D. Okla. Mar. 29, 2017).[1]

IT IS THEREFORE ORDERED that Defendant's Motion for Relief from Local Rule 57.3 [Doc. No. 166] is DENIED.  Defendant shall associate with local counsel pursuant to Local Criminal Rule 57.3(c) within seven days of the date of this Order.

IT IS SO ORDERED this 20th day of August, 2021.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[1] Further, to the extent Defendant is confused regarding the rule's applicability, the Court notes that the local counsel requirement applies to "any attorney who is not a resident of, and does not maintain an office in, Oklahoma[.]"  LCrR 57.3(a).  Defendant does not allege that his attorneys fall outside of this rule.