# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)  Case No. 5:18-cr-00227-SLP<br>)<br>v. )<br>)<br>JOSEPH MALDONADO-PASSAGE, )<br>a/k/a Joseph Allen Maldonado )<br>a/k/a Joseph Allen Schreibvogel )<br>a/k/a "Joe Exotic," )<br>)<br>Defendant. ) | |

## APPLICATION TO FILE UNDER SEAL

**COMES NOW** Defendant, JOSEPH MALDONADO-PASSAGE, by and through the undersigned counsel, and applies, pursuant to Local Criminal Rule 12.2, for an Order temporarily sealing the Defendant's Sentencing Memorandum, corresponding exhibits and any related documents until further order of the Court.

"A common law right exists to inspect and copy judicial records. The right is an important aspect of the overriding concern with preserving the integrity of the law enforcement and judicial processes. However, the right is not absolute." *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985). *In re Knight Pub. Co.,* 743 F.2d 231 (4th Cir. 1984), in criminal cases, "[t]he trial court has supervisory power over its own records and may, in its discretion, seal document if the public's right of access is outweighed by competing interests." "This presumption of access, however, can be rebutted if

1

countervailing interests heavily outweigh the public interests in access…" *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).  Further in *Nixon v. Warner Commc'ns*, 435 U.S. 589, 98 S. Ct. 1306 (1978), "[t]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."

Here the Defendant is seeking an Order temporarily sealing the Sentencing Memorandum, corresponding exhibits and related documents to protect the identity and security of witnesses who will be called at the sentencing hearing in this matter. Additionally, the memorandum and corresponding exhibits contain subject matter that has not yet been made public and the Defendant asks this Court to protect this information so that it would remain confidential until after the sentencing hearing.  Temporarily sealing the sentencing memorandum and corresponding exhibits will also protect the defendant from the disclosure of information which may potentially influence the testimony of witnesses that will be called at the sentencing hearing.

WHEREFORE, the Defendant respectfully requests this Court grant this motion to temporarily seal the Defendant's Sentencing Memorandum, corresponding exhibits, and any related documents.

Dated this 20th day of September, 2021.

Respectfully Submitted,

/s/ Amy M. Hanna
Amy M. Hanna
Florida Bar No.: 0120471
/s/ John M. Phillips
John M. Phillips
Florida Bar No.: 0477575
212 N. Laura Street
Jacksonville, FL 32202
(904) 444-4444
(904) 508-0683 (facsimile)
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 20, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and a copy hereof has been furnished to those registered participants of the ECF system.

/s/ Amy M. Hanna
Amy M. Hanna
Florida Bar No.: 0120471
/s/ John M. Phillips
John M. Phillips
Florida Bar No.:0477575
212 N. Laura Street
Jacksonville, FL 32202
(904) 444-4444
(904) 508-0683 (facsimile)
Attorneys for Defendant
amy@floridajustice.com
jphillips@floridajustice.com