IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-18-227-SLP |
| ) | |
| JOSEPH MALDONADO-PASSAGE, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant's Motion for Disqualification [Doc. No. 165]. It is at issue. *See* United States' Resp. [Doc. No. 172]; Reply [Doc. No. 176]. As explained more fully herein, Defendant's Motion is DENIED.

**I.    Introduction**

On July 14, 2021, the Tenth Circuit remanded this matter for resentencing. *See* Doc. Nos. 160-62. A month later, Defendant filed his Motion for Disqualification, primarily relying on comments made by the Court during Defendant's original sentencing and the overlap between this criminal case and two other civil cases before the undersigned: *Big Cat Rescue Corp. v. G.W. Exotic Memorial Animal Foundation, et al.*, Case No. CIV-14-377-SLP (W.D. Okla.); *Big Cat Rescue Corp. v. Schreibvogel, et al.*, Case No. CIV-16-155-SLP (W.D. Okla.). Defendant invokes a trio of statutory provisions in arguing recusal. *See* 28 U.S.C. §§ 144, 455(a), 455(b)(1).

## II.     Governing Standard

The district court has the "sound discretion" to decide whether to recuse. *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987) (per curiam). Section 455(b)(1) provides for disqualification "[w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" And § 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further[.]" 28 U.S.C. § 144. The Court may consider the "personal bias or prejudice" grounds for disqualification set forth in §144 and § 455 together. *Vazirabadi v. Denver Health & Hosp. Auth.*, 782 F. App'x 681, 685 (10th Cir. 2019); *see also Liteky v. United States*, 510 U.S. 540, 548 (1994) (holding that § 455(b)(1) duplicates the "bias or prejudice" § 144 grounds for recusal). The "bias or prejudice" grounds for recusal in §§ 144 and 455(b)(1) encompass the extrajudicial source limitation, which typically requires the bias or prejudice "arise[] from a source outside judicial proceedings." *United States v. Hudak*, No. CR 02-1574 MCA, 2003 WL 27384952, at *3 (D.N.M. Oct. 14, 2003).

Moreover, the "personal knowledge" rule of § 455(b)(1) "applies to knowledge which the judge obtained extrajudicially, *e.g.*, through prior representation of a party, or by witnessing the events at issue in the proceeding, and does not apply to knowledge obtained in the course of related judicial proceedings." *In re Grand Jury 95-1*, 118 F.3d 1433, 1438 (10th Cir. 1997) (cleaned up); *see also United States v. Page*, 828 F.2d 1476, 1481 (10th Cir. 1987); *United States v. Randall,* 440 F. App'x 283, 286 (5th Cir. 2011).

Section 455(a) is a "catchall" provision that provides: "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also Liteky*, 510 U.S. at 548. This standard is objective and requires disqualification "only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *United States v. Mobley*, 971 F.3d 1187, 1205 (10th Cir. 2020) (quoting *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017)). The Court "ask[s] how these facts would appear to a well-informed, thoughtful and objective observer, who is an average member of the public, not a hypersensitive, cynical, and suspicious person." *Id.* (cleaned up); *see also United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) ("In applying § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue."). Judges have "a strong duty to sit, and § 455 must not be so broadly construed as to make recusal mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Mobley*, 971 F.3d at 1205 (cleaned up). Section 455 contains the "significant (and often determinative) 'extrajudicial source' *factor*[.]" *Liteky*, 510 U.S. at 555; *see also Hudak*, 2003 WL 27384952, at *3 ("The catchall provision in 28 U.S.C. § 455(a) . . . does not eliminate the 'extrajudicial source' limitation in 28 U.S.C. §§ 144 and 455(b)(1)").

### III. Discussion

#### A. General overlap between criminal and civil cases

First, Defendant complains about the general overlap between the facts, witnesses, parties, and evidence in this case and the two civil cases. Defendant specifically points to

3

the fact that the recovery of the money judgment at issue in the civil cases is the alleged modus operandi of the criminal case and that the Court has found Jeff Lowe, Defendant, and their businesses in contempt. By virtue of the Court's role in the civil cases, Defendant argues the Court "obtained extrajudicial, personal knowledge of facts in the civil case, which were a part of the alleged motive in the criminal case." Mot. 8. According to Defendant, the Court's involvement in the three similar cases and reprimanding of Defendant and Lowe shows partiality. Defendant asserts that "this Court has become contaminated from the civil cases" and that it has "become[] impossible to differentiate the evidentiary facts of each case[.]" Reply 5-6.

