**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| -vs- | ) | No.  CR-18-227-SLP |
| | ) | |
| **JOSEPH MALDONADO-PASSAGE,** | ) | |
| **a/k/a Joseph Allen Maldonado,** | ) | |
| **a/k/a Joseph Allen Schreibvogel,** | ) | |
| **a/k/a "Joe Exotic,"** | ) | |
| | ) | |
| **Defendant.** | ) | |

**UNITED STATES' MOTION TO
STAY RESENTENCING PROCEEDINGS**

The United States respectfully requests that the Court enter an order temporarily staying the resentencing proceedings pending resolution of any issues related to a motion for new trial that Defendant suggests that he may file in the near future.  The undersigned has conferred with John Phillips, counsel for Defendant, and he opposes this motion.

**I.     Introduction**

On July 14, 2021, the Tenth Circuit remanded this matter for resentencing.  (Doc. Nos. 160-62.)  This Court issued a scheduling order on August 11, 2021, and a final revised PSR supplement was filed on September 7, 2021.  (Doc. Nos. 163, 177.)

In pleadings before this Court, Defendant has represented that he is filing a motion for a new trial.  *See* Doc. No. 165 at 6 ("Much more will soon come to light with various filings for a new trial or dismissal[.]"); *see also* Doc. No. 176 at 3 ("This Court will be presented with affidavits like that attached at sentencing and in motions challenging the conviction.").  Additionally, Defendant and lead counsel have represented in social media postings and other public statements that they will file a motion for new trial in the instant case.  Finally, on September 30, 2021, the undersigned spoke with Amy Hanna, counsel for Defendant.  During that discussion, Ms. Hanna represented that Defendant will be filing a motion for new trial, but she would have to confer with lead counsel prior to providing a firm timeline on when the motion would be filed.  As of this date, the undersigned has not been notified as to when the motion will be filed.

## II.    Argument

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  "[T]he power to stay proceedings is incidental to the power in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants."  *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also*, *Pet Milk Co. v.*

*Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *Ed Tobergte Assoc., Inc. v. Zide Sport Shop of Ohio, Inc.*, 83 F.Supp.2d 1197, 1199 (D. Kan. 1999) ("The Court finds that by granting [Plaintiff's] motion to stay these proceedings, judicial economy will be served ... A decision to stay the proceedings before this court will also substantially reduce the time and economic burden on the parties by eliminating the need to engage in similar but divergent discovery and motion practice ...").

Since the mandate issued in the instant case, Defendant has filed three pleadings containing various allegations against the prosecution team, including the agents and prosecutors.  (Doc. Nos. 165, 176, 180.)  The allegations in these pleadings, along with the accompanying affidavits, allege facts and assert claims on which a motion for new trial or a claim of ineffective assistance of counsel could be based.  The unproven allegations are not properly suited for a resentencing hearing.

Given that Defendant has represented that he will file a motion for new trial, which would likely raise these same claims, the United States submits that staying the resentencing proceedings would eliminate the possibility of two separate hearings based on the same events and alleged conduct, and would economize, or at least conserve, judicial resources and the resources of counsel and witnesses.

3

Further, considering the allegations in the affidavits, the United States would need to investigate the merits of those claims. In the unlikely event that any of those claims withstand scrutiny and ultimately are determined to be credible, this finding could impact the United States' ultimate sentencing recommendation.

Where a stay of these proceedings will result in judicial economy and efficiency for the Court and the parties and will narrow the claims and issues of the parties, this Court should exercise its discretion to temporarily stay the resentencing hearing pending resolution of any issues related to a motion for new trial. Accordingly, in the interests of justice, the United States respectfully requests the Court grant the motion to stay the resentencing proceedings.

Respectfully submitted,

ROBERT J. TROESTER
Acting United States Attorney

s/ *Charles W. Brown*
Assistant U.S. Attorney
Bar Number: 20168
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8700 (Office)
(405) 553-8888 (Fax)
charles.brown4@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 14, 2021, I electronically filed this motion with the clerk of court for the U.S. District Court, Western District of Oklahoma, using the electronic case filing system of the court.

s/ *Charles W. Brown*
Charles W. Brown
Assistant United States Attorney