IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No.  CR-18-227-SLP |
| ) | |
| JOSEPH MALDONADO-PASSAGE, ) | |
|   a/k/a Joseph Allen Maldonado, ) | |
|   a/k/a Joseph Allen Schreibvogel, ) | |
|   a/k/a "Joe Exotic," ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' RESPONSE TO
DEFENDANT'S SENTENCING MEMORANDUM**

The United States responds to Defendant's sentencing memorandum (Doc. 180) as follows:

**I.    The probation officer correctly calculated the sentencing range as 210 to 262 months in prison.**

Relying on *United States v. Hicks*, 146 F.3d 1198 (10th Cir. 1998), Defendant claims he is entitled to an "unbundled" resentencing. (Doc. 180 at 5-6). *Hicks* merely reiterated that "where the appellate court has not specifically limited the scope of remand, the district court generally *has discretion* to expand the resentencing beyond the sentencing error causing the reversal." *Id.* at 1200 (citation and quotation omitted) (emphasis added). The United States emphasized this point in its response to Defendant's

objections to the PSR, explaining that "[t]he mandate rule in the Tenth Circuit permits, but does not require the court to expand the scope of the mandate and consider additional arguments." (Doc. 177 at 10) (citing *United States v. West*, 646 F.3d 745, 748-49 (10th Cir. 2011), and *United States v. Godinez-Perez*, 737 F. App'x 894, 896-97 (10th Cir. 2018) (holding it was not error for the district court to decline to consider new issues on remand, despite it being a general remand)). Again, the United States would respectfully request this Court to exercise its discretion not to consider new or renewed objections to the Supplemental PSR (outside the grouping of Counts 1 and 2).

The United States would point out, however, that *Hicks* involved a resentencing where one of the four convictions was reversed on appeal, thus resulting in an entirely different statutory sentencing range. *Hicks*, 146 F.3d at 1199. Here, the Tenth Circuit did not reverse or vacate any of Defendant's convictions. The Tenth Circuit merely vacated the sentence due to the grouping error. Defendant's statutory sentencing exposure remains unchanged. He faces a potential combined statutory sentence of 20 years on the murder-for-hire convictions as well as a combined statutory sentence of 49 years on the Endangered Species Act and Lacey Act convictions. (Doc. 177 at 1-2).

Defendant urges this Court to conduct an "unbundled" resentencing so he can appeal issues that he chose not to appeal previously. In his sentencing memorandum, he raises the same objections to the PSR that were raised – and ruled on by this Court – at the first sentencing. (Doc. 180 at 7-13). Additionally, Defendant raised these objections after the probation officer published the Supplemental PSR. The United States responded to these objections and the probation officer analyzed them and then issued the Revised Supplemental PSR. (Doc. 177). In that final report, the probation officer calculated the sentencing range as 210 to 262 months in prison. *Id.* at 5. For the reasons set forth in the arguments and rulings made at the initial sentencing, along with the findings outlined in the Revised Supplemental PSR, the United States agrees that the sentencing range is 210 to 262 months in prison.

**II.  Any claims related to sufficiency of the evidence, entrapment, and outrageous government conduct are not relevant to the resentencing hearing.**

Throughout his sentencing memorandum, Defendant raises various claims involving sufficiency of the evidence, entrapment, and outrageous government conduct. The United States denies these claims. However, even if Defendant's claims had any merit, a resentencing hearing is not the proper forum for reviewing these speculative claims or the propriety of his

conviction. If Defendant wishes to challenge his conviction based on claims of entrapment or outrageous government conduct, there are other avenues and forums suited to conduct that inquiry, including raising these arguments in a motion for new trial.[1]

### III. The United States defers any specific sentencing recommendation until further investigation.

As discussed in Section II, Defendant has raised several claims involving sufficiency of the evidence, entrapment, and outrageous government conduct. Defendant provided several sworn affidavits in support of these claims. Considering the nature of the allegations in these affidavits, along with the unique role of prosecutors in our system of justice, the United States must investigate these newly raised claims. In the unlikely event that any of these claims withstand scrutiny and ultimately are determined to be credible, those developments could impact the United States' ultimate sentencing recommendation. Accordingly, the United States defers any

---

[1] On October 15, 2021, one day after this Court denied the United States' motion to stay resentencing proceedings, counsel for Defendant tweeted: "We won in court yesterday. Re-sentencing should be soon *and then the real motions come*. Carole Baskin closer to being deposed in the civil case. Tiger King 2 airs November 17. Free Joe." John M. Phillips (@JohnPhillips), Twitter (October 15, 2021, 7:03 AM), https://twitter.com/JohnPhillips/status/1448982759339397122 (emphasis added).

sentencing recommendation until it has concluded the investigation into these claims.

Respectfully submitted,

ROBERT J. TROESTER
Acting United States Attorney

s/ *Charles W. Brown*
Assistant U.S. Attorney
Bar Number:  20168
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8700 (Office)
(405) 553-8888 (Fax)
charles.brown4@usdoj.gov

## **CERTIFICATE OF SERVICE**

     I certify that on October 19, 2021, I electronically filed this response with the clerk of court for the U.S. District Court, Western District of Oklahoma, using the electronic case filing system of the court.

s/ *Charles W. Brown*
Charles W. Brown
Assistant United States Attorney