IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No.  CR-18-227-SLP |
| ) | |
| JOSEPH MALDONADO-PASSAGE, ) | |
|   a/k/a Joseph Allen Maldonado, ) | |
|   a/k/a Joseph Allen Schreibvogel, ) | |
|   a/k/a "Joe Exotic," ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' MOTION TO UNSEAL
SENTENCING MEMORANDUM, ATTACHMENTS, AND RESPONSE**

In keeping with the common-law right of access to court documents, the United States respectfully requests an order unsealing the sentencing memorandum, attachments to that memorandum, and response.[1]  Defendant cannot carry his burden of showing that these documents should remain under seal; the information contained in the filings has a potential to impact the proceedings and Defendant has acted in a way that is inconsistent with the claimed reason for sealing.  Moreover, in addition to the public's interest,

---

[1] The United States filed its response to Defendant's sentencing memorandum under seal out of an abundance of caution, given that this Court had sealed Defendant's sentencing memorandum.  See LCrR12.2.

the United States has a specific and general interest in unsealing these records. Specifically, having these documents under seal hinders the United States' ability to investigate and prepare for sentencing. Finally, the United States has an obligation—by regulation—to seek openness in judicial proceedings to the greatest extent possible.

## Discussion

American courts recognize a common law right to access judicial records. *See, e.g., Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."); *United States v. Bacon*, 950 F.3d 1286, 1292–93 (10th Cir. 2020); *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013). While not absolute, "there is a 'strong presumption in favor of public access.'" *Pickard*, 733 F.3d at 1302 (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). "Nevertheless, this strong presumption of openness can 'be overcome where countervailing interests heavily outweigh the public interests in access' to the judicial records." *Id.* (quoting *Colony Ins. Co. v. Burke*, 68 F.3d 1222, 1241 (10th Cir. 2012)). In deciding whether to seal a record, courts "must 'weigh the interests of the public, which are presumptively paramount, against those advanced by the parties.'" *Id.*

(quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)); *see also Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) ("The greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.").

"Consistent with this presumption that judicial records should be open to the public, the party seeking to keep records sealed bears the burden of justifying that secrecy, even where, as here, the district court already previously determined that those documents should be sealed." *Bacon*, 950 F.3d at 1293. This court should measure the strength of the presumption of the public's interest in the openness of records along a continuum. *United States v. Amodeo*, 71 F.3d 1044, 1049–50 (2d Cir. 1995). At one end of the continuum, the public is presumed to have a strong interest in judicial records that are necessary in determining the litigant's substantive rights. *Id.* at 1049. At the other end of the continuum, "[w]here testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Id.* at 1050.

The sentencing memorandum, attachments, and response fall on the end of the spectrum where the public has a strong interest in the judicial

records.  This is particularly true where the information is material to the ultimate question before this Court: what consequence should be imposed for Defendant's criminal conduct?  To the extent Defendant intends to use the sentencing memorandum and its attachments to advance his positions at sentencing, the public has a right of access to that information.  *See United States v. Amodeo*, 71 F.3d 1044, 1049–50 (2d Cir. 1995) (there is "strong weight to be accorded the public right of access" when a filing informs the performance of Article III duties, i.e. motions or other documents filed with the court "to invoke its powers or affect its decisions"); *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139–40 (2d Cir. 2016) (internal citations omitted) (advocacy filings are presumptively public); *Levy v. Weksel*, 143 F.R.D. 54, 56 (S.D.N.Y. 1992) (use of information for judicial decision making must be public).  Indeed, the Tenth Circuit has recently emphasized that to overcome the presumption of access, a party seeking sealing "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process."  *United States v. Nelson*, 801 F. App'x 652, 667 (10th Cir. 2020) (quoting *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135 (10th Cir. 2011)).  Thus, the public's interest is at its strongest.

