# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18-227-SLP |
| v. ) | |
| ) | |
| JOSEPH MALDONADO-PASSAGE, ) | |
| a/k/a Joseph Allen Maldonado ) | |
| a/k/a Joseph Allen Schriebvogel ) | |
| a/k/a "Joe Exotic", ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S REPLY TO UNITED STATES' MOTION TO UNSEAL

COMES NOW Defendant, JOSEPH MALDONADO-PASSAGE, by and through the undersigned counsel and files this Reply to the United States' Motion to Unseal and in support thereof states as follows:

The government has not sufficiently demonstrated the need for unsealing these documents and fails to adequately articulate a significant interest to justify the unsealing of these documents. Any common law right the public has to these documents is outweighed by the interests of protecting the witnesses in this case.

### ARGUMENT

The right of access to court records is not absolute; it can be rebutted when other interests outweigh the public interests in access. *Mann v. Boatright*, 477 F. 3d 1140, 1149 (10th Cir. 2007). All courts have supervisory powers over their own records and files. *Id.* When deciding whether to restrict public access to judicial records, a court must access the

circumstances of the case and consider the parties' interest along with the public's interest to open access.  *United States v. Bacon*, 950 F. 3d 1286, 1291 (10th Cir. 2020).  While there is a strong presumption of openness, it can be overcome where countervailing interests heavily outweigh the public interest in access. *Id*. Access has been denied where court files might have become a vehicle for improper purposes, such as "to gratify private spite or promote public scandal . . ." *United States v. Hickey*, 767 F. 2d 705, 508 (10th Cir. 1985).

Defendant's sentencing memorandum contains sensitive medical information about his medical diagnosis and his current medical condition.  Sealing is warranted in order to protect the Defendant's confidential medical information. The Court may maintain under seal this type of sensitive and protected health information. *See United States v. Dillard*, 795 F. 3d 1191, 1205-1206 (10th Cir. 2015) (approving sealing of "highly personal and private medical information").

The only supposed "interest" the government has here is mere fiction.  The government received full and complete access to the sealed documents and acknowledged as much.  Their ability to investigate and prepare for re-sentencing is in no way hindered.  Keeping the memorandum and corresponding exhibits under seal does not prevent the government from moving forward to prepare for re-sentencing.  The rules of procedure allow for ample notice and opportunity to prepare for sentencing, or in this case, re-sentencing.  Furthermore, there is no one more familiar with the details of the investigation than the individuals who conducted the investigation.

The government is fully aware of its own wrongdoings in conducting this investigation. As outlined in the Defendant's Sentencing Memorandum and corresponding exhibits[1], the government and federal investigators mishandled the entire investigation. The government inappropriately used confidential informants and undisclosed witnesses for years before trial. According to one or more of those witnesses, they were threatened with jail and public humiliation and even instructed as to how to manipulate the investigation by means which were less than appropriate. Additionally, witnesses were encouraged to use fake text messages and lies to elicit responses from the Defendant. The Defendant seeks to ensure that this behavior does not repeat itself. Sealing is a temporary measure and essentially tantamount to enforcing the rile of exclusion so witnesses aren't cross-contaminated or harassed by the media or general public.

The government notes its own reasons for unsealing, which are arguably, improper. It cites to *United States v. Reyes*, although inapposite, to further continue the theme of witness threatening and intimidation in this case. Rightfully so, as outlined in the sealed Sentencing Memorandum, some witnesses fear retribution from other witnesses and/or the federal government for coming forward to tell the truth. Again, this Court should be critically concerned with ensuring that the Defendant or other individuals are not discouraged from disclosing information that could be relevant to the Court's sentencing decision. Unsealing of the records could open theses witnesses up to potential physical attacks, threats, harassment, or retaliation. Concerns about harming or killing witnesses

---

[1] Specific instances are not provided in order to protect information currently under seal, but encourages this Court to refer to the Defendant's Sentencing Memorandum and Exhibits if needed.

have been and are real and ever-present. These threats are not speculative.  Former witness Erik Cowie died under mysterious circumstances which are or were investigated by the NYPD, future witness Jeff Johnson apparently took his own life days after communicating with counsel. (*See* Exhibit 1 - Text Messages from Jeff Johnson).  Future witness, Brenda Varga, also passed away.  Others fear for their lives and/or privacy.  In fact, just yesterday Mr. Glover received a death threat from an unknown individual for cooperating with the defense. If publicly disclosed, a clearly defined and serious injury exists to individuals to whom the accusations are directed.

While an argument is made by the government that the public needs to know who these individuals are and what they have to say, it is later argued that the witnesses testified publicly at trial and some have since acknowledged they are helping the defense.  This makes the government's argument completely contradictory. Despite its belief, the Defendant is not seeking to control when the public learns of this information; but rather in recognizing the public's right to access of certain records, attempting to narrowly tailor the request.  This matter was filed under seal and the Defendant requests it remain that way.  Under the circumstances of this case, the motion to seal and this reply sufficiently identifies potential injury to the witnesses and the integrity of the proceedings.

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on October 29, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and a copy hereof has been furnished to those registered participants of the ECF system.

/s/ Amy M. Hanna
Amy M. Hanna
Florida Bar No.: 0120471
/s/ John M. Phillips
John M. Phillips
Florida Bar No.:0477575
212 N. Laura Street
Jacksonville, FL 32202
(904) 444-4444
(904) 508-0683 (facsimile)
Attorneys for Defendant
amy@floridajustice.com
jphillips@floridajustice.com