IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-18-227-SLP |
| ) | |
| JOSEPH MALDONADO-PASSAGE, ) | |
|   a/k/a Joseph Allen Maldonado, ) | |
|   a/k/a Joseph Allen Schreibvogel, ) | |
|   a/k/a "Joe Exotic," ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is the United States' Motion to Unseal Sentencing Memorandum, Attachments, and Response [Doc. No. 188]. It is at issue. *See* Def.'s Reply [Doc. No. 190]. The government seeks to unseal Defendant's Sentencing Memorandum [Doc. No. 180] and related documents based on the common law right of access. The court has discretion to seal or unseal judicial records. *United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020). There is a "strong presumption in favor of public access" of judicial records. *Id.* (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). The presumption may be overcome where "countervailing interests heavily outweigh the public interests in access[.]" *Id.* (quoting *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012)). In deciding whether to seal, the court weighs the public interests against the parties' interests. *Id.* "[T]he party seeking to keep records sealed bears the burden of justifying that secrecy, even where, as here, the district court already previously determined

that those documents should be sealed." *Id.* (quoting *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013)).

The Court finds that, after weighing the public and private interests and the circumstances of this case, the interests asserted by Defendant in his original Application to File Under Seal [Doc. No. 178] and Reply warrant keeping Defendant's Sentencing Memorandum and related documents sealed at this time. *See Bacon*, 950 F.3d at 1293 (noting the Court "*must* consider the relevant facts and circumstances of the particular case and *weigh* the relative interests of the parties." (quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985))).

Further, although the government asserts that it is inhibited from using the relevant sealed documents to investigate the claims made in the Sentencing Memorandum, the government points to no authority justifying the unsealing of records on this basis. As Defendant points out, the government has full access to the sealed documents. Nothing in this Order shall be construed to limit the government's ability to re-urge this request upon a more particularized showing.

IT IS THEREFORE ORDERED that the United States' Motion to Unseal Sentencing Memorandum, Attachments, and Response [Doc. No. 188] is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED this 18th day of November, 2021.

*[signature]*

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE