IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. CR-18-227-SLP |
| | ) | |
| JOSEPH MALDONADO-PASSAGE, | ) | |
| a/k/a Joseph Allen Maldonado, | ) | |
| a/k/a Joseph Allen Schreibvogel, | ) | |
| a/k/a "Joe Exotic," | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' RENEWED MOTION TO UNSEAL
SENTENCING MEMORANDUM, ATTACHMENTS, AND RESPONSE**

On October 19, 2021, the United States filed a motion asking this Court to unseal Mr. Maldonado-Passage's sentencing memorandum and attachments. Doc. 188. On November 18, 2021, this Court denied the United States' motion to unseal without prejudice to refiling with additional information. Doc. 191. Pursuant to the Court's invitation, the United States now submits this renewed motion for *partial* unsealing of Mr. Maldonado Passage's sentencing memorandum, attachments, and the government's response, to enable the United States to investigate and respond to the claims raised in the sealed filing.

**Discussion**

I. **Case Authority and Defendant's Prior Disclosure Justify the Partial Unsealing of Records**

In its November 18 Order, this Court authorized the United States to re-urge its request to unseal the sentencing memorandum and attachments thereto by making "a more particularized showing," presumably by "point[ing] to authority justifying the unsealing of records on" the basis "that it is inhibited from using the relevant sealed documents to investigate the claims made in the Sentencing Memorandum." Doc. 191 at 2. The authority which this Court indicated the United States needed to present is found in *United States v. Pickard,* 733 F.3d 1297 (10th Cir. 2013). Specifically, the Tenth Circuit explained, "the sealing order prevents [the party seeking unsealing] from using such information" despite the fact that certain portions of the information was already public. *Id*. at 1305 n.7.

The United States asks this Court to partially unseal Mr. Maldonado-Passage's sentencing memorandum and its attachments so the government can investigate the veracity of the affidavits and other claims in the sentencing memorandum by questioning affiants and other potential sentencing witnesses with the sealed materials. Further, the United States requests partial unsealing so it may discuss the sentencing memorandum and attachments with former government counsel (now Judge) Amanda Maxfield Green.

Mr. Maldonado-Passage appears to have already provided at least one sealed attachment to the producers of Tiger King 2, who attempted to use it to question Jeff Lowe:



*Tiger King 2*: *Stark Raving Mad* at 39:11 (Netflix Nov. 17, 2021).  This Court should not allow Mr. Maldonado-Passage to serve as the gatekeeper to information that this Court has sealed at his request.  If, as it appears, Mr. Maldonado-Passage has permitted Netflix and the producers of Tiger King 2 to use an affidavit sealed by this Court, then the United States should have a similar ability to question fact witnesses and to confer with former government counsel about the contents of the sealed filing.

**II.  Mr. Maldonado-Passage's Reasons for Keeping These Documents Under Seal Are Undermined by the Public Actions of His Defense Team**

Moreover, Mr. Maldonado-Passage's reasons for keeping the attachments to the sentencing memorandum under seal are spurious.  He and his counsel have repeatedly used social media to show the affiants signing the affidavits that are now under seal, and they have selectively chosen which portions of those affidavits to be made public through their posts on social media:



John M. Phillips, Twitter (Oct. 21, 2021), https://twitter.com/JohnPhillips/status/

1451162470769479681?s=20 (last visited Nov. 18, 2021) (showing John Reinke signing an affidavit that is presumably the affidavit included in Mr. Maldonado-Passage's sentencing memorandum);



John M. Phillips, Twitter (October 20, 2021), https://twitter.com/JohnPhillips/status/1450787152074362883?s=20 (last visited Nov. 18, 2021) (showing James Garretson signing an affidavit that is presumably the affidavit included in the sentencing memorandum);



Joseph Maldonado-Passage, Twitter (Sept. 21, 2021), https://twitter.com/joe_exotic/status/1440324549103407112?s=20 (last accessed Nov. 18, 2021) (linking to a YouTube video published by the Law Offices of Phillips & Hunt of Allen Glover being read a

portion of his affidavit that is presumably the affidavit included in the sentencing memorandum). Because these documents are sealed at the request of Mr. Maldonado-Passage, this Court should not allow him to cherry pick what he wishes to disclose without allowing the United States to use the documents in their entirety when questioning potential witnesses, conducting its pre-sentencing investigation, and responding to his allegations against the prosecution team.

