# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18-227-SLP |
| v. ) | |
| ) | |
| JOSEPH MALDONADO-PASSAGE, ) | |
| a/k/a Joseph Allen Maldonado ) | |
| a/k/a Joseph Allen Schreibvogel ) | |
| a/k/a "Joe Exotic", ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION FOR RESENTENCING HEARING

COMES NOW Defendant, JOSEPH MALDONADO, by and through the undersigned counsel, and files this Motion for Resentencing Hearing and in support thereof states as follows:

1. On July 14, 2021, Mr. Maldonado's sentence was vacated by the Tenth Circuit Court of Appeals and remanded for further proceedings.

2. Unfortunately, on October 20, 2021, Mr. Maldonado was diagnosed with prostate cancer.

3. Recently, counsel for Mr. Maldonado reached out to the Court to inquire about resentencing dates.

4. On December 1, 2021, the Court responded by inquiring as to any medical reason the Defendant would be unavailable between January 18, 2022 and January 31, 2022 for resentencing.

5. The undersigned and Mr. Maldonado have repeatedly been put at a disadvantage regarding Mr. Maldonado's health and any treatment options. Despite a myriad of requests for medical records, we ultimately confirmed the diagnosis from the Department of Justice and not the Bureau of Prisons (hereinafter "BOP"). Then, in an email from December 9, 2021, the undersigned was informed by the prosecutor that Mr. Maldonado will need weekly radiation treatments for 7-8 weeks beginning in January.

6. Initially, Mr. Maldonado recognized that his medical providers have advised against traveling until completion of radiation treatment; however, Mr. Maldonado was also advised he could attend his sentencing before radiation without any adverse effect. In fact, given the stress of resentencing, his doctors advise that might be the best option.

7. Undergoing radiation was only one treatment option presented to him. It is an option he now declines based on the data and the records presented, including his Gleason Score, as well as Mr. Maldonado's underlying health conditions. In fact, Mr. Maldonado was given three options- "active surveillance of his prostate tumor, radiation or surgery." As such, the "recommendation" of radiation was

only one option. Further, Mr. Maldonado has had limited to no access to physicians since treatment options were presented to him.

8. Attempts at discussion of these recommendations and attempts at obtaining the records by the undersigned and Mr. Maldonado, himself have been met with obstinance.

9. On December 12, 2021, Mr. Phillips asked Mallory Brooks Storus, Attorney at the Butner Legal Center, for, "[m]edical records," stating, "Given the cancer, we just want to be up to date as possible. At FMC-FTW, there were times Joes found out about his medical records through us which we got from the AUSA. It was slow and unfortunate. We need to update the court and his family about his stage of cancer and prognosis."

10. Ms. Storus replied, "the medical records are another issue, and I will start by saying that an individual inmate is always free to request their own medical record at any time during their incarceration.  That inmate would then be free to send that medical record to his attorneys as he deems appropriate, however we cannot send them directly to you at Mr. Maldonado-Passage's request.  If you wish to obtain copies of his medical record you must make that request through the FOIA process, information for which can be found at https://www.bop.gov/foia/."

11. On December 2, 2021, Mr. Phillips asked, "We will get Joe to get us his records. Is there a process to speak with his doctors?"

12. Ms. Storus replied, "That is likely the best process, though FOIA requests are also processed as quickly as possible.  There is not a process for outside attorneys to speak with the medical providers for a particular inmate, as it is not permitted.  However, your client is always free to correspond with his providers if he has concerns about his medical care, or report to sick call if he feels as though he needs to be seen by our medical staff."

13. On the date of our meeting, Mr. Maldonado had an envelope of legal mail that was supposed to be sent to the undersigned's office since he could not give it to us directly.  As of today, we still have not received it. Furthermore, despite sending Mr. Maldonado mail specifically marked "Special Mail- Open only in the presence of the inmate" his mail is not being opened and reviewed in his presence. The BOP is mandating that it must marked "special mail" with a red stamp in order to be considered legal mail.  New rules, outside of the BOP Handbook, are being concocted to circumvent Mr. Maldonado meaningful contact with his attorneys.

