## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 5:18-227-SLP |
| v. | ) | |
| | ) | |
| JOSEPH MALDONADO-PASSAGE, | ) | |
| a/k/a Joseph Allen Maldonado | ) | |
| a/k/a Joseph Allen Schreibvogel | ) | |
| a/k/a "Joe Exotic", | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR RECONSIDERATION OF ORDER

COMES NOW the Defendant, JOSEPH MALDONADO-PASSAGE, by and through undersigned counsel, and files this Motion for Reconsideration of Order and in support thereof states as follows:

On November 7, 2018, a federal grand jury returned a Superseding Indictment against Mr. Maldonado-Passage in Case No. 5:18-cr-227. Mr. Maldonado-Passage was charged with twenty-one counts, including nineteen counts of wildlife crimes in violation of the Endangered Species Act, 16 U.S.C. §§ 1531–1544, and the Lacey Act, 16 U.S.C. §§ 3371–3378, and two counts of using interstate facilities in the commission of a murder-for-hire plot, in violation of 18 U.S.C. § 1958(a)1 and § 2. These charges stemmed from an undercover sting operation by the USFWS and the FBI that began in September of 2017.

Mr. Maldonado-Passage's attorneys filed a number of pretrial motions, including a Motion to Dismiss Counts as Multiplicitous. (Doc. 39). This motion argued that Counts 1

and 2 of the Superseding Indictment charged a single violation of 18 U.S.C. §1958(a). This Court denied the motion, finding that "the two alleged plots grew out of a single investigation by law enforcement officials and had the same intended victim does not alter the alleged plots' individual natures." (Doc. 53, p. 10).

Mr. Maldonado-Passage went to trial and was convicted. A timely appeal followed. On July 14, 2021, the United States Court of Appeals for the Tenth Circuit issued an opinion which affirmed Mr. Maldonado-Passage's conviction but vacated the sentence and remanded for resentencing. The Tenth Circuit determined this Court should group Joseph Maldonado-Passage's two murder-for-hire convictions, finding that "his two murder-for-hire plots were similar, regular, and almost contemporaneous." *United States v. Maldonado-Passage*, 4 F.4th 1097, 1100 (10th Cir. 2021).

In light of the Tenth Circuit's ruling and in anticipation of his upcoming sentencing hearing, Mr. Maldonado-Passages asks this Court to reconsider its Order denying the Motion to Dismiss Counts as Multiplicitous. (Doc. 53). There are three (3) remedies for a multiplicitous indictment: (1) dismissal of the multiplicitous count(s) pretrial; (2) order the United States to elect which count to dismiss pretrial; or (3) allow the multiplicitous counts to proceed to trial and, in the event of conviction, merge the counts at sentencing. *See, e.g., U.S. v. Rosen*, 365 F. Supp.2d 1126, (C.D. Cal. 2005) (after finding an indictment multiplicitous, ordering the multiplicitous count to be dismissed); *U.S. v. McCall*, 2006 WL 1071771 at *2 (N.D. Iowa April 24, 2006) (after finding a gun indictment multiplicitous, ordering the United States to elect which count it wished to proceed on at trial); and *U.S. v. Johnson*, 2008 WL 2845639 (D. S.D. July 18, 2008) (after finding a gun

indictment multiplicitous, ordering that it would merge any convictions post- trial to avoid Double Jeopardy concerns). Here, Mr. Maldonado-Passage's two murder-for-hire convictions should be merged before he is re-sentenced on January 28, 2022.

The First and Sixth Circuits are the only circuits to have addressed this issue and both concluded that "'separate phone calls which relate to one plan to murder one individual constitute only one violation of 18 U.S.C. § 1958.'" *United States v. Gordon*, 875 F.3d 26, 35 (1st Cir. 2017) (quoting *United States v. Wynn*, 987 F.2d 354, 359 (6th Cir. 1993)). To hold otherwise creates an irrational result in light of the congressional intent behind the statute. Section 18 U.S.C. 1958(a) imposes a graduated punished scheme: a maximum of 10 years' imprisonment for a violation that does not result in personal injury, a maximum of 20 years' imprisonment for a violation that does result in personal injury, and a maximum of death or life imprisonment if a murder is committed. This sort of a graduated punishment scheme "conveys a clear indication of Congress' apparent belief that the greater the harm to the victim, the harsher the punishment should be for the offender." *United States v. Gordon*, 875 F.3d 26, 33 (1st Cir. 2017). In this case, assume Mr. Maldonado-Passage made a single call, arranged and paid for C.B.'s murder, and then never picked up the phone again. If his plot partially succeeded, and C.B. suffered personal injury (but not death) as a result, Maldonado-Passage would face a maximum sentence of 20 years. In this case, however, Mr. Maldonado-Passage's single plot to arrange for the murder of a single victim failed, but because he used two different hit men and made two different calls, he was indicted on two separate counts of murder-for-hire. But facing 20 years imprisonment for a plot that did not result in bodily injury creates an irrational result

"when considered in light of the evident purpose of the statute's sentencing scheme." *Id*.

Further, the two-murder-for-hire counts in this case were part of the same course of conduct and therefore, should merge before sentencing. The Tenth Circuit, in vacating Mr. Maldonado-Passage's sentence, found that his two murder-for-hire charges were connected by a "common criminal objective" under United States Sentencing Guideline (U.S.S.G.) §3D1.2(b). The Tenth Circuit also analyzed Mr. Maldonado-Passage's two murder-for-hire plots under a "course of conduct" framework pursuant to §1B1.3(a)(2), which requires consideration of the "degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." U.S.S.G. §1B1.3 cmt. n.5(B)(ii). The Tenth Circuit found that "Maldonado-Passage's two counts meet those factors—his two murder-for-hire plots were similar, regular, and almost contemporaneous." *United States v. Maldonado-Passage*, 4 F.4th 1097, 1100 (10th Cir. 2021).

"The test for multiplicity is whether the individual acts alleged in the counts at issue are prohibited, or the course of conduct which they constitute. If the former, then each act is punishable separately. If the latter, there can be but one penalty." *United States v. McCullough*, 457 F.3d 1150, 1162 (10th Cir. 2006) (quotation marks and citations omitted). Given the Tenth Circuit's appellate findings in this case, Mr. Maldonado-Passage's two murder-for-hire plots constituted the same course of conduct and therefore, there can only be one penalty. Mr. Maldonado-Passage can only be sentenced to a statutory maximum of ten years for both counts, not ten years on each count. To not merge the counts would violate Double Jeopardy.

WHEREFORE, the Defendant respectfully requests that the Court reconsider its previous order (Doc. 53), holding that Counts 1 and 2 of the Superseding Indictment are not multiplicitous.

Dated: This 23rd day of January, 2022.

Respectfully submitted:

/s/ Molly Parmer
Molly Parmer
GA Bar No.: 942501
1201 W. Peachtree Street NW
Suite 2300
Atlanta, GA 30309
/s/ Amy M. Hanna
Amy M. Hanna
Florida Bar No.: 0120471
/s/ John M. Phillips
John M. Phillips
Florida Bar No.:0477575
212 N. Laura Street
Jacksonville, FL 32202
Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 23, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and a copy hereof has been furnished to those registered participants of the ECF system.

/s/ Molly Parmer
Molly Parmer
GA Bar No.: 942501
1201 W. Peachtree Street NW
Suite 2300
Atlanta, GA 30309
/s/ Amy M. Hanna
Amy M. Hanna
Florida Bar No.: 0120471
/s/ John M. Phillips
John M. Phillips
Florida Bar No.:0477575
212 N. Laura Street
Jacksonville, FL 32202
Attorneys for Defendant
