IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>JOSEPH MALDONADO-PASSAGE, )<br>  a/k/a Joseph Allen Maldonado, )<br>  a/k/a Joseph Allen Schreibvogel, )<br>  a/k/a "Joe Exotic," )<br>)<br>Defendant. ) | No. CR-18-227-SLP |

**UNITED STATES' RESPONSE IN OPPOSITION TO MOTION FOR
RECONSIDERATION OF ORDER DENYING MOTION TO DISMISS**

On January 23, 2022, less than a week before resentencing and more than five-and-a-half months after this case was remanded for resentencing, Mr. Maldonado-Passage asks this Court to reconsider its January 9, 2019 order (Doc. 53) denying his motion to dismiss either Count One or Count Two on multiplicity grounds. Doc. 204. This Court should dismiss Mr. Maldonado-Passage's motion to reconsider for lack of jurisdiction because it exceeds the scope of the mandate that Tenth Circuit issued when it remanded this case. Alternatively, this Court should deny Mr. Maldonado-Passage's motion on the merits.

**I.   This Court lacks jurisdiction over Mr. Maldonado-Passage's motion to reconsider the denial of his motion to dismiss one of his counts of conviction.**

In its mandate remanding this case to this Court, the Tenth Circuit "affirm[ed] Maldonado-Passage's conviction[s] but vacate[d] the sentence[s] and remand[ed] for resentencing." *United States v. Maldonado-Passage*, 4 F.4th 1097, 1108 (10th Cir.

2021). That mandate requires this Court to correct the error giving rise to the reversal by grouping Counts One and Two under USSG § 3D1.2(b) for purposes of calculating the guidelines range and permits this Court to exercise its discretion to determine whether it will consider any other *sentencing* issues. *See United States v. Walker*, 918 F.3d 1134, 1143–44 (10th Cir. 2019). But, "[i]n the absence of non-waivable issues attacking the underlying conviction, remand on [a] sentencing question will not reopen for review the underlying convictions." *United States v. Brown*, 212 F. App'x 747, 752–53 (10th Cir. 2007) (citing *United States v. Gama-Bastidas*, 222 F.3d 779, 784 (10th Cir. 2000)); *United States v. Webb*, 98 F.3d 585, 589 (10th Cir. 1996) ("Our remand on the sentencing question did not reopen for review the underlying convictions.").

In his motion to reconsider, Mr. Maldonado-Passage challenges Counts One and Two on multiplicity grounds. Doc. 204 at 2–4. Multiplicity is a claim based on double jeopardy, *see United States v. Benoit*, 713 F.3d 1, 12 (10th Cir. 2013); *see also* Doc. 204 at 4 (claiming that denying his motion "would violation Double Jeopardy"), and double jeopardy claims are waivable, *see United States v. Mitchell*, 633 F.3d 997, 1001 (10th Cir. 2011) ("[A] criminal defendant may waive constitutional rights such as the right . . . against double jeopardy."). Because Mr. Maldonado-Passage's attack on his conviction based on multiplicity is waivable, this Court lacks jurisdiction to consider the issue on remand solely for purposes of resentencing. *See Webb*, 98 F.3d at 589; *see also Brown*, 212 F. App'x at 752–53. Thus, it should dismiss the motion to reconsider.

## II. Even if this Court had jurisdiction, Mr. Maldonado-Passage is not entitled to relief.

Even if this Court had jurisdiction to entertain Mr. Maldonado-Passage's motion to reconsider, it should deny it for two reasons. First, the motion fails to satisfy the stringent requirements for reconsideration. Second, even freed of those stringent requirements, the motion fails on the merits.

### A. Mr. Maldonado-Passage's motion does not raise a proper basis for reconsideration.

"A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the applicable law." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). "Specific grounds include, '(1) an intervening change in controlling law, (2) new evidence previously unavailable, and (3) the need to prevent clear error or correct manifest injustice.'" *Id.* (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Id.*

Mr. Maldonado-Passage's motion to reconsider meets none of these criteria. The sole basis for reconsideration that was previously unavailable is the Tenth Circuit's opinion in Mr. Maldonado-Passage's previous appeal. But Mr. Maldonado-Passage did not challenge this Court's denial of his motion to dismiss either Count One or Two on multiplicity grounds in that appeal, even though he had the ability to do so.[1] As a result,

---

[1] An opening brief on appeal may contain "not more than 13,000 words." Fed. R. App. P. 32(a)(7)(B)(i). Mr. Maldonado-Passage's opening brief contained only 2,173 words.

the Tenth Circuit had no occasion to opine on whether Counts One and Two created a multiplicity problem.

