## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 5:18-227-SLP |
| v. | ) | |
| | ) | |
| JOSEPH MALDONADO-PASSAGE, | ) | |
| a/k/a Joseph Allen Maldonado | ) | |
| a/k/a Joseph Allen Schreibvogel | ) | |
| a/k/a "Joe Exotic", | ) | |
| | ) | |
| Defendant. | ) | |

## REPLY TO GOVERNMENT'S RESPONSE

COMES NOW the Defendant, JOSEPH MALDONADO-PASSAGE, by and through undersigned counsel, and files this reply to the government's response to his Motion for Reconsideration. (Docs. 205, 204).

Mr. Maldonado-Passage's motion addresses a sentencing issue. His sentence has been vacated and he is scheduled to be re-sentenced by this Court. The government cites *United States v. Mitchell*, 633 F.3d 997, 1001 (10th Cir. 2011) for the principle that a criminal defendant may waive fundamental procedural and substantive rights, but that case addressed a knowing, voluntary waiver in a signed plea agreement. Here, Mr. Maldonado-Passage's attorneys filed a motion to dismiss based on multiplicity of counts and the motion was denied. Mr. Maldonado-Passage went to trial and was convicted and sentenced. His sentence was vacated on appeal with a decision that directly addresses the issues in his previously filed motion (Doc. 39) and this Court's order (Doc. 53). He now faces re-

sentencing and "[t]he threat of multiple sentences for the same offense raises double jeopardy implications." *U.S. v. Johnson*, 130 F.3d 1420, 1424 (10th Cir. 1997). This Court, having denied the dismissal of counts, has jurisdiction to consider the implications of sentencing on those counts. Multiplicitous charges do not require the dismissal of the indictment. *See id.*; 1A Charles Alan Wright, Federal Practice and Procedure § 142 (stating that "multiplicity [is] not fatal to an indictment"). But this Court, when tasked with sentencing a defendant, can and should take steps to ensure that a sentence does not violate double jeopardy.

Mr. Maldonado-Passage's motion does not advance new arguments; it revisits a previous ruling that is inconsistent with the Tenth Circuit's holding. On July 14, 2021, this case was "remanded to the United States District Court for the Western District of Oklahoma for further proceedings in accordance with the opinion of [the Tenth Circuit] court." (Doc. 161). The opinion addressed the government's argument that "the district court determined as a fact that Maldonado-Passage had engaged in two distinctly separate 'courses of conduct.'" *United States v. Maldonado-Passage*, 4 F.4th 1097, 1105 (10th Cir. 2021). The opinion noted that "measuring 'course of conduct' requires consideration of the 'degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses'" and found that "Maldonado-Passage's two counts meet those factors." *Id.*, citing U.S.S.G. §1B1.3 cmt n.5 (B)(ii). In denying Maldonado-Passage's motion for dismissal, this Court cited *United States v. McCullough*, 457 F.3d 1150 (10th Cir. 2006) for the proposition that the individual acts alleged in the indictment are part of the same course of conduct, there can only be one penalty. Because Mr.

Maldonado-Passage is being resentenced for individual acts that have been determined by the appellate court as being part of the same course of conduct, he must face one penalty for Counts 1 and 2. This Court also cited *United States v. Gordon*, 875 F.3d 26 (1st Cir. 2017) in regards to the proper unit of prosecution for a violation of 18 U.S.C. §1958(a). *Gordon* involved multiple hitmen and multiple schemes to murder one individual. And in that case, the First Circuit found that the five counts of 18 U.S.C. §1958(a) were multiplicitous and the defendant could only be sentenced to a statutory maximum of 120 months.

This issue is appropriately before this Court, given that Mr. Maldonado-Passage is set to be re-sentenced this week. "Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." *United States v. Christy*, 739 F.3d 534 (10th Cir. 2014). "A district court should have the opportunity to correct alleged errors in its dispositions." *Id*. citing *United States v. Dieter*, 429 U.S. 6, 8 (1976). Because this Court's previous ruling was based on a misapprehension of the applicable law, which has been further clarified by the Tenth Circuit's decision, Mr. Maldonado-Passage's Motion for Reconsideration should be granted.

WHEREFORE, the Defendant respectfully requests that the Court reconsider its previous order (Doc. 53), holding that Counts 1 and 2 of the Superseding Indictment are not multiplicitous.

Dated: This 25th day of January, 2022.

                                        Respectfully submitted:


                                        /s/ Molly Parmer
                                        Molly Parmer
                                        GA Bar No.: 942501
                                        1201 W. Peachtree Street NW
                                        Suite 2300
                                        Atlanta, GA 30309
                                        /s/ Amy M. Hanna
                                        Amy M. Hanna
                                        Florida Bar No.: 0120471
                                        /s/ John M. Phillips
                                        John M. Phillips
                                        Florida Bar No.:0477575
                                        212 N. Laura Street
                                        Jacksonville, FL 32202
                                        Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 25, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and a copy hereof has been furnished to those registered participants of the ECF system.

/s/ Molly Parmer
Molly Parmer
GA Bar No.: 942501
1201 W. Peachtree Street NW
Suite 2300
Atlanta, GA 30309
/s/ Amy M. Hanna
Amy M. Hanna
Florida Bar No.: 0120471
/s/ John M. Phillips
John M. Phillips
Florida Bar No.:0477575
212 N. Laura Street
Jacksonville, FL 32202
Attorneys for Defendant