# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOSEPH MALDONADO-PASSAGE, )<br>)<br>Defendant. ) | Case No. CR-18-227-SLP |

## **O R D E R**

Before the Court is the Motion for Reconsideration of Order filed by Defendant Joseph Maldonado-Passage [Doc. No. 204]. It is at issue. *See* United States' Resp. [Doc. No. 205]; Reply [Doc. No. 206].

Defendant's Motion arises in a unique posture. On July 14, 2021, the Tenth Circuit affirmed Defendant's conviction but vacated the sentence and remanded the matter for resentencing. *See United States v. Maldonado-Passage*, 4 F.4th 1097 (10th Cir. 2021). Defendant's resentencing is set for January 28, 2022.

On January 23, 2022, just five days before Defendant's resentencing, Defendant filed the pending Motion. He belatedly seeks reconsideration of a *pretrial* Order [Doc. No. 53] denying Defendant's Motion to Dismiss Counts as Multiplicitous [Doc. No. 39].

Counts 1 and 2 of the Superseding Indictment charged Defendant with using interstate facilities in the commission of a murder-for-hire plot, in violation of 18 U.S.C. § 1958(a). The Court previously found these counts were not multiplicitous. *See* Order [Doc. No. 53] at 9-10.

These same counts are the subject of the Tenth Circuit's sentencing remand. Specifically, the Tenth Circuit found a remand was necessitated by this Court's failure to group the two counts under § 3D1.2(b) of the Sentencing Guidelines. *Maldonado-Passage*, 4 F.4th at 1108.

Defendant asserts that the Tenth Circuit's sentencing remand compels reconsideration of the Court's pretrial ruling denying dismissal of these counts as multiplicitous. Defendant argues that his "two murder-for-hire convictions should be merged before he is re-sentenced[.]" Mot. 3. According to Defendant, failing to merge these counts "would violate Double Jeopardy." *Id*. at 4.

As an initial matter, the Court questions the timeliness of Defendant's Motion—challenging an order entered more than three years ago. *See, e.g., United States v. Fish*, No. 21-7044, 2022 WL 54432, at *1 (10th Cir. Jan. 6, 2022) (recognizing "serious problems that would inhere in allowing an unlimited time period" for filing motions to reconsider).[1] Moreover, Defendant has not demonstrated the propriety of addressing a challenge to his conviction on resentencing. *See United States v. Gama-Bastidas*, 222 F.3d 779, 784 (10th Cir. 2000) (discussing the law of the case doctrine and mandate rule); *see also United States v. Frierson*, 698 F.3d 1267, 1269-70 (10th Cir. 2012) (remedy for conviction on multiplicitous charges is vacation of the *conviction*); *United States v. Burke*, 281 F. App'x 556, 557 (7th Cir. 2008) (rejecting the defendant's double jeopardy argument

---

[1] In this regard, more than six months have elapsed since the Tenth Circuit remanded this matter for resentencing. Defendant offers no reason why he waited until the week of his sentencing to raise this issue.

as outside of the scope of the court's previous mandate remanding the case for resentencing).[2]

Even if it were proper to entertain Defendant's Motion, Defendant has not shown grounds for reconsideration. A district court may grant a motion to reconsider when it has "misapprehended the facts, a party's position, or the law." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Specific grounds for reconsideration include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete*, 204 F.3d at 1012. Motions to reconsider "should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Christy*, 739 F.3d at 539.

Defendant's Motion argues that this Court's January 9, 2019 Order reflects a "misapprehension of the applicable law," further "clarified" by the Tenth Circuit's subsequent decision in this case. *See* Reply 3. As set forth, however, the Tenth Circuit did not address multiplicity, but rather a sentencing error under § 3D1.2(b) of the Guidelines. Defendant fails to establish that the Court misapprehended the law regarding multiplicity. Nor has Defendant demonstrated an intervening change in the applicable law or any other grounds to warrant reconsideration. Accordingly, the Court declines to reconsider its January 9, 2019 Order.

---

[2] While "[n]either law of the case nor the mandate rule is jurisdictional," *Gama-Bastidas*, 222 F.3d at 784, they are "discretion-guiding rules." *United States v. Tisdale*, 59 F. App'x 295, 296 (10th Cir. 2003).

IT IS THEREFORE ORDERED that Defendant's Motion for Reconsideration of Order [Doc. No. 204] is DENIED.

IT IS SO ORDERED this 27th day of January, 2022.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE