AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA <br> **v.** <br> JOSEPH MALDONADO-PASSAGE <br> a/k/a Joseph Allen Maldonado, a/k/a Joseph Allen Schreibvogel, a/k/a Joe Exotic <br><br> **Date of Original Judgment:** January 22, 2020 <br> *(Or Date of Last Amended Judgment)* | **AMENDED JUDGMENT IN A CRIMINAL CASE** <br><br> Case Number: CR-18-00227-001-SLP <br> USM Number: 26154-017 <br> Molly Hiland Parmer, Amy M. Hanna, John M. Phillips, and J. Blake Patton <br> Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☒ was found guilty on count(s)   1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 15, 16, 17, 18, 19, 20, and 21 of the Superseding Indictment.
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 1952(a) and 18 U.S.C. § 2 | Use of interstate commerce facilities in the commission of a murder for hire | Nov. 2017 | 1 |
| 18 U.S.C. § 1952(a) and 18 U.S.C. § 2. | Use of interstate commerce facilities in the commission of a murder for hire | March 2018 | 2 |

The defendant is sentenced as provided in pages 2 through ___9___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)   13 and 14 of the Superseding Indictment were previously dismissed on motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 28, 2022
Date of Imposition of Judgment

*/s/ Scott L. Palk/*
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

January 31, 2022
Date Signed

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 1A

Judgment—Page 2 of 9

DEFENDANT: Joseph Maldonado-Passage, a/k/a Joseph Allen Maldonado, a/k/a Joseph Allen Schreibvogel, a/k/a Joe Exotic
CASE NUMBER: CR-18-00227-001-SLP

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 16 U.S.C § 1538(a)(1)(B), 16 U.S.C. § 1540(b)(1), and 18 U.S.C. § 2 | Violation of the Endangered Species Act, aiding and abetting | Oct. 2017 | 3 |
| 16 U.S.C § 1538(a)(1)(B), 16 U.S.C. § 1540(b)(1), and 18 U.S.C. § 2 | Violation of the Endangered Species Act, aiding and abetting | Oct. 2017 | 4 |
| 16 U.S.C § 1538(a)(1)(B), 16 U.S.C. § 1540(b)(1), and 18 U.S.C. § 2 | Violation of the Endangered Species Act, aiding and abetting | Oct. 2017 | 5 |
| 16 U.S.C § 1538(a)(1)(B), 16 U.S.C. § 1540(b)(1), and 18 U.S.C. § 2 | Violation of the Endangered Species Act, aiding and abetting | Oct. 2017 | 6 |
| 16 U.S.C § 1538(a)(1)(B), 16 U.S.C. § 1540(b)(1), and 18 U.S.C. § 2 | Violation of the Endangered Species Act, aiding and abetting | Oct. 2017 | 7 |
| 16 U.S.C. §1538(a)(1)(F) and 16 U.S.C. § 1540(b)(1) | Violation of the Endangered Species Act, aiding and abetting | 10/30/2017 | 8 |
| 16 U.S.C. §1538(a)(1)(F) and 16 U.S.C. § 1540(b)(1) | Violation of the Endangered Species Act, aiding and abetting | 11/16/2016 | 9 |
| 16 U.S.C. §1538(a)(1)(F) and 16 U.S.C. § 1540(b)(1) | Violation of the Endangered Species Act, aiding and abetting | 02/03/2018 | 10 |
| 16 U.S.C. §1538(a)(1)(F) and 16 U.S.C. § 1540(b)(1) | Violation of the Endangered Species Act, aiding and abetting | 03/06/2018 | 11 |
| 16 U.S.C. § 3372(d)(2), 16 U.S.C. § 3373(d)(3)(A)(ii) and 18 U.S.C. § 2 | Violation of the Lacey Act: False labeling of wildlife | 11/16/2016 | 12 |
| 16 U.S.C. § 3372(d)(2), 16 U.S.C. § 3373(d)(3)(A)(ii) and 18 U.S.C. § 2 | Violation of the Lacey Act: False labeling of wildlife | 06/11/2017 | 15 |

AO 245B (Rev. 09/19)         Judgment in a Criminal Case
Sheet 1B

Judgment—Page  3  of  9

DEFENDANT: Joseph Maldonado-Passage, a/k/a Joseph Allen Maldonado, a/k/a Joseph Allen Schreibvogel, a/k/a Joe Exotic
CASE NUMBER: CR-18-00227-001-SLP

