# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18-227-SLP |
| v. ) | |
| ) | |
| JOSEPH MALDONADO-PASSAGE, ) | |
| a/k/a Joseph Allen Maldonado ) | |
| a/k/a Joseph Allen Schreibvogel ) | |
| a/k/a "Joe Exotic", ) | |
| ) | |
| Defendant. ) | |

**REPLY TO THE UNITED STATES RESPONSE TO DEFENDANT'S SECOND MOTION FOR LEAVE TO FILE AN OVERSIZED BRIEF**

Defendant, JOSEPH MALDONADO, by and through the undersigned counsel respectfully files this reply to the United States Response to Defendant's Second Motion for Leave to File an Oversized Brief and in support thereof states the following:

1. Mr. Maldonado has been denied justice by the government at every turn. Now, the Court seeks to consider the opinions of the government as to the length of Mr. Maldonado's Motion for New Trial. These are the very same individuals who intentionally engaged in grave violations of Maldonado's constitutional due process rights during the criminal investigation and trial. This Court should consider the merits of Maldonado's Motion and not the opinions of the government.

2. The government's arguments are completely without merit. This is not a death penalty case where a defendant is attempting to argue the constitutionality of the statute. Here, Mr. Maldonado is seeking relief of a new trial based on newly discovered

evidence and violations of his constitutional rights. There is no legal authority, statute, case law or otherwise to support a denial.

3. While there is no legal authority to support the leave requested, which is simply to file a brief in excess of the page limit, Mr. Maldonado has a high burden to meet in order to prevail on his Motion for New Trial. This Court is aware of such.

4. "In considering the motion the court presumes the verdict is valid, and the defendant bears the burden of demonstrating that a new trial is warranted." *United States v. Loya-Ramirez*, No. 15-cr-00272-REB-13, 2018 U.S. Dist. LEXIS 232541 (D. Colo. Feb. 23, 2018); *see also United States v.* Herrera, 481 F. 3d 1266, 1269-70 (10th Cir. 2007) "A motion for new trial is not regarded with favor and is only issued with great caution." Therefore, it is incumbent that Mr. Maldonado demonstrate the new trial is warranted. To this end, nothing should be left out or abbreviated or not fully addressed.

5. The undersigned cannot control the amount of new evidence turned over or the number of constitutional violations that occurred at the hands of the government in this case. The evidence is overwhelming and each piece of evidence has many constitutional issues, not simply one. Additionally, new evidence continues to be discovered each week.

6. The government complains that Mr. Maldonado did not turn over evidence until recently. This argument is also without merit. Counsel for Mr. Maldonado put the government on notice of potential issues beginning with the Defendant's Sentencing Memorandum and ending with the Defendant's Motion for New Trial. Beginning in September of 2021, counsel for Mr. Maldonado has provided the government with emails, transcripts, photographs, recordings, and text messages all exposing the outrageous

behavior of agents for the government. Further, it is the government who has the prosecutorial obligation to provide all exculpatory and impeachment material to the defense. However, in this case, the government failed to do so; the government remained silent; and the government ignored emails from counsel for Mr. Maldonado despite their numerous inquiries into the *Brady* violations that have occurred.

7. There is absolutely no prejudice to the government for filing a brief in excess of the page limit, but rather extreme prejudice to Mr. Maldonado for being denied the ability to outline his constitutional violations with the level of specificity that the law requires. Anything less is troubling.

8. In fact, the full brief will assist the Court in understanding the facts and issues at hand in preparation for an evidentiary hearing. Mr. Maldonado has no objection to allowing the government to file a response with a similar page limit. In fact, Mr. Maldonado invites the government to respond and encourages the government to specifically address the actions and behavior exposed in this case.

WHEREFORE, Defendant requests that this Honorable Court enter an Order Granting Defendant's Supplemental Motion for Leave to File an Oversized Brief and any other relief this Court deems necessary and just.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 23, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and a copy hereof has been furnished to those registered participants of the ECF system.

*/s/ Amy M. Hanna*
Amy M. Hanna
Florida Bar No.: 0120471
*/s/ John M. Phillips*
John M. Phillips
Florida Bar No.:0477575
212 N. Laura Street
Jacksonville, FL 32202
(904) 444-4444
(904) 508-0683 (facsimile)
Attorneys for Defendant
amy@floridajustice.com
jphillips@floridajustice.com