Defendant's argument is untimely and fails to meet the standard for recusal. A recusal motion must be filed in a timely manner, which "requires a party to act promptly once it knows of the facts on which it relies in its motion." *United States v. Pearson*, 203 F.3d 1243, 1276 (10th Cir. 2000). "A promptly filed motion conserves judicial resources and alleviates the concern that it is motivated by adverse rulings or an attempt to manipulate the judicial process." *Id.* The two civil cases about which Defendant complains were assigned to the undersigned in November 2017 and the undersigned has presided over the criminal case since it originated in 2018. Defendant offers no justification for failing to move for recusal based on an overlap between this three-year-old criminal case and even older civil cases until now.[1] *See Edmond v. Athlete's Foot Grp.*, 15 F. App'x 738, 740

---

[1] In fact, over a year ago, Defendant made a similar argument regarding the fact that the undersigned presides over the civil cases. *See Maldonado-Passage v. U.S. Fed. Wildlife Servs., et al.*, Case No. CIV-20-248-SLP (W.D. Okla), Motion to Recuse filed April 6, 2020 [Doc. No. 6].

4

(10th Cir. 2001) (holding that § 455(a) motion based on the judge's involvement in the plaintiff's prior criminal case was untimely because of the plaintiff's prior notice that his civil case was assigned to the same judge); *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (waiting five weeks rendered motion to recuse untimely).

Even if Plaintiff's §455(a) arguments were timely, they fail. The fact that the undersigned presides over related civil cases does not warrant recusal.

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Liteky*, 510 U.S. at 555; *see also id.* at 551 ("It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant."); *Randall*, 440 F. App'x at 286-87 (holding that recusal was not warranted because of "the mere fact that the judge obtained information during the course of the civil proceeding" that was based on the same conduct at issue in the defendant's criminal action); *Edmond*, 15 F. App'x at 740 ("Without more, the fact that a judge presided in a previous criminal matter involving a party is not a valid ground for recusal."). And although Defendant does not point to any particular order "reprimanding and sanctioning" Defendant, Mot. 9, "[u]nfavorable judicial rulings do not in themselves call into question the impartiality of a judge." *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006); *see also Liteky*, 510 U.S. at 555 ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); *Cooley*, 1 F.3d at 993-94 (holding that "prior rulings in . . . another proceeding, solely because they were adverse" and "mere familiarity

5

with the defendant" "will not ordinarily satisfy the requirements for disqualification under § 455(a)"). Defendant offers only speculation supporting his argument in this vein, and certainly nothing evidencing "deep-seated favoritism or antagonism." *See also Hinman*, 831 F.2d at 939 ("A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation.").

### B.    Language in prior orders or proceedings

The arguments Defendant makes with respect to specific language used in prior orders issued by the undersigned are also meritless.

> [J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. . . . *Not* establishing bias or partiality . . . are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune.

*Liteky*, 510 U.S. at 555-56. In a third civil case involving Defendant, the Court denied a previous motion to recuse filed by Defendant. *See Maldonado-Passage v. U.S. Fed. Wildlife Servs., et al.*, Case No. CIV-20-248-SLP (W.D. Okla), Order filed April 8, 2020 [Doc. No. 8]. Defendant asserts that the Court's citation to *Edmond* in that order suggests partiality, but the Court does not agree. *See id.* at 3; *see also United States v. DeClerck*, 252 F. App'x 220, 223 (10th Cir. 2007) (quoting *Edmond* in the same way). Defendant now also complains that the language in an order setting a hearing in *Big Cat Rescue Corp v. G.W. Exotic Memorial Animal Foundation, et al.* recognizes familiarity with Defendant

6

and the related nature of the civil and criminal cases.[2] Again, the fact that the undersigned is involved in cases with overlapping facts does not warrant recusal and neither does this language.[3]

Defendant also points to several statements made by the Court during Defendant's sentencing on January 22, 2020:[4]

- "And . . . it is clear to the Court that the evidence in this case supports the notion that the defendant relied on a variety of word games in his testimony, deflected blame, and attempted to create plausible deniability for his criminal conduct. But in the Court's view, with the caveat that the Court certainly does not make any declaration that the defendant's testimony was truthful, the Court does stop short of making a finding that the testimony was, in fact, perjury. The Court does note that while not finding the enhancement for obstruction to justice will apply in this case, any issues of credibility with the defendant's testimony could be taken into consideration in the context of Section 3553 sentencing factors." Sentencing Tr. [Doc. No. 144], at 28.