On the side of sealing, none of the reasons Defendant gave in his motion to seal—whether in isolation or as a whole—heavily outweigh the public's interest. First, Defendant said that sealing was warranted "to protect the identity and security of witnesses who will be called at the sentencing hearing in this matter." (Doc. 178 at 2). But those witnesses have either testified publicly at trial, been publicly acknowledged by Defendant's attorney as helping the defense, or both. Thus, protecting the witness's identity is a poor justification in this case.

Second, Defendant asserts that the subject matter of the filing "has not yet been made public" and that he wants it to "remain confidential until after the sentencing hearing." *Id.* This argument is nothing more than a disagreement with the presumption of openness and a desire for Defendant to control when the public learns of information. The public's interest in knowing what has been filed in judicial proceedings attaches when the document is filed, not when it is convenient for a party. To find otherwise would flip the presumption of openness on its head.

Finally, Defendant asked for sealing to "protect the defendant from the disclosure of information which may potentially influence the testimony of witnesses that will be called at the sentencing hearing." *Id.* Defendant offers no further explanation of how any of the witnesses might be "potentially

influenced." At best, Defendant does not want the media to inquire of those identified in his sentencing memorandum. But the individuals identified in the sentencing memorandum are already known to the public.

Ultimately, Defendant has not and cannot show that he has reasons for keeping the sentencing memorandum, attachments, and response under seal that heavily outweigh the public's interest in the judicial records. As a result, this Court should enter an order unsealing the sentencing memorandum, attachments, and response.

In addition to the general interest of the public, the United States has its own additional reasons for unsealing. First, the United States has a general and longstanding interest in having documents publicly available to the greatest extent practicable. *See United States v. McVeigh*, 119 F.3d 806, 809 (10th Cir. 1997) (citing 28 C.F.R. § 50.9). Second, the United States has an interest in fully investigating the claims made in the sentencing memorandum. Indeed, courts have emphasized that there is a heightened right of access to sentencing memoranda and exhibits, because potentially false statements at sentencing must be publicly examined and rebutted.

> In point of fact, to allow a defendant's potentially-false statements to remain sealed and unexamined would prevent the government from fulfilling its adversarial role by ferreting out perjury for the court, and could thereby immunize the declarant in a judicial proceeding from the consequence of his statements. Such a practice would promote perjury since a declarant need

6

>only file his declaration under seal to avoid his adversary's detection. Neither the Constitution nor common sense compels such a result in this case. Rather, in this case the relevant equitable considerations—the public's right to access, the government's right to seek an enhancement, and the Court's own interest in punishing acts of obstruction—favor granting the government's motion [to unseal] so that the parties can fairly address, with all the relevant information, whether additional punishment is warranted at sentencing.

*United States v. Reyes*, No. C 06-00556-1-CRB, 2007 WL 4532220, at *2 (N.D. Cal. Dec. 19, 2007). To carry out this investigation, the United States needs the ability to fully utilize the sentencing memorandum attachments and to disclose and discuss the attachments with those who signed and were named in them. As long as they are sealed, the United States does not believe it can fully utilize those documents.

## Conclusion

The public has a right to know what Defendant said in his sentencing memorandum and what was attached to that memorandum. The United States, likewise, has a duty to oppose sealing and an interest in fully investigating the allegations contained within the sentencing memorandum and its attachments. Defendant has not put forth a reason for sealing that heavily outweighs these interests. Therefore, this Court should enter an order unsealing the sentencing memorandum, its attachments, and the response.

        Respectfully submitted,

        ROBERT J. TROESTER
        Acting United States Attorney

        s/ *Charles W. Brown*
        Assistant U.S. Attorney
        Bar Number:  20168
        210 Park Avenue, Suite 400
        Oklahoma City, Oklahoma 73102
        (405) 553-8700 (Office)
        (405) 553-8888 (Fax)
        charles.brown4@usdoj.gov

## **CERTIFICATE OF SERVICE**

     I certify that on October 19, 2021, I electronically filed this motion with the clerk of court for the U.S. District Court, Western District of Oklahoma, using the electronic case filing system of the court.

        s/ *Charles W. Brown*
        Charles W. Brown
        Assistant United States Attorney