Mr. Maldonado-Passage also asked to keep these records under seal to avoid the potential that witnesses might be subjected "to potential physical attacks, threats, harassment, or retaliation." Doc. 190 at 3; *see also* Doc. 178 at 2 (originally asking this court to seal the documents "to protect the identity and security of witnesses who will be called at the sentencing hearing in this matter"). While such an argument might carry weight in certain circumstances, Mr. Maldonado-Passage's concern about the identity of the witnesses/affiants is undercut by postings of his attorney on social media:

> John M. Phillips ✓ @JohnPhillips · Sep 14
> to establish sentencing errors, government misconduct, ineffective assistance of counsel and new evidence in Joseph A Maldonado's case. We won't stop until he's free.
>
> This isn't just a weird tv show. It's examples of justice gone wrong. We work to fix it.
>
> ○ 1     ⟲ 1     ♡ 6

> John M. Phillips ✓ @JohnPhillips · Sep 14
> It was a proud day where a 30 second regional ad was seen worldwide and on nearly ever station and made her address questions and concerns.
>
> Now, we have assembled affidavits from Jeff Lowe, Lauren Lowe, James Garretson, Allen Glover and are meeting with John Reinke and others
>
> ○ 1     ⟲ 1     ♡ 7

John M. Phillips, Twitter (Sept. 14, 2021), https://twitter.com/JohnPhillips/status/ 1437972790863405070?s=20 (last accessed Nov. 18, 2021) (identifying all four affiants

whose affidavits are currently under seal);



John M. Phillips, Twitter (Sept. 18, 2021), https://twitter.com/JohnPhillips/status/ 1439210683338567684?s=20 (last accessed Nov. 18, 2021) (identifying all four affiants whose affidavits are currently under seal).  If Mr. Maldonado-Passage's counsel is willing to announce on social media the names of affiants and the nature of those affidavits, then his alleged concerns of harm from unsealing their affidavits are not compelling.

  Finally, Mr. Maldonado-Passage's cannot credibly claim that the subject matter of the sentencing memorandum and attachments "has not yet been made public" and that he wants it to "remain confidential until after the sentencing hearing."  Doc. 178 at 2.  Episode 5 of Tiger King 2 largely covered the subject matter of the sentencing memorandum and affidavits, which had not been made public.  It detailed the agreement between counsel for Mr. Maldonado-Passage and Jeff Lowe.  *See Tiger King 2: Stark Raving Mad* at 25:29–53 (Mr. Phillips: "My agreement with Jeff Lowe is:  Give me an affidavit, a sworn statement saying you lied about this murder-for-hire plot.  I need

unfettered access to the recordings, and I'm going to look for evidence to help your case as well. But if they indict you on charges related to the treatment of animals, you're looking at time in jail."). It detailed counsel for Mr. Maldonado-Passage having conversations and getting an affidavit from James Garretson. *See id.* at 28:10–29:21. It followed the interactions between Mr. Glover and counsel for Mr. Maldonado-Passage, and played portions of a recording between Mr. Glover and Mr. Maldonado-Passage. *See id.* at 31:26–38:09. Finally, it provided counsel for Mr. Maldonado-Passage the platform to summarize the theory he relied upon in the sealed documents. *See id.* at 38:10–39:05. Mr. Maldonado-Passage appears more concerned with protecting the exclusivity of his presentation on Tiger King 2 than keeping information confidential until after the sentencing hearing.

## Conclusion

The United States has an interest, recognized in *Pickard*, in using documents filed under seal by Mr. Maldonado-Passage to investigate the claims he has made—by confronting individuals with their own affidavits, with affidavits of other witnesses, and with other contents of the sealed sentencing memorandum, and by discussing that sealed sentencing memorandum and attachments with former government counsel on the case. Accordingly, to investigate and address the claims raised in Mr. Maldonado-Passage's sealed sentencing filing, the United States respectfully requests a partial unsealing of his sentencing memorandum and attachments (1) to potential witnesses when conducting

interviews about the sealed affidavits and other contents of the sentencing memorandum, and (2) to former government counsel (now Judge) Amanda Maxfield Green. [1]

Respectfully submitted,

ROBERT J. TROESTER
Acting United States Attorney

s/ *Charles W. Brown*
Assistant U.S. Attorney
Bar Number:  20168
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8700 (Office)
(405) 553-8888 (Fax)
charles.brown4@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on December 1, 2021, I electronically filed this motion with the clerk of court for the U.S. District Court, Western District of Oklahoma, using the electronic case filing system of the court.

s/ *Charles W. Brown*
Charles W. Brown
Assistant United States Attorney

---

[1] To the extent they are not already covered in the body of this renewed motion, the United States incorporates the arguments for unsealing raised in its original motion.  *See* Doc. 188.  The United States retains the position that Mr. Maldonado-Passage's sentencing memorandum should be unsealed for the public.  But, at a minimum, the United States asks the Court for partial unsealing, as described above.

8