14. Meanwhile, the U.S. Attorney's Office has provided a partial narrative to the Court: "the defendant has been transferred to Butner for treatment. The BOP has informed us that the defendant's treatment will consist of the following: one

injection of Lupron and weekly radiation treatments starting in January for 7-8 weeks. The **Clinical Director has further advised** that the defendant begins the radiation treatment, "he should not travel until that 7–8 week course of treatment is completed, as the treatments will need to be done on the same 'machine' and shouldn't be done by another facility (unless the other facility has the same equipment [they] have at Butner).  If the treatment is interrupted, it would need to be restarted.  Once the radiation treatments are done, then [the defendant] is fine to travel, as any other follow-up or regular care he receives could be done at another medical facility, as needed." (emphasis added).

15. Despite requests by Mr. Maldonado's own counsel, the U.S. Attorney's Office and the Clinical Director have greater access to Mr. Maldonado's protected health information, than the Defendant himself. Furthermore, any request for this information by his counsel has been ignored. There is a massive disconnect and prejudice.

16. After review of his records by outside physicians, Mr. Maldonado has elected to NOT undergo radiation treatment at this time and to elect active monitoring, an option offered to him.

17. Additionally, if Mr. Maldonado is released within the next 6-18 months, more advanced options are available to him without the disconnect and misinformation currently existing in the BOP.

18. Given the declination of radiation and the ability to postpone it pursuant to his own doctors, Mr. Maldonado does not want his resentencing hearing postponed any longer.

19. Postponing radiation treatment until after resentencing would not be detrimental to his health as it is unlikely to affect his prognosis or outcome. *See Exhibit 1- Affidavit of Dr. Drew Pinsky*. The undersigned also consulted with a urologist who is of the same opinion upon review of Mr. Maldonado's medical records.

20. The Sixth Amendment affords criminal defendants the right to a speedy trial. The Tenth Circuit holds that the constitutionally guaranteed right to a speedy trial also applies to sentencing. *Perez v. Sullivan*, 793 F. 2d 249 (10th Cir. 1986). Courts have applied the *Barker* factors in determining whether or not a defendant has been deprived of his right: the length of delay, the reason for delay, the defendant's assertion of his right, and prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514 (1972). In the context of unconstitutional delays before sentencing, the proper remedy is to vacate the sentence. *Juarez-Casares v. United States*, 496 F. 2d 190 (5th Cir. 1974).

21. Mr. Maldonado's sentence was vacated five months ago. Here, the prejudice is obvious. The delay has caused a detrimental impact on Mr. Maldonado's health and to delay it any further would cause additional undue

stress, ultimately putting his health at greater risk. Multiple witnesses have also passed away pending resentencing and there is little to no justification for the length of the delay.

22. In weighing the interest of his constitutional rights and his health care needs, Mr. Maldonado's constitutional rights take precedent. Mr. Maldonado is adamant that he is choosing to defer further cancer treatment until after sentencing and respectfully requests a date in January.

WHEREFORE, Mr. Maldonado respectfully requests that this Honorable Court enter an order setting the resentencing hearing between January 20, 2022 and January 31, 2022, request that he be transported to Oklahoma City pending resentencing, and any other relief this Court deems necessary and just.

Dated this 15th day of December, 2021.

Respectfully Submitted,

/s/ Amy M. Hanna
Amy M. Hanna
Florida Bar No.: 0120471
/s/ John M. Phillips
John M. Phillips
Florida Bar No.: 0477575
212 N. Laura Street
Jacksonville, FL 32202
(904) 444-4444
(904) 508-0683 (facsimile)
Attorneys for Defendant

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on December 15, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and a copy hereof has been furnished to those registered participants of the ECF system.

      /s/ Amy M. Hanna
Amy M. Hanna
Florida Bar No.: 0120471
/s/ John M. Phillips
John M. Phillips
Florida Bar No.:0477575
212 N. Laura Street
Jacksonville, FL 32202
(904) 444-4444
(904) 508-0683 (facsimile)
Attorneys for Defendant
amy@floridajustice.com
jphillips@floridajustice.com