Because Mr. Maldonado-Passage's motion to reconsider does not satisfy the criteria for reconsideration, this Court should deny the motion if it finds that it has jurisdiction to consider the motion in the first place.

### B. Mr. Maldonado-Passage's motion fails on the merits.

"Multiplicity is the charging of a single offense in more than one count." *United States v. Esch*, 832 F.2d 531, 541 (10th Cir. 1987) (internal quotation marks omitted). Where counts arise "under the same statute[,] [t]he pertinent inquiry becomes defining the correct unit of prosecution." *Id.* In his original motion to dismiss, Mr. Maldonado-Passage advocated that "the unit of prosecution [for violating 18 U.S.C. § 1958(a)] is *a single plot to murder a single individual.*" Doc. 39 at 4 (emphasis added). This Court adopted a nearly identical definition of the unit of prosecution, defining it as "'one plan to murder one individual.'" Doc. 53 at 9 (quoting *United States v. Wynn*, 987 F.2d 354, 359 (6th Cir. 1993)). Thus, the question for multiplicity purposes is whether Counts One and Two involve the same plot or plan.

In denying Mr. Maldonado-Passage's motion to dismiss, this Court found that the Superseding Indictment alleged "two plans or plots." Doc. 53 at 10. The evidence bore

---

Appellant's Opening Brief, *United States v. Maldonado-Passage*, No. 20-6010, at 16 (10th Cir. Sept. 4, 2020). If Mr. Maldonado-Passage had wanted to challenge this Court's order on the motion to dismiss on multiplicity grounds, he had almost 11,000 words in which to do so.

this out: (1) the first plot was for Alan Glover to kill Carole Baskin, which began on or before November 6, 2017, Tr. at 438–39; (2) the second plot was for "Mr. Garretson's friend"—played by an undercover agent—to kill Ms. Baskin, which began on December 8, 2017, *id.* at 458–59. The Tenth Circuit also recognized that "[Mr.] Maldonado-Passage hired two different hitmen on two different occasions," *Maldonado-Passage*, 4 F.4th at 1104, subsequently describing them as "two murder-for-hire plots," *id.* at 1107. Even in his motion to reconsider, Mr. Maldonado-Passage acknowledges that the counts involved "two murder-for-hire plots." Doc. 204 at 4. Because the unit of prosecution for violating § 1958(a) is "plot-centric" and Counts One and Two involved two different plots to kill Ms. Baskin, Counts One and Two present a multiplicity problem.

In his motion to reconsider, Mr. Maldonado-Passage asks this Court to jettison the "plot-centric" unit of prosecution he advanced in his original motion and adopt a new rule that any counts that are part of the same course of conduct suffer from a multiplicity problem. *See* Doc. 204 at 4 ("Mr. Maldonado-Passage's two murder-for-hire plots constituted the same course of conduct and[,] therefore, there can only be one penalty."). But the change for which Mr. Maldonado-Passage now advocates is not supported by the law. *Cf. United States v. Barrett*, 496 F.3d 1079, 1095–96 (10th Cir. 2007) (holding that three counts were not multiplicious despite the fact that the first two counts were based on the defendants "single, continuous use of a firearm" during the "commission of several underlying offenses" and two other counts were "based on the same general act of using a firearm to intentionally kill a state law enforcement officer"); *United States v.*

*Fleming*, 19 F.3d 1325, 1330 (10th Cir. 1994) (holding convictions were not multiplicitous when they "involved separate agreements to perform separate acts to violate the same law").  Instead, they key has been and remains what is the allowable unit of prosecution.

Because the unit of prosecution for a violation of 18 U.S.C. § 1958(a) is the plot to kill a single person and Mr. Maldonado-Passage was convicted of two different plots, Counts 1 and 2 are not multiplicitous.  As a result, this Court properly denied Mr. Maldonado-Passage's motion to dismiss in its January 9, 2019 order.

## Conclusion

This Court should dismiss for lack of jurisdiction Mr. Maldonado-Passage's eleventh-hour attempt to resurrect an issue that this Court decided three years ago, that Mr. Maldonado-Passage did not challenge on appeal, and that is not contained within the resentencing mandate issued by the Tenth Circuit. But if it finds jurisdiction, it should deny the motion because Mr. Maldonado-Passage provides no basis for reconsideration and his arguments are legally flawed.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney

s/ Steven W. Creager
STEVEN W. CREAGER
Bar Number:  30052 (OK)
CHARLES W. BROWN
MATT DILLON
Assistant U.S. Attorneys
210 W. Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8700 (office)
(405) 553-8888 (fax)
steven.w.creager@usdoj.gov

## Certificate of Service

This is to certify that on January 24, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel of record.

s/ Steven W. Creager
Assistant U.S. Attorney