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 16 U.S.C. § 3372(d)(2), 16 U.S.C. § 3373(d)(3)(A)(ii) and 18 U.S.C. § 2 | Violation of the Lacey Act: False labeling of wildlife | 02/03/2018 | 16 |
| 16 U.S.C. § 3372(d)(2), 16 U.S.C. § 3373(d)(3)(A)(ii) and 18 U.S.C. § 2 | Violation of the Lacey Act: False labeling of wildlife | 03/06/2018 | 17 |
| 16 U.S.C. § 3372(d)(2), 16 U.S.C. § 3373(d)(3)(A)(ii) and 18 U.S.C. § 2 | Violation of the Lacey Act: False labeling of wildlife | 06/12/2018 | 18 |
| 16 U.S.C. § 3372(d)(2), 16 U.S.C. § 3373(d)(3)(A)(ii) and 18 U.S.C. § 2 | Violation of the Lacey Act: False labeling of wildlife | 06/13/2018 | 19 |
| 16 U.S.C. § 3372(d)(2), 16 U.S.C. § 3373(d)(3)(A) 18 U.S.C. § 2 | Violation of the Lacey Act: False labeling of wildlife | 06/18/2018 | 20 |
| 16 U.S.C. § 3372(d)(2), 16 U.S.C. § 3373(d)(3)(A)(ii) and 18 U.S.C. § 2 | Violation of the Lacey Act: False labeling of wildlife | 09/29/2017 | 21 |

AO 245C (Rev. 09/19)  Amended Judgment in a Criminal Case
                 Sheet 2 — Imprisonment

Judgment — Page  4  of  9

DEFENDANT: Joseph Maldonado-Passage, a/k/a Joseph Allen Maldonado, a/k/a Joseph Allen Schreibvogel, a/k/a Joe Exotic
CASE NUMBER: CR-18-00227-001-SLP

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
**252 months. This consists of 102 months on Ct. 1; 102 months on Ct. 2, to run consecutively to Ct. 1; 12 months on each of Cts. 3-11, to run concurrently with each other and with Ct. 1; and 48 months on each of Cts. 12 and 15-21, to run concurrently with each other but consecutively to Cts. 1 and 2.**

☒ The court makes the following recommendations to the Bureau of Prisons:
It is recommended the defendant participate in the Federal Bureau of Prisons Inmate Financial Responsibility Program at a rate determined by Bureau of Prisons staff in accordance with the program.

It is recommended that the defendant, if eligible, be designated to FMC Butner for medical treatment, and to FMC Ft. Worth upon completion of treatment at FMC Butner.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ on _____ .
    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on _____ .
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

_____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____

DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/19)  Amended Judgment in a Criminal Case
     Sheet 3 — Supervised Release

Judgment—Page 5 of 9

DEFENDANT: Joseph Maldonado-Passage, a/k/a Joseph Allen Maldonado, a/k/a Joseph Allen Schreibvogel, a/k/a Joe Exotic
CASE NUMBER: CR-18-00227-001-SLP

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :
3 years on each of Cts. 1, 2, 12, and 15-21, and 1 year on each of Cts. 3-11.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight (8) drug tests per month.
   - [ ] The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. [ ] You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. [x] You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. [ ] You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. [ ] You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C (Rev. 09/19)   Amended Judgment in a Criminal Case
                      Sheet 3A — Supervised Release

Judgment—Page __6__ of __9__

DEFENDANT: Joseph Maldonado-Passage, a/k/a Joseph Allen Maldonado, a/k/a Joseph Allen Schreibvogel, a/k/a Joe Exotic
CASE NUMBER: CR-18-00227-001-SLP

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. Stricken.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245C (Rev. 09/19)   Amended Judgment in a Criminal Case
                    Sheet 3D — Supervised Release

Judgment—Page   7   of   9  

DEFENDANT:    Joseph Maldonado-Passage, a/k/a Joseph Allen Maldonado, a/k/a Joseph Allen Schreibvogel, a/k/a Joe Exotic
CASE NUMBER:    CR-18-00227-001-SLP

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a program of mental health aftercare at the direction of the probation officer. The court may order that the defendant contribute to the cost of services rendered (copayment) in an amount to be determined by the probation officer based on the defendant's ability to pay.