- "I will tell you that I have absolutely zero question in my mind that [restricting the possession of certain animals] will be a condition. Mr. Maldonado has throughout this course of the evidence demonstrated his intent and willingness to circumvent the various regulatory statutes dealing with these animals and . . . it is the Court's intent to leave absolutely zero wiggle room that he should ever be involved in the possession or care of these animals." *Id*. at 47-48.

---

[2] Specifically, Defendant takes issue that the order called that civil case "interminable" and that it "spawned other cases, including a criminal matter." *Big Cat Rescue Corp. v. G.W. Exotic Memorial Animal Found., et al.*, Case No. CIV-14-377-SLP (W.D. Okla.), Order filed July 7, 2021 [Doc. No. 419], at 1.

[3] In his reply, Defendant also makes arguments about filings in *Big Cat Rescue Corp. v. Schreibvogel, et al.*, Case No. CIV-16-155-SLP (W.D. Okla.) and an affidavit from Lowe. The Court does not address these materials and arguments because they are raised for the first time in a reply. *United States v. Hall*, 473 F.3d 1295, 1301 n.1 (10th Cir. 2007).

[4] Defendant has also submitted an affidavit noting these statements. *See* Maldonado-Passage Aff. [Doc. No. 165-10].

7

- "An objective look at all of the evidence in this case leads to the fair conclusion that the defendant was consumed, if not obsessed, with silencing Carole Baskin." *Id.* at 75.

- "Those [wildlife] violations collectively demonstrate that defendant was engaged in a systematic trafficking of protected animals, which included the unlawful killing of a number of them. And it is immaterial to me that the defendant disagrees with the interpretation of the statutes or what is included as a protected animal under the ESA." *Id.* at 76.

- "There is minimal evidence in the record demonstrating any respect the defendant has for the law during the course of these criminal acts. A significant example of that is, in spite of your prosecution for these very violations, evidence was introduced at trial of your attempt to broker the sale of a litter of lions for financial gain for your husband from the county jail while you were awaiting trial." *Id.* at 77.

- "While you may be effectively out of the exotic animal business, the issues which motivated you to solicit the murder of Carole Baskin remain. The sentence I impose will certainly advance the goals of punishing you for all of these offenses and will hopefully protect the public from any future offenses." *Id.* at 78.[5]

- "Mr. Maldonado-Passage, you have conducted yourself for years doing as you pleased, whether in your actions and reactions to your conflict with the victim in this case, or in regard to your handling of these protected animals and the laws regarding their ownership. It is clear from the evidence in this case that you are convinced that you always know better and expect your explanations and directives to be taken at face value. You have routinely attempted to explain away your conduct, including today, blaming those around you, whether that is Carole Baskin, law enforcement, business partners or your own employees. Sir, in spite of what you may believe, you are not the only in-step person in an out-of-step world." *Id.* at 81.

---

[5] Defendant makes arguments under §§ 144, 455(a), and 455(b) regarding this statement. Defendant argues that the Court "sought to punish Mr. Maldonado-Passage for wrongdoing allegedly committed in the civil case." Mot. 21. As stated *infra*, nothing supports such a reading of the Court's commentary. Defendant's argument (however grounded in the recusal provisions) is rank speculation.

Defendant asserts that these statements, along with the recent ruling from the Tenth Circuit, shows bias and partiality under §§ 144[6] and 455.  The Court does not agree that these statements warrant recusal under these statutes.

First, Defendant's challenge to statements made at the January 22, 2020 sentencing is untimely.  *See Green*, 108 F.3d at 1305; *Hinman*, 831 F.2d at 938 (holding that § 144 affidavits were untimely because they referred to events three months and five months beforehand); *United States v. Triplett*, No. CR-04-62-C, 2007 WL 2389602, at *1 (W.D. Okla. Aug. 20, 2007) (rejecting § 144 motion as untimely where it was filed more than two years after the defendant's sentencing).

Second, the Court does not agree that these statements reflect actual bias or prejudice or would cause a reasonable person to doubt the Court's impartiality—they are comments made in reaction to the Court's consideration of the evidence presented in the criminal case.  *See Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1241 (10th Cir. 2020) ("Ordinarily, however, recusal for bias cannot be based on a judge's reaction, or potential reaction, to events during the course of the litigation."); *S.E.C. v. Solv-Ex Corp.*, 164 F. App'x 765, 766 (10th Cir. 2006) ("The bias charged must

---

[6] Section 144 requires a party to file "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party[.]"  28 U.S.C. § 144.  "Under § 144, the court strictly construes the affidavits filed in support of recusal against the affiant, and the moving party has a substantial burden to demonstrate that the judge is not impartial." *Vazirabadi*, 782 F. App'x at 685.  "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman*, 831 F.2d at 939.  The court may not consider the truth of the alleged facts, but "conclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification." *Id*.  The affidavit generally echoes the arguments made in the Motion and is made up of Defendant's unsupported conclusions.  For the reasons explained in this Order, the affidavit is not timely or sufficient.

9

be of a personal nature and must be such as would likely result in a decision on some basis other than what the judge learned from his participation in the case." (quoting *United States v. Irwin*, 561 F.2d 198, 200 (10th Cir. 1977))). Indeed, "[i]t is the court's prerogative, if not its duty, to assess the defendant's character and crimes at sentencing, after the defendant's guilt has been decided." *Pearson*, 203 F.3d at 1278.

Defendant fails to demonstrate that these comments rise above the merely "critical" and "disapproving" (which do not generally support a bias or partiality challenge), originate from an extrajudicial source, or show the required favoritism or antagonism. *Liteky*, 510 U.S. at 555.

> The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes . . . necessary to completion of the judge's task. As Judge Jerome Frank pithily put it: "Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions."

*Id*. at 550-51 (quoting *In re J.P. Linahan, Inc*., 138 F.2d 650, 654 (2d Cir. 1943)). The statements Defendant refers to are "[a]t most . . . intemperate." *Hinman*, 831 F.2d at 939; *see also Pearson*, 203 F.3d at 1278 ("the court's remarks at sentencing were the expressions of a frustrated and angry jurist, coping, in an imperfect manner, with a defendant convicted of a tragic crime."); *Triplett*, 2007 WL 2389602, at *1 (rejecting motion made under §§ 144 and 455 regarding factual findings made at sentencing); *United States v. Zander*, No. 2:10-CR-1088 DN, 2014 WL 2112697, at *1 (D. Utah May 20, 2014)

(denying motion to recuse based on comments made during sentencing that the defendant was "out of touch with reality" and "had previously avoided the consequences of the law."). Defendant's conclusion that these statements show the Court harbors impermissible bias or prejudice is insufficient conjecture.[7]

### C. Personal knowledge of disputed evidentiary facts

Defendant asserts that as the presiding judge on the Defendant's civil cases, "the Court gained personal knowledge of disputed evidentiary facts regarding the Defendant." Mot. 11. In making this argument, Defendant points to specific statements made in previous filings over the past two and a half years. But the statements Defendant cites do not support his argument and, in any case, his argument is untimely.

First, Defendant notes an order filed March 13, 2019 in which the Court held that evidence of payments to employees was admissible to show motive and intent based on the pressure Baskin's civil judgment placed on the zoo. *See* Order [Doc. No. 96], at 7-8. Defendant asserts that around this time, filings in one of the civil cases were made regarding the receiver's access to financial information of the zoo. Defendant makes no other argument aside from noting the existence of these filings.

Second, Defendant points to an order filed February 12, 2019 in which the Court stated that the Government characterized the relationship between Defendant and Baskin as "contentious and litigious." Order [Doc. No. 55], at 5. Defendant argues that the only

---

[7] Further, to the extent Defendant points to the recent Tenth Circuit remand in this case, Defendant's argument still fails. Unfavorable or incorrect judicial rulings do not warrant disqualification. *See Liteky*, 510 U.S. at 555.

way the Court could know the nature of the relationship between Defendant and Baskin was through the two civil cases.  However, the order stated that the Court reviewed the Superseding Indictment and the parties' underlying briefs, which support the characterization of the relationship between Defendant and Baskin as described.[8]

Third, Defendant notes that at the sentencing proceeding held January 22, 2020, the Court stated that it "recognizes the cross-accusations that have been argued between the defendant and Mr. Lowe."  Sentencing Tr. at 45.  Defendant argues that the reference to Lowe shows that the Court had personal knowledge of outside facts and that the Court was partial because Lowe was not a witness in the criminal case.  But, as the Government points out in its response, the record in this case reflects the accusations between the two individuals.[9]  And at the trial, the Court had already recognized the "ample testimony that Mr. Passage and Mr. Lowe were at odds at various times[.]"  Trial Tr. at 65.

Fourth, Defendant argues that a statement made at sentencing that "[t]he sentence I impose will certainly advance the goals of punishing you for all of these offenses" shows that the Court was punishing Defendant for the civil offenses.  Sentencing Tr. at 78.  But the transcript of that proceeding shows that the context for this discussion was a discussion of the murder-for-hire and wildlife convictions.  *Id*. at 75-76.

---

[8] *See* Superseding Indictment [Doc. No. 24], at 1-2; United States' Resp. Opp. Def.'s Mot. Sever [Doc. No. 44], at 3-4.

[9] *See* Trial Tr. [Doc. No. 120], at 30 (accusing Lowe of running scams and "turn[ing] the park into a front for his criminal side"); *id*. at 33 (accusing Lowe of engaging in human trafficking); Resp. Government's Mot. in Limine [Doc. No. 86], at 2 (accusing Lowe of being "culpable for most of the indictment."); Presentence Investigation Report [Doc. No. 126], at 23 (containing Lowe's accusations against Defendant).

Defendant's arguments are untimely, meritless speculation. *See Hinman*, 831 F.2d at 939; *see also Slevin v. Bd. of Comm'rs*, No. 08-CV-1185 MV/DJS, 2012 WL 13005331, at *6 (D.N.M. Mar. 7, 2012) (holding that motion to recuse under §§ 455(a) and (b)(1) was untimely where the defendants "waited to file their motion for more than two and one-half years after acquiring the facts on which their motion [wa]s based"). Even if the Court applied knowledge gleaned from the civil cases, such knowledge is not extrajudicial. *In re Grand Jury 95-1*, 118 F.3d at 1438. And these filings do not reflect a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. The recusal statute "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Cooley*, 1 F.3d at 993.

### D.     Promotion of prosecutor to the bench

Defendant also complains that "[s]ometime during or after the trial, this Court voted for the AUSA [Amanda Maxfield Green] to become a magistrate judge" and that this Court assigns cases to Judge Green. Mot. 22. Defendant also asserts Judge Green was scheduled to speak about prosecuting Defendant at an event sponsored "by a very partisan animal group." *Id*. While Defendant concedes "this doesn't directly weigh on the bias of Judge Palk," he asserts the Court's "participation in her selection . . . causes concern." *Id*. at 22-23; *see also* Maldonado-Passage Aff. [Doc. No. 165-10], at 5 (restating these allegations).

Defendant's speculative allegations regarding Judge Green reflect mere guesswork and a misunderstanding of the magistrate judge selection and case referral processes.[10] Defendant's "conclusions, rumors, beliefs, and opinions" and "unsupported, irrational, or highly tenuous speculation" regarding Judge Green are insufficient to merit recusal under §§ 144 or 455. *Hinman*, 831 F.2d at 939. Nevertheless, even considering Defendant's factual allegations as true, *see Parkhurst v. Pittsburgh Paints Inc.*, 399 F. App'x 341, 343 (10th Cir. 2010) (Gorsuch, J.), Defendant fails to show how the Court's participation in the district's magistrate judge selection process and/or referrals of matters to Judge Green demonstrates partiality, bias, or prejudice under the recusal statutes.

## IV.    Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion for Disqualification [Doc. No. 165] is DENIED.

IT IS SO ORDERED this 27th day of September, 2021.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[10] The Court notes that matters referred to magistrate judges in the Western District of Oklahoma are randomly assigned by the Court Clerk of the district. The Court further notes that Amanda Maxfield Green was terminated from this case on October 9, 2020.

14