The defendant shall participate in a program of substance abuse aftercare at the direction of the probation officer to include urine, breath, or sweat patch testing; and outpatient treatment. The defendant shall totally abstain from the use of alcohol and other intoxicants both during and after completion of any treatment program. The defendant shall not frequent bars, clubs, or other establishments where alcohol is the main business. The court may order that the defendant contribute to the cost of services rendered (copayment) in an amount to be determined by the probation officer based on the defendant's ability to pay.

The defendant must submit to a search of his person, property, electronic devices or any automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of determining possession, or evidence of possession, of controlled substances, firearms or other prohibited weapons, animals protected by the Endangered Species Act, prohibited wildlife species as defined by the Lacey Act, and/or evidence of contact with or threats toward Carole Baskin or any other representative of Big Cat Rescue, at the direction of the probation officer upon reasonable suspicion. Further, the defendant must inform any residents that the premises may be subject to a search.

The defendant shall have no contact with Carole Baskin. The defendant is prohibited from making any threats regarding the person or property of Carole Baskin.

The defendant shall not possess any species of animal listed as endangered or threatened under the Endangered Species Act or any prohibited wildlife species as defined by the Lacey Act. In addition to this prohibition on possession, the defendant shall not engage in the sale, transport, or other transfer of such animals or their hides or other body parts.

AO 245C (Rev. 09/19)  Amended Judgment in a Criminal Case
    Sheet 5 — Criminal Monetary Penalties                                (NOTE: Identify Changes with Asterisks (*))

Judgment — Page __8__ of __9__

DEFENDANT: Joseph Maldonado-Passage, a/k/a Joseph Allen Maldonado, a/k/a Joseph Allen Schreibvogel, a/k/a Joe Exotic
CASE NUMBER: CR-18-00227-001-SLP

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $ 1,225.00 | $ | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*****  | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

**TOTALS**      $ _____      $ _____

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for   ☐ fine   ☐ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
    Sheet 6 — Schedule of Payments     (NOTE: Identify Changes with Asterisks (*))

Judgment — Page __9__ of __9__

DEFENDANT:   Joseph Maldonado-Passage, a/k/a Joseph Allen Maldonado, a/k/a Joseph Allen Schreibvogel, a/k/a Joe Exotic
CASE NUMBER:   CR-18-00227-001-SLP

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**   ☒ Lump sum payment of $ __1,225.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B**   ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**   ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   ☐ Special instructions regarding the payment of criminal monetary penalties:

If restitution is not paid immediately, the defendant shall make payments of 10% of the defendant's quarterly earnings during the term of imprisonment.

After release from confinement, if restitution is not paid immediately, the defendant shall make payments of the greater of $ ___ per month or 10% of defendant's gross monthly income, as directed by the probation officer. Payments are to commence not later than 30 days after release from confinement.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be paid through the United States Court Clerk for the Western District of Oklahoma, 200 N.W. 4th Street, Room 1210, Oklahoma City, Oklahoma 73102.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate. |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:
  All right, title and interest in the assets listed in the Preliminary Order of Forfeiture dated _____ (Doc. No. ____).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO 245C (Rev. 09/19) Criminal Judgment  
Sheet 8 — Reason for Amendment

Not for Public Disclosure

DEFENDANT: Joseph Maldonado-Passage, a/k/a Joseph Allen Maldonado, a/k/a Joseph Allen Schreibvogel, a/k/a Joe Exotic
CASE NUMBER: CR-18-00227-001-SLP
DISTRICT: Western District of Oklahoma

## REASON FOR AMENDMENT
**(Not for Public Disclosure)**

**REASON FOR AMENDMENT:**

- [x] Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- [ ] Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- [ ] Correction of Sentence by Sentencing Court (Fed. R.Crim. P. 35(a))
- [ ] Correction of Sentence for Clerical Mistake (Fed. R.Crim. P. 36)

- [ ] Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))
- [ ] Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- [ ] Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- [ ] Direct Motion to District Court Pursuant to
  - [ ] 28 U.S.C. § 2255 or
  - [ ] 18 U.S.C. § 3559(c)(7)
- [ ] Modification of Restitution Order (18 U.S.C